UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

[Electronically Filed on 07/10/2015)]

DAVID ERMOLD and DAVID MOORE                              PLAINTIFFS

V.

KIM DAVIS, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS ROWAN COUNTY CLERK          DEFENDANTS
            SERVE:       Kim Davis
                         600 West Main Street Room 102
                         Morehead, Kentucky  40351

---

## COMPLAINT WITH JURY DEMAND

---

Come the Plaintiffs, David Ermold and David Moore, by counsel, and for their claims herein, state as follows:

### JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this matter through 28 U.S.C. §1331 and 28 U.S.C. §1343(3).

2.  Venue lies in the U.S. Eastern District of Kentucky, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3.  Plaintiff David Ermold is a resident of Rowan County, Kentucky.

4.  Plaintiff David Moore is a resident of Rowan County, Kentucky.

5.  The Defendant, Kim Davis, is, and at all times relevant was, the duly elected Rowan County Clerk and a resident of Rowan County, Kentucky.  Defendant Davis in her

official capacity is responsible for issuing marriage licenses and recording all marriages

certificates.

## FACTS COMMON TO ALL COUNTS

6. Plaintiffs have been in a committed romantic relationship for 17 years.

7. The Plaintiffs have resided in Rowan County, Kentucky for the past 10 years.

8. The Plaintiffs jointly own property, vote, and pay taxes in Rowan County.

9. The Plaintiffs are over the age of eighteen, unrelated by blood, not married to another

   person, and not otherwise disqualified from marrying one another under the law.

10. KRS 402.080 requires marriage licenses to be issues prior to marriages.

11. Kentucky Governor Steve Beshear directed all County Clerks to recognize same sex

    marriages effective June 26, 2015, following the United States Supreme Court decision in

    *Obergefell, et al. v. Hodges, et al.*, 576 U.S. __ (2015).  See Exhibit A.

12. Defendants publicly announced a policy to deny same sex marriage licenses following

    the Governor Beshear's directives and the decision of the United States Supreme Court.

13. On July 6, 2015, Plaintiffs entered into the Rowan County Clerk's office to apply for a

    marriage license from the Rowan County Clerk.

14. As a same sex couple, Plaintiffs were only recently afforded this legal status despite their

    17 year relationship.

15. While waiting in line, the Plaintiffs were humiliated and called "the face of ignorance" by

    local supporters of Defendants' lawlessness.

16. Defendants' deputy clerks advised Plaintiffs of the Defendants' policy to deny their

    application for a marriage license because of Defendants' "Christian right" not to issue a

    marriage license and her deeply held Christian beliefs.

17. Defendants denied their application for a marriage license.

18. Defendant Davis explained that the denial of the marriage license was based upon her understanding of Adam, Eve, and the origins of man as set forth in the Old Testament.

19. As a result of Defendant Davis's actions, Plaintiffs significant damages, including emotional damage, humiliation, economic damages, and other compensatory damages.

## CLAIM FOR RELIEF

**Deprivation of Plaintiffs' Fundamental Right to Marry - 42 U.S.C. § 1983**

20. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

21. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

22. Plaintiffs in this action are citizens of the United States and the Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

23. The individual Defendant to this claim, at all times relevant hereto, was acting under the color of state law and her acts or omissions were conducted within the scope of her official duties or employment.

24. "Marriage is one of the 'basic civil rights of man,' fundamental to our very existence and survival." *Loving v. Virginia*, 388 U.S. 1, 12 (1967).

3

25. "It is well established that the right to marry is a fundamental right protected by the Due Process Clause of the Fourteenth Amendment." *Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1134 (6th Cir. 1995).

26. Plaintiffs have an established constitutional right to marry each other as a same sex couple. *See Obergefell, et al. v. Hodges, et al.*, 576 U.S. __ (2015).

27. "The freedom secured by the Constitution consists, in one of its essential dimensions, of the right of the individual not to be injured by the unlawful exercise of governmental power.  Thus, when the rights of persons are violated, the Constitution requires redress by the courts, notwithstanding the more general value of democratic decisionmaking." *Obergefell* at *20 (internal citations omitted).

28. "The dynamic of our constitutional system is that individuals need not await legislative action before asserting a fundamental right. The Nation's courts are open to injured individuals who come to them to vindicate their own direct, personal stake in our basic charter. An individual can invoke a right to constitutional protection when he or she is harmed, even if the broader public disagrees and even if the legislature refuses to act." *Id.*

29. Defendants' actions, while acting under color of state law, were in direct violation of the law by refusing to issue marriage licenses to individuals who are otherwise qualified to marry.

30. Refusing to issue Plaintiffs' marriage licenses substantially burdens and directly infringes upon Plaintiffs' right to marry by barring them from securing a valid marriage license in Rowan County, Kentucky.

31. Defendants acted intentionally, willfully and in disregard of the clearly established rights of the Plaintiffs, and with deliberate indifference to the clearly establish rights of the Plaintiffs.

32. Defendants acted maliciously, with callous disregard for, or with reckless indifference to the clearly established rights of the Plaintiffs.

33. As a result of Defendants' infringement, Plaintiffs have suffered and continue to suffer irreparable harms, including harms to their dignity and autonomy, family security, and access to the full constellation of benefits conferred by the state upon others.

34. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiffs' federally protected constitutional rights.

35. Defendants did so with shocking and willful indifference to Plaintiffs' rights and their conscious awareness that they would cause Plaintiffs severe damage.

36. The acts or omissions of Defendants were moving forces behind Plaintiffs' damages.

37. The acts or omissions of Defendants as described herein intentionally deprived Plaintiffs of their constitutional rights and caused them other damages.

38. As a further result of the Defendants' unlawful conduct, Plaintiffs incurred and continue to incur special damages in amounts to be established at trial.

39. Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

40. In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these Defendants have been taken

maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of the Plaintiffs.

WHEREFORE, Plaintiffs request a trial by jury, and further request that they be awarded actual and punitive damages, pre and post judgment interest, costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and all other relief to which they are entitled under law or in equity.

Respectfully Submitted,


/s/ Joseph D. Buckles_____
ATTORNEY FOR PLAINTIFFS

HON. THOMAS PAUL SZCZYGIELSKI
149 North Limestone
Lexington, Kentucky  40507
(859) 321-1822
(888) 583-7089 facsimile
tom@tpslawoffice.com
*Co-Counsel for Plaintiffs David Ermold and David Moore*

HON. JOSEPH D. BUCKLES
149 North Limestone
Lexington, Kentucky  40507
(859) 225-9540
(859) 251-6020 facsimile
joe@joebuckles.com
*Co-Counsel for Plaintiffs David Ermold and David Moore*