UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND
Civil No. 0:15-cv-00046-DLB

DAVID ERMOLD and DAVID MOORE                                              PLAINTIFFS

V.

KIM DAVIS, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS ROWAN COUNTY CLERK                    DEFENDANTS

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Come the Plaintiffs, David Ermold and David Moore, by counsel, and for their Response in Opposition to Defendant Kim Davis's (together in her individual and official capacity, "Defendants") Motion to Dismiss Plaintiffs' Complaint state as follows:

**I.   INTRODUCTION AND BACKGROUND**

Plaintiffs have been in a committed romantic relationship for the past 17 years.[1]  For the past 10 years, the Plaintiffs have owned property, voted and paid taxes in Rowan County.[2]

On July 6, 2015, Plaintiffs entered into the Rowan County Clerk's office to apply for a marriage license from the Rowan County Clerk. As a same sex couple, the fundamental right to marry was extended to them following the United States Supreme Court ("SCOTUS") decision in *Obergefell, et al. v. Hodges, et al.*, 576 U.S. __ (2015).  The Plaintiffs brought a copy of the *Obergefell* decision and a directive from Kentucky Governor's office stating that "(t)he *Obergefell* decision makes plain that the Constitution requires Kentucky … [to] license and recognize marriages of same-sex couples.  Neither your oath nor the Supreme Court dictates what you must

---

[1] D.E. 1.
[2] D.E. 1.

1

believe. But as elected officials, they do prescribe how we must act."[3] After being presented with both documents, a Rowan County Clerk employee stated that "we know what it reads sir, and we're not issuing any licenses, you need to talk to [Kim Davis] not to me," and that "(w)e have the right, too as a Christian, she feels, not issue this… you need to talk to her."[4]

After patiently waiting several more minutes, Rowan County Clerk Kim Davis appeared and had an unrecorded conversation with the Plaintiffs where she refused to issue them a marriage license based on her understanding of Adam, Eve and the "origins of man as set forth in the Old Testament."[5] Plaintiffs filed this lawsuit on July 10, 2015.

On August 4, 2015, Defendant Kim Davis moved to dismiss Plaintiffs action under Rule 12(b)(6) on four grounds:[6]

1. That the "Plaintiffs fail to plead a viable constitutional claim to assert a § 1983 action."

2. That "it is not clear from the Plaintiffs' Complaint that, in fact, they are unable to obtain a marriage license in Rowan County."

3. That their "claims are barred on grounds of qualified immunity … because Plaintiffs have not alleged the violation of any federal constitutional right."

4. That the Plaintiffs failed to join "the Kentucky Governor and the Commissioner for the Kentucky Department for Libraries and Archives."

---

[3] DE 1-1.
[4] See https://www.youtube.com/watch?v=QU3yCvJWtDU at 10:37 (July 7, 2015 video taken at the Rowan County Clerk's office, last accessed on August 25, 2015).
[5] DE 1, ¶ 18.
[6] DE 11.

2

## II.  STANDARD OF REVIEW

A Court reviewing a Rule 12(b)(6) motion "must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true."[7]  A suit should not be dismissed under Rule 12(b)(6) unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[8]

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." That statement must simply "give the defendant fair notice of what the claim is and the grounds upon which it rests."[9]  Plaintiffs' "factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); see also *Whalen v. Stryker Corp.*, 783 F. Supp. 2d 977, 979 (E.D. Ky. 2011) (Forester, J.) (complaint must plead enough facts to state a claim for relief that is plausible on its face). "In ruling upon a motion . . . pursuant to 12(b)(6) . . . , all of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff."[10]  Defendants have the burden of proving that no claim exists.[11]  As described below, the Defendants have failed to meet that burden.

## III.  ARGUMENT

### A. Plaintiffs have pled a violation of their federal constitutional rights.

---

[7] *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).
[8] *Hishon v. King & Spalding*, 467 U.S. 69 (1984).
[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[10] *Whalen*, 783 F.Supp.2d at 979 (citing *Hill v. Blue Cross & Blue Shield of Mich.,* 409 F.3d 710, 716 (6th Cir. 2005)).
[11] *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

3

The Defendants correctly point out that, to succeed in a § 1983 action the Plaintiffs must "establish a violation of some right guaranteed by the United States Constitution … by one acting under the color of state law."[12]

The Fourteenth Amendment insures that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.  Specifically, substantive due process "protects a narrow class of interests, including those enumerated in the Constitution, those so rooted in the traditions of the people as to be ranked fundamental, and the interest in freedom from government actions that 'shock the conscience.'"[13]

SCOTUS has long identified marriage as a fundamental interest subject to Fourteenth Amendment protection.[14] "The freedom to marry has long been recognized as one of the vital personal rights essential to the orderly pursuit of happiness by free men."[15] This right applies with equal force to different-sex and same-sex couples.[16]

The factual basis for Plaintiffs' alleged constitutional violations stems from the following paragraphs of Plaintiffs' Complaint:[17]

> 13. On July 6, 2015, Plaintiffs entered into the Rowan County Clerk's office to apply for a marriage license from the Rowan County Clerk.
> …
> 16. Defendants' deputy clerks advised Plaintiffs of the Defendants' policy to deny their application for a marriage license because of Defendants' "Christian right" not to issue a marriage license and her deeply held Christian beliefs.

---

[12] DE 43-1, at 5 *citing Brehm v. Wessler*, No. 09-60, 2011 WL 1704347, at *4 (E.D. Ky. May 4, 2011).
[13] *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014).
[14] *Loving v. Virginia*, 388 U.S. 1, 12 (1967).
[15] *Id*.
[16] *Obergefell v. Hodges*, 135 S. Ct. 2584, 2604-05 (2015) ("[T]he right to marry is a fundamental right inherent in the liberty of the person, and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment same-sex couples may not be deprived of that right and that liberty.").
[17] DE 1.

17. Defendants denied their application for a marriage license.

18. Defendant Davis explained that the denial of the marriage license was based upon her understanding of Adam, Eve, and the origins of man as set forth in the Old Testament.[18]

Despite this, the Defendants claim that the Plaintiffs "identify no federal constitutional right that has been infringed by Davis" and that they "do not allege that the Commonwealth of Kentucky is preventing them from marrying … or barring them from obtaining a Kentucky marriage license."[19]

In fact, the Plaintiffs explicitly allege that the Defendants "while acting under color of state law, were in direct violation of the law by refusing to issue marriage licenses to individuals who are otherwise qualified to marry" and that such refusal "substantially burdens and directly infringes upon Plaintiffs' right to marry."

KRS 402.080 vests Kentucky's county clerks with the duty of issuing marriage licenses. The fact that "under Kentucky law, individuals who reside in one Kentucky county are not required to obtain their marriage license in that county"[20] is irrelevant to the Plaintiffs' lawsuit. Plaintiffs, pursuant to state law and *Obergefell*, made the not-uncommon choice to apply for a marriage license in the county where they own real property, pay taxes, live and vote.[21] It should have been a quick and simple procedural trip to the clerk's office. Instead, they were called ignorant and listened to multiple explanations of how Rowan County Clerk Kim Davis's personal religious views prevented her from stamping a form for gay Kentuckians.[22]

---

[18] D.E. 1, Complaint at 3-4.
[19] D.E. 11-1 at 1.
[20] D.E. 11-1 at 17.
[21] D.E. 1, Complaint.
[22] See generally D.E. 1, Complaint, See also https://www.youtube.com/watch?v=QU3yCvJWtDU (July 7, 2015 video taken at the Rowan County Clerk's office, last accessed on August 25, 2015).

The sparse precedent cited by the Defendants is equally irrelevant to the instant case. Both *Vaughn v. Lawrenceburg Power Sys*.[23] and *Zablocki v. Redhail*[24] involve the constitutionality of a law or policy – not a rogue state official intentionally violating constitutional rights. Specifically, *Vaughn* involved a couple challenging a private company's policy which required the resignation of one spouse in the event two employees marry.[25] Next, *Zablocki* struck down a Wisconsin statute that prevented Wisconsin residents who have "minor issue not in his custody and which he is under obligation to support by any court order or judgment."[26] In the instant case, SCOTUS and Kentucky Governor Beshear have unequivocally stated that the Plaintiffs' have a fundamental right to get married. The constitutionality of SCOTUS ruling is not at issue because the primary function of SCOTUS is to interpret the U.S. Constitution. Defendants cannot unilaterally impose a policy of not issuing marriage licenses to people because "they can go to another county."

**B. Alternative Procedures for the Issuance of Marriage Licenses.**

Defendants argue that Plaintiffs' complaint is fatally defective because it does not allege that they sought a marriage license from the Rowan County Judge/Executive. However, even if Plaintiffs sought a marriage license from the Rowan County Judge/Executive and he granted their request, Plaintiffs would have a valid claim under § 1983 for the Defendants' violation of their fundamental right to marriage.[27]

---

[23] 269 F.3d 703 (6th Cir. 2001).
[24] 434 U.S.374 (1978).
[25] *Vaughn* at 704.
[26] *Zablocki at* 375.
[27] As will be shown in discovery, Plaintiffs later did, in fact, speak to the Rowan County Judge/Executive who informed them he lacked the authority to issue the marriage license application because Kim Davis was not "absent" pursuant to KRS 402.240. However, this fact is not relevant for purposes of this 12(b)(6) response.

The fact that (i) Defendant Davis announced a policy to deny marriage licensees following the United States Supreme Court decision in *Obergefell*,[28] (ii) Defendants' deputy clerks advised Plaintiffs that they would not issue a marriage license because of her "Christian right" not to issue the license,[29] and (iii) Defendant Davis specifically explained to Plaintiffs that her religious objections to same sex marriage were why she was refusing to issue their marriage license.[30]

### C. Qualified Immunity.

Defendants aptly note that the qualified immunity analysis has been summarized as "a two-step inquiry: (1) whether a constitutional right has been violated and (2) if so, whether the right was clearly established and one that a reasonable official should have known."[31]

#### i. Plaintiffs Right to Marriage is Clearly Established and Known to Defendants.

Plaintiffs' right to marry was unequivocally established by *Obergefell, et al. v. Hodges, et al.*, 576 U.S. __ (2015). In *Obergefell,* the SCOTUS held, with no hint of ambiguity, that "same-sex couples may exercise the fundamental right to marry" in all States.[32] A constitutional right is "sufficiently clear" if "a reasonable official would understand that what he is doing violates that right."[33]

The Kentucky Governor wrote a letter to all County Clerks advising them to impact of the *Obergefell* decision.[34] Defendants made the policy clear to the public and that was specifically

---

[28] D.E. 1 ¶ 12.
[29] D.E. 1 ¶ 16.
[30] D.E. 1 ¶ 18.
[31] D.E. 11-1 at 13, *citing Campbell v. City of Springboro, Ohio*, 700 F.3d 779, 786 (6th Cir. 2012); *Horn v. City of Covington*, No. 14-73, 2015 WL 4042154, at *5 (E.D. Ky. July 1, 2015) (Bunning, J.); see also *Saucier v. Katz*, 533 U.S. 194, 201 (2001).
[32] *Obergefell* at 22.
[33] *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).
[34] DE 1-1, Letter from the Governor to All Kentucky County Clerks/

pled in Plaintiffs' Complaint.[35]   In fact, the Defendants refused to issue Plaintiffs a marriage license explicitly because of her religious objections to same sex marriage and the directives from the Governor and U.S. Supreme Court.[36]

As Plaintiffs' specifically acknowledge in paragraph 27 of their complaint, they are entitled to the redress of this Court from Defendants' unconstitutional acts:

> "The freedom secured by the Constitution consists, in one of its essential dimensions, of the right of the individual not to be injured by the unlawful exercise of governmental power. Thus, when the rights of persons are violated, the Constitution requires redress by the courts, notwithstanding the more general value of democratic decisionmaking." *Obergefell* at *20 (internal citations omitted).

**ii.    Defendants violated Plaintiffs Constitutional Right to Marriage.**

Any county clerk or deputy county clerk who intentionally declines to issue a marriage license to an otherwise eligible couple because of his or her personal opinions is committing a constitutional violation which is actionable under § 1983.

**D.  Mandatory Joinder.**

The Kentucky Governor or KDLA Commissioner cannot issue marriage licenses and have not undertaken policy to prohibit same sex marriage following the *Obergefell* decision.  Civil Rule 19 governs mandatory joinder in federal civil actions.  It states that a party must be joined if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability

---

[35] DE 1 ¶ 12.
[36] See https://www.youtube.com/watch?v=QU3yCvJWtDU at 10:11 (July 7, 2015 video taken at the Rowan County Clerk's office, last accessed on August 25, 2015).

to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."[37]

Unlike the Defendants, both Governor Beshear and the KDLA Commissioner expeditiously took efforts to comply with SCOTUS. Conversely, Kim Davis is flagrantly disobeying directives from Governor Beshear and SCOTUS. In doing so, she alone has committed the civil wrongs for which the Plaintiffs seek redress.

Respectfully Submitted,

/s/ Joseph D. Buckles_____
ATTORNEY FOR PLAINTIFFS

HON. THOMAS PAUL SZCZYGIELSKI
149 North Limestone
Lexington, Kentucky  40507
(859) 321-1822
(888) 583-7089 facsimile
tom@tpslawoffice.com
*Co-Counsel for Plaintiffs David Ermold and David Moore*

HON. JOSEPH D. BUCKLES
149 North Limestone
Lexington, Kentucky  40507
(859) 225-9540
(859) 251-6020 facsimile
joe@joebuckles.com
*Co-Counsel for Plaintiffs David Ermold and David Moore*

---

[37] FRCP 19.