RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0098p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

DAVID ERMOLD and DAVID MOORE,
        *Plaintiffs-Appellants*,

    *v.*

KIM DAVIS, Individually and in her Official Capacity as Rowan County Clerk,
        *Defendant-Appellee*.

No. 16-6412

Appeal from the United States District Court
for the Eastern District of Kentucky at Ashland.
No. 0:15-cv-00046—David L. Bunning, District Judge.

Argued: March 8, 2017

Decided and Filed: May 2, 2017

Before: SILER, MOORE, and GRIFFIN, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Michael J. Gartland, DELCOTTO LAW GROUP, PLLC, Lexington, Kentucky, for Appellants. Roger K. Gannam, LIBERTY COUNSEL, Orlando, Florida, for Appellee. **ON BRIEF:** Michael J. Gartland, DELCOTTO LAW GROUP, PLLC, Lexington, Kentucky, Thomas Paul Szczgielski, Joseph D. Buckles, CHANEY BUCKLES SZCZYGIELSKI PLLC, Lexington, Kentucky, for Appellants. Roger K. Gannam, Matthew D. Staver, Horatio G. Mihet, LIBERTY COUNSEL, Orlando, Florida, A.C. Donahue, DONAHUE LAW GROUP, P.S.C., Somerset, Kentucky, for Appellee.

    MOORE, J., delivered the opinion of the court in which SILER and GRIFFIN, JJ., joined. SILER, J. (pg. 8), delivered a separate concurrence.

**OPINION**

KAREN NELSON MOORE, Circuit Judge. Plaintiffs-Appellants David Ermold and David Moore sought a marriage license from Rowan County, Kentucky, Clerk Kim Davis. Upon being denied the license, Ermold and Moore filed this damages-only 42 U.S.C. § 1983 action against Davis in both her individual and official capacities. The district court sua sponte dismissed Ermold's and Moore's case after we ordered the district court to vacate a preliminary injunction order in an entirely separate action. *See Miller v. Davis*, 667 F. App'x 537, 538 (6th Cir. 2016) (mem.). For the reasons stated below, we **REVERSE** the district court's judgment dismissing this case and **REMAND** for proceedings consistent with this opinion.

## I. BACKGROUND

On June 26, 2015, the Supreme Court held in *Obergefell v. Hodges*, 135 S. Ct. 2584, 2605 (2015), that Kentucky's definition of marriage as a union between one man and one woman violated the Fourteenth Amendment to the United States Constitution, "to the extent [it] exclude[s] same-sex couples from civil marriage on the same terms and conditions as opposite-sex couples." That same day, then-Governor of Kentucky, Steven Beshear, ordered all of Kentucky's county clerks to begin issuing marriage licenses to same-sex couples. R. 1-1 (Gov. License Directive) (Page ID #7). On July 6, 2015, David Ermold and David Moore, two male residents of Rowan County, Kentucky, who had by that time been in a committed relationship for seventeen years, applied for a marriage license at the Rowan County Clerk's Office. R. 1 (Compl. at 2) (Page ID #2). Rowan County Clerk Kim Davis denied Ermold's and Moore's application, citing her personal religious beliefs about the origin of marriage. *Id.* at 3 (Page ID #3).

On July 10, 2015, Ermold and Moore filed a federal civil-rights complaint pursuant to 42 U.S.C. § 1983 against Davis both individually and in her official capacity as the Rowan County Clerk. R. 1 (Compl. at 1–3) (Page ID #1–3). The complaint alleged a violation of Ermold's and Moore's clearly established right to marry each other under the Fourteenth Amendment. *Id.* at

3–6 (Page ID #3–6). Because a putative class action seeking declaratory and injunctive relief had been filed against Davis one week earlier, Ermold and Moore sought only damages (both actual and punitive). *Id.* at 6 (Page ID #6). *See Miller v. Davis*, No. 0:15-cv-00046 (E.D. Ky. July 2, 2015).

Davis filed a motion to dismiss the complaint on August 4, 2015, arguing, inter alia, that Ermold's and Moore's constitutional rights were not violated because they could have traveled to other Kentucky counties to obtain marriage licenses and that Davis was protected by qualified immunity because Ermold and Moore had not pleaded a violation of a clearly established right. R. 11 (Mot. to Dismiss at 1) (Page ID #34); R. 11-1 (Mem. on Mot. to Dismiss at 9–12) (Page ID #51–54). R. 13 (Order) (Page ID #74). On August 25, Ermold and Moore filed their response in opposition to Davis's motion to dismiss their complaint. R. 12 (Resp. in Opp. to Mot. to Dismiss) (Page ID #65). No reply was filed in this case. The district court sua sponte stayed briefing in this case on August 26, 2015. R. 13 (Stay Order) (Page ID #74).

On August 12, 2015, the district court entered a preliminary injunction in another case, *Miller v. Davis*, which enjoined Davis from refusing to issue marriage licenses to all of the *Miller* plaintiffs. 123 F. Supp. 3d 924, 944 (E.D. Ky. 2015). Davis immediately appealed in *Miller*. We declined to grant Davis a stay pending appeal in *Miller*, concluding that it "cannot be defensibly argued that the holder of the Rowan County Clerk's office . . . may decline to act in conformity with the United States Constitution as interpreted by a dispositive holding of the United States Supreme Court," and that there was therefore "little or no likelihood that the Clerk in her official capacity will prevail on appeal." *Miller v. Davis*, No. 15-5880, 2015 WL 10692640, at *1 (6th Cir. Aug. 26, 2015). Davis's application for a stay in the Supreme Court was denied. *Davis v. Miller*, 136 S. Ct. 23 (2015) (mem.).

Ermold and Moore moved in December 2015 in the district court to set a briefing schedule (i.e., setting a date for the filing of a reply) on the motion to dismiss filed in this case or to clarify the August 26 stay order. R. 14 (Mot. for Briefing Sched.) (Page ID #75). Davis filed a motion in opposition, R. 15 (Mot. in Opp. to Mot. for Briefing Sched.) (Page ID #81), and Ermold and Moore replied, R. 16 (Reply to Mot. for Briefing Sched.) (Page ID #86).

On December 22, 2015, Kentucky Governor Matthew Bevin signed Executive Order 2015-048, which sought to resolve the conflict between the Kentucky Constitution's definition of marriage as between one man and one woman and the Supreme Court's decision in *Obergefell*. The Executive Order recognized that "the offices of the County Clerks of the Commonwealth are now required to issue marriage licenses in accordance with KRS Chapter 402 to all eligible applicants, including those intending to enter into same-sex marriages," but asserted that requiring county clerks to issue marriage licenses to same-sex couples "creates a substantial burden on the freedom of religion of some County Clerks and employees of their offices because the current form bears the name of the issuing County Clerk," which some could associate as an endorsement by the county clerk of same-sex marriage. Attached to the Executive Order was a revised Kentucky Marriage License form which removed from the form the name and authority of the county clerk.

On April 13, 2016, Governor Bevin signed Kentucky Senate Bill 216. *See* 2016 Ky. Laws Ch. 132 (SB 216). Senate Bill 2016 amended the Kentucky marriage-license issuance process so that county clerks' names and signatures no longer appear on marriage-license forms, and removed the requirement that "authorizing statements" and statements of recordation be made by the county clerk. Senate Bill 216 took effect on July 14, 2016.

On July 13, 2016, we dismissed Davis's appeal from the district court's preliminary injunction issued in *Miller*, and remanded *Miller* back to the district court. *Miller*, 667 F. App'x at 538. On August 18, 2016, the district court dismissed the *Miller* plaintiffs' action, Ermold's and Moore's action, and a third case, *Yates v. Davis*, No. 0:15-cv-00062 (E.D. Ky. Aug. 18, 2016). R. 19 (Dismissal Order) (Page ID #95). The district court concluded that because "marriage licenses continue to [be] issued without incident, there no longer remains a case or controversy before the Court." *Id*. at 2 (Page ID #96) (internal citation omitted).

## II. ANALYSIS

### A. Standard of Review

We review de novo a district court's dismissal for a lack of case or controversy. *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) ("This Court reviews jurisdictional issues *de novo*.").

Section 1983 of Title 42 of the United States Code provides a civil cause of action for persons "who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem*, 378 F.3d 566, 576 (6th Cir. 2004).

**B. Kentucky Senate Bill 216 Did Not Moot Plaintiffs' Case**

On August 18, 2016, the district court dismissed this action as moot, concluding that after the passage of Kentucky Senate Bill 216 "in view of the fact that the marriage licenses continue to [be] issued without incident, there no longer remains a case or controversy before the Court." R. 19 (Dismissal Order at 2) (Page ID #96). According to the district court, "Plaintiffs filed the above-captioned actions to contest the 'no marriage licenses' policy implemented by Defendant Kim Davis, Rowan County Clerk." *Id.* at 1 (Page ID #95). The district court concluded that because Ermold and Moore were eventually issued a marriage license, the dispute in their case was resolved. We conclude that the district court's characterization of this case as simply contesting the "no marriage licenses" policy is inaccurate because Ermold and Moore did not seek an injunction—they sought only damages. This action is not a general challenge to Davis's policy, but rather seeks damages for a particularized harm allegedly suffered by a specific set of plaintiffs.

Article III of the United States Constitution limits the power of the federal courts to "Cases" and "Controversies." U.S. Const. Art. III, § 2. The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). A federal court "lacks jurisdiction to consider any case or issue that has lost its character as a present, live controversy and thereby becomes moot." *Demis*, 558 F.3d at 512 (internal quotation marks omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Int'l Union v. Dana Corp.*, 697 F.2d 718, 720–21 (6th Cir. 1983)). Therefore, "[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during the litigation, the action can no longer proceed and must be

dismissed as moot." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (quoting *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013)).

Claims for damages are largely able to avoid mootness challenges. 13C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3553.3 (3d ed. 2017). Damages claims "are retrospective in nature—they compensate for past harm. By definition, then, such claims cannot be moot." *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 622 (3d Cir. 2013) (internal quotation marks omitted). The Supreme Court has held that a damages claim is not rendered moot because a related injunctive-relief claim becomes moot. *See Powell v. McCormack*, 395 U.S. 486, 498 (1969) (holding that a claim for back pay survived even after the ongoing harm an injunction sought to remedy was removed); *Bd. of Pardons v. Allen*, 482 U.S. 369, 370 n.1 (1987) (concluding that paroled prisoners seeking injunctive relief regarding their prison's parole procedures could proceed on a damages claim even after they were released on parole); *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 478 n.1 (1989) (noting that the expiration of Richmond's affirmative-action ordinance did not moot a damages claim relating to a contract denial under the ordinance). We have similarly held that although "the repeal or amendment of a law moots challenges to the original law . . . [t]he existence of [a] damages claim preserves the plaintiffs' backward-looking right to challenge the original law and to preserve a live case or controversy over that dispute." *Midwest Media Prop., L.L.C. v. Symmes Twp.*, 503 F.3d 456, 460–61 (6th Cir. 2007). *See also Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 581 (6th Cir. 2012) ("However, if the plaintiff's complaint includes a claim for damages, that claim 'preserves the plaintiff['s] backward-looking right to challenge the original law and to preserve a live case or controversy over that dispute.'") (quoting *Midwest Media*, 503 F.3d at 461); *Prime Media, Inc. v. City of Brentwood*, 398 F.3d 814, 824 (6th Cir. 2005) (holding that a court's order invalidating part of a city billboard ordinance did not moot a claim for damages arising from that invalidated portion of the ordinance). Even "a claim for nominal damages . . . is normally sufficient to establish standing [and] defeat mootness . . . ." *Lynch v. Leis*, 382 F.3d 642, 646 n.2 (6th Cir. 2004).

Ermold and Moore contend that Governor Bevin's signing of Senate Bill 216 did not moot their case because they sought damages for harms allegedly caused by Davis's refusal to

issue them a marriage license. They argue that Senate Bill 216, "is irrelevant to Plaintiffs' entitlement to damages for the denial of their marriage license one year prior." Appellants Br. at 15. Davis responds that Governor Bevin's Executive Order "fundamentally changed the legal framework for analyzing Davis' conduct prior to" its enactment, and that Senate Bill 216 "further answered the tension" that the Executive Order sought to remedy. Appellee Br. at 36, 25. We disagree. Neither the Executive Order nor Senate Bill 216 rendered this damages-only case moot because, as we have held, "'so long as the plaintiff has a cause of action for damages, a defendant's change in conduct will not moot the case.' Indeed where a claim for injunctive relief is moot, relief in the form of damages for a past constitutional violation is not affected." *Gottfried v. Med. Planning Servs., Inc.*, 280 F.3d 684, 691 (6th Cir. 2002) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 608–09 (2001) (citation omitted)).

Ermold and Moore concede that "[t]here is only one potentially relevant exception to the rule that actions containing damages claims cannot be moot," but argue that "it is not applicable here." Appellants Br. at 15. Damages claims may be moot where the damages would be "so insubstantial or so clearly foreclosed by prior decisions that th[e] case may not proceed." *Id*. (quoting *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978)). We conclude that this exception does not apply to Ermold's and Moore's case. The record does not support an argument that Appellants' damages claims are insubstantial or otherwise foreclosed. We therefore conclude that the enactment of Senate Bill 216 did not moot Ermold's and Moore's case.

### III. CONCLUSION

Whether Ermold and Moore will prevail on the merits is not a question currently before us. We hold today that our July 13, 2016 order instructing the district court to vacate its preliminary injunction in *Miller* did not render this damages-only action moot. Therefore, we **REVERSE** the district court's judgment and **REMAND** for further proceedings consistent with this opinion.

---

# CONCURRENCE

---

SILER, Circuit Judge, concurring. I concur in the majority decision, but I wish to amplify on the pending case on remand. The district court may have meant to dismiss this case because Kim Davis was protected by the Kentucky Religious Freedom Restoration Act, KRS § 446.350 (2013), but it did not discuss the issue. The statute provides as follows:

> Government shall not substantially burden a person's freedom of religion. The right to act or refuse to act in a manner motivated by a sincerely held religious belief may not be substantially burdened unless the government proves by clear and convincing evidence that it has a compelling governmental interest in infringing the specific act or refusal to act and has used the least restrictive means to further that interest. A "burden" shall include indirect burdens such as withholding benefits, assessing penalties, or an exclusion from programs or access to facilities.

That law was passed by the Kentucky General Assembly before *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), was decided. To be sure, maybe Davis was not using that law as a shield to excuse her from issuing the marriage licenses after *Obergefell*. Or maybe no defense could be made based upon that statute once *Obergefell* was decided in 2015. But the district court has never ruled on the effect of that statute upon the conduct of the county clerk. It should have the first opportunity upon remand to decide whether that or any other provision of the law would protect Davis as a qualified-immunity or absolute-immunity defense under the circumstances.