UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND
CIVIL NO. 0:15-CV-00046-DLB

DAVID ERMOLD
and DAVID MOORE PLAINTIFFS

v.

KIM DAVIS, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS ROWAN COUNTY CLERK DEFENDANTS

---

# FIRST AMENDED COMPLAINT WITH JURY DEMAND

---

Come the Plaintiffs, David Ermold and David Moore, by counsel, and pursuant to the Court's Order entered on June 8, 2017 [Doc #: 26], hereby file their First Amended Complaint with Jury Demand, and state as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

2. Venue lies in the Eastern District of Kentucky, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff David Ermold is a resident of Rowan County, Kentucky.

4. Plaintiff David Moore is a resident of Rowan County, Kentucky.

5. The Defendant, Kim Davis ("Davis"), is, and at all times relevant was, the duly elected Rowan County Clerk and a resident of Rowan County, Kentucky. Defendant Davis in her official capacity is responsible for issuing marriage licenses and recording all marriage certificates in Rowan County.

**FACTS COMMON TO ALL COUNTS**

6. Plaintiffs have been in a committed romantic relationship for 19 years.

7. The Plaintiffs have resided in Rowan County, Kentucky for the past 12 years.

8. The Plaintiffs jointly own property, vote, and pay taxes in Rowan County.

9. At all relevant times, the Plaintiffs were over the age of eighteen, unrelated by blood, not married to other persons, and not otherwise disqualified from marrying one another under the law.

10. KRS § 402.080 requires a marriage license to be issued prior to a marriage.

11. The office of county clerk is a county office under the Kentucky Constitution, and county clerks are elected by the voters of each county; *see* KY. CONST. § 99.

12. In Kentucky, county clerks are local officials. *See Carroll v. Reed*, 425 S.W.3d 921, 924 (Ky. Ct. App. 2014).

13. The Rowan County Clerk's Office is self-funded by fees it generates from the services it provides locally. Davis' salary is paid by these fees.

14. The budget for the Rowan County Clerk's Office is approved by Rowan County's Fiscal Court.

15. Kentucky Governor Steve Beshear directed all county clerks to issue marriage licenses to same-sex couples effective June 26, 2015, following the United States Supreme Court decision in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015). A true and correct copy of Governor Beshear's directive is attached hereto as **Exhibit 1**.

16. At all relevant times, Kentucky law did not vest Davis with any discretion in denying marriage licenses to same-sex couples. *See* Ky. Rev. Stat. §§ 402.080, 402.100, 402.110

(providing that county clerks "shall" provide license forms, deliver them, and issue them to persons eligible to marry under Kentucky law).

17. Davis, in her official capacity, announced a policy to deny same-sex marriage licenses following Governor Beshear's directive and the decision of the United States Supreme Court in *Obergefell*.

18. Davis acted as a county policymaker in making a Rowan County-specific policy on marriage that cannot colorably be described as policy of the state.

19. On July 6, 2015, Plaintiffs entered the Rowan County Clerk's Office to apply for a marriage license from the Rowan County Clerk.

20. While waiting in line, the Plaintiffs were humiliated and called "the face of ignorance" by local supporters of Davis' lawlessness.

21. Davis' Deputy Clerks advised Plaintiffs of Davis' policy to deny their application for a marriage license because of her "Christian right" not to issue a marriage license and deeply held Christian beliefs.

22. Davis denied Plaintiffs' application for a marriage license.

23. Davis explained that her denial of Plaintiffs' marriage license was based upon her understanding of Adam, Eve, and the origins of man as set forth in the Old Testament.

24. Plaintiffs attempted to get a marriage license from Davis again on August 13, 2015 and were denied the license by Davis.

25. Plaintiffs attempted to get a marriage license from Davis again on September 1, 2015 and were denied the license by Davis.

26. Plaintiffs were finally issued a marriage license on September 4, 2015 by Rowan County Deputy Clerk, Brian Mason.

27. The marriage license issued on September 4, 2015 lists the name of the Rowan County Clerk as "Rowan County" and Mr. Mason initialed the Marriage License. A true and correct copy of that marriage license is attached hereto as **Exhibit 2**.

28. Plaintiffs were married in a ceremony on September 26, 2015. Attached hereto as **Exhibit 3** is a true and correct copy of the Certificate of Marriage with respect to Plaintiffs' marriage on September 26, 2015.

29. Plaintiffs' marriage license was recorded on September 30, 2015 in Davis' office and the Clerk's name is listed as "Rowan Co" and the recorder's title is unlisted.

30. Davis' September 4, 2015 and September 30, 2015 accommodations, removing the name "Kim Davis" from the marriage license form and allowing a Deputy Clerk to sign the form, permitted Plaintiffs to get married and satisfied Davis' religious objections.[1]

31. The marriage license issued and recorded by Davis was valid.[2]

32. As a result of Davis' actions, Plaintiffs have suffered damages, including emotional damage, humiliation, economic damages, and other compensatory damages.

## COUNT I

### Deprivation of Plaintiffs' Fundamental Right to Marry - 42 U.S.C. § 1983

33. Plaintiffs incorporate the above paragraphs by reference as if fully set forth herein.

34. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within

---

[1] '"Today, Kim Davis remains the bravest woman in America,' [Davis' attorney Harry] Mihet said. 'She has not compromised her conscience, she has not compromised her faith and she has not quit serving the people of Rowan County that she loves very much.'" See Exhibit D. Castillo, Mariano and Conlon, *Kevin, Kim Davis stands ground, but same-sex couple get marriage license*, CNN (September 14, 2015). http://www.cnn.com/2015/09/14/ politics/kim-davis-same-sex-marriage-kentucky/index.html.

[2] Governor Beshear said that the accommodations "substantially comply with the law of Kentucky … [a]nd they're going to be recognized as valid in the Commonwealth." *See* **Exhibit 4**.

> the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

35. Plaintiffs are citizens of the United States and Davis is a person for purposes of 42 U.S.C. § 1983.

36. At all times relevant, Davis was acting under the color of state law and her acts or omissions were conducted within the scope of her official duties or employment.

37. "Marriage is one of the 'basic civil rights of man,' fundamental to our very existence and survival." *Loving v. Virginia*, 388 U.S. 1, 12 (1967).

38. "It is well established that the right to marry is a fundamental right protected by the Due Process Clause of the Fourteenth Amendment." *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1134 (6th Cir. 1995).

39. Plaintiffs have an established constitutional right to marry each other as a same-sex couple.

40. "The freedom secured by the Constitution consists, in one of its essential dimensions, of the right of the individual not to be injured by the unlawful exercise of governmental power. Thus, when the rights of persons are violated, the Constitution requires redress by the courts, notwithstanding the more general value of democratic decisionmaking." *Obergefell* at 2605 (internal quotation marks omitted) (internal citations omitted).

41. "The dynamic of our constitutional system is that individuals need not await legislative action before asserting a fundamental right. The Nation's courts are open to injured individuals who come to them to vindicate their own direct, personal stake in our basic charter. An individual can invoke a right to constitutional protection when he or she is harmed, even if the broader public disagrees and even if the legislature refuses to act." *Id.*

42. Davis' actions, while acting under color of state law, were in direct violation of the law by refusing to issue marriage licenses to individuals otherwise qualified to marry.

43. Refusing to issue Plaintiffs a marriage license substantially burdened and directly infringed upon their right to marry by barring them from securing a valid marriage license in Rowan County, Kentucky.

44. Davis acted intentionally, willfully and in disregard of the clearly established rights of the Plaintiffs, and with deliberate indifference to the clearly established rights of the Plaintiffs.

45. Davis acted maliciously, with callous disregard for, or with reckless indifference to the clearly established rights of the Plaintiffs.

46. As a result of Davis' infringement, Plaintiffs have suffered damages, including harm to their dignity and autonomy, family security, and access to the full constellation of benefits conferred by the state upon others.

47. Davis engaged in the conduct described herein willfully, maliciously, in bad faith, and in reckless disregard of Plaintiffs' federally protected constitutional rights.

48. Davis did so with shocking and willful indifference to Plaintiffs' rights and with conscious awareness she would cause Plaintiffs severe damage.

49. The acts or omissions of Davis were the cause of Plaintiffs' damages.

50. The acts or omissions of Davis as described herein intentionally deprived Plaintiffs of their constitutional rights and caused them other damages.

51. Because of Davis' unlawful conduct, Plaintiffs incurred special damages in amounts to be established at trial.

52. Plaintiffs are further entitled to an award of attorneys' fees and costs under 42 U.S.C. § 1988, pre-judgment interest and costs.

53. In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against Davis under 42 U.S.C. § 1983, in that her actions have been taken maliciously, willfully or with reckless or wanton disregard of the constitutional rights of the Plaintiffs.

WHEREFORE, Plaintiffs request a trial by jury, and further request that they be awarded actual and punitive damages, pre and post judgment interest, costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and all other relief to which they are entitled under law or in equity.

Respectfully Submitted,

/s/ Michael J. Gartland
Michael J. Gartland, Esq.
DelCotto Law Group PLLC
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1170
mgartland@dlgfirm.com
CO-COUNSEL FOR PLAINTIFFS
DAVID ERMOLD AND DAVID MOORE

Joseph D. Buckles, Esq.
Buckles Law Office, PLLC
149 North Limestone
Lexington, KY 40507
Telephone: (859) 225-9540
Facsimile: (859) 251-6020
joe@joebuckles.com
CO-COUNSEL FOR PLAINTIFFS
DAVID ERMOLD AND DAVID MOORE

-and-

Thomas Paul Szczygielski, Esq.
149 North Limestone
Lexington, KY 40507
Telephone: (859) 309-4880
Facsimile: (888) 583-7089
tom@cbslaw.com
CO-COUNSEL FOR PLAINTIFFS
DAVID ERMOLD AND DAVID MOORE

**CERTIFICATE OF SERVICE**

I hereby certify that this document was electronically filed and served via the Court's ECF System on June 8, 2017.

/s/ Michael J. Gartland
Michael J. Gartland, Esq.
CO-COUNSEL FOR PLAINTIFFS
DAVID ERMOLD AND DAVID MOORE