UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

| | | |
|---|---|---|
| **DAVID ERMOLD, et al.,** | : | CIVIL ACTION |
| Plaintiffs, | : | 0:15-CV-00046-DLB |
| v. | : | DISTRICT JUDGE |
| | : | DAVID L. BUNNING |
| **KIM DAVIS,** | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO STAY PROCEEDINGS
PENDING DISPOSITION OF MOTION TO DISMISS
AND REQUEST FOR EXPEDITED CONSIDERATION**

Defendant, KIM DAVIS ("Davis"), pursuant to Federal Rule of Civil Procedure 7 and Local Rule 7.1, moves the Court for an order staying discovery and other pretrial proceedings pending the Court's disposition of Davis' Motion to Dismiss Amended Complaint (Doc. 29). The particular grounds for this motion and legal argument in support are as follows:

1. In its Order entered June 8, 2017 (Doc. 26), the Court set a discovery completion deadline of September 30, 2017.

2. On July 10, 2017, Davis filed her Motion to Dismiss Amended Complaint and supporting Memorandum of Law, asserting *inter alia* claims of sovereign and qualified immunity from Plaintiffs' damages claims. (Doc. 29; Doc. 29-1 at 8-22.)

3. As more fully described in Davis' supporting Memorandum of Law, because her asserted immunities are **immunities from suit**, rather than mere defenses to liability, they must be addressed at the earliest possible stage of litigation, and before discovery, because the defenses are established as a matter of law. (Doc. 29-1 at 8-10.)

4.	"Unless the plaintiff's allegations state a claim of violation of clearly established law, **a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery**." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Gavitt v. Born*, 835 F.3d 623, 641 (6th Cir. 2016) (same). "*Harlow* thus recognized an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law. The entitlement is an *immunity from suit* rather than a mere defense to liability . . . ." *Mitchell*, 472 U.S. at 526. "**One of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government. For this reason, we have emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation.**" *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (emphasis added) (internal quotation marks and citation omitted); *see also Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) ("The purpose of the doctrine is to ensure that insubstantial claims against government officials are resolved at the earliest possible stage in litigation.").

5.	The same immunity from suit principles apply to claims of sovereign immunity under the Eleventh Amendment. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). "Under the terms of the Amendment, '[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . .' This withdrawal of jurisdiction effectively confers an immunity from suit." *Id.* "**Eleventh Amendment immunity, like the benefit conferred by qualified immunity to individual officials, is for the most part lost as**

**litigation proceeds past motion practice.**" *Id.* at 145 (emphasis added). Thus, like claims of qualified immunity, claims of sovereign immunity must be resolved at the earliest possible stage of litigation.[1]

6. Given the relatively short discovery schedule set by the Court, Davis will be required to request and submit to discovery while her Motion to Dismiss is pending. Thus, in accordance with the legal authorities cited above, a stay of discovery and other pretrial proceedings until disposition of her Motion to Dismiss is necessary to preserve her immunity claims.

7. A stay is also appropriate here because no discovery is necessary to adjudicate Davis' sovereign and qualified immunity claims. (*See* Mem. Supp. Mot. Dismiss, Doc. 29-1, at 8-22.)

    a. Regarding sovereign immunity, where a county officer's duties "clearly flow from the State," the officer is a state official for purposes of Eleventh Amendment immunity. (*See* Mem. Supp. Mot. Dismiss, Doc. 29-1, at 10-11 (quoting *Gottfried v. Med. Planning Servs., Inc.*, 280 F.3d 684, 693 (6th Cir. 2002), and other cases). And regarding Davis' status as a state officer, this Court has already observed,

> The State not only enacts marriage laws, it prescribes procedures for county clerks to follow when carrying out those laws, right down to the form they must use in issuing marriage licenses. Thus, **Davis**

---

[1] The same principles generally apply even in the absence of immunity claims. *See, e.g., Kolley v. Adult Protective Services*, 725 F.3d 581, 587 (6th Cir. 2013) ("[D]ismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive summary judgment."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." (footnote and citation omitted)).

> **likely acts for the State of Kentucky, and not as a final policymaker for Rowan County, when issuing marriage licenses**.

*Miller v. Davis*, 123 F. Supp. 3d 924, 933 (E.D. Ky. 2015) (citations omitted) (emphasis added).

      b.      Qualified immunity "shields government officials 'from liability for civil damages insofar as their conduct does not violate **clearly established statutory or constitutional rights** of which a reasonable person would have known.'" *Estate of Carter v. Detroit*, 408 F.3d 305, 310–11 (6th Cir. 2005) (emphasis added) (quoting *Harlow v. Fitzgerald*, 457 U.S. at 818). (*See also* Mem. Supp. Mot. Dismiss, Doc. 29-1, at 14.) "Unless the plaintiff's allegations state a claim of violation of **clearly established law**, a defendant pleading qualified immunity is entitled to dismissal before commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added). (*See also* Mem. Supp. Mot. Dismiss, Doc. 29-1, at 14.) Davis establishes in her Memorandum of Law in support of her Motion to Dismiss that Plaintiffs' claims do not state a claim for violation of a constitutional right, and certainly not a **clearly established** right. (*See* Mem. Supp. Mot. Dismiss, Doc. 29-1, at 14-26.) This Court has itself observed the unresolved tension between competing rights presented by Davis:

> At its core, **this civil action presents a conflict between two individual liberties held sacrosanct in American jurisprudence**. One is the fundamental right to marry implicitly recognized in the Due Process Clause of the Fourteenth Amendment. The other is the right to free exercise of religion explicitly guaranteed by the First Amendment. Each party seeks to exercise one of these rights, but in doing so, they threaten to infringe upon the opposing party's rights.

*Miller*, 123 F. Supp. 3d at 930 (emphasis added). *Obergefell* has not answered every question concerning the regulation of same-sex marriage in relation to religious liberty and the historical view of marriage as between one man and one woman, including the question

presented in the instant case. *See Pidgeon v. Turner*, No. 15-0688, 2017 WL 2829350, *12 n.21 (Tex. June 30, 2017) ("The [Supreme] Court's decision to hear and consider *Masterpiece Cakeshop* illustrates that neither *Obergefell* nor *Pavan* provides the final word on the tangential questions *Obergefell*'s holdings raise but *Obergefell* itself did not address." (citing *Pavan v. Smith*, 137 S. Ct. 2075 (2017), *and Craig v. Masterpiece Cakeshop, Inc.*, 370 P.3d 272 (Colo. App. 2015), *cert. granted sub nom.*, *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, No. 16-111, 2017 WL 2722428 (U.S. June 26, 2017))).

8. Prior to filing this motion, the undersigned counsel for Davis conferred with counsel for Plaintiffs regarding the requested relief. Plaintiffs do not consent to the stay requested in this motion, and have asked to schedule Davis' deposition.

9. Because Plaintiffs are improperly attempting to schedule Davis' deposition and force her to submit to discovery prior to the adjudication of her sovereign and qualified immunity claims, and because the current discovery schedule set by the Court is brief, Davis respectfully requests expedited consideration of this motion to stay.

WHEREFORE, Defendant, Kim Davis, respectfully requests that the Court enter an order staying discovery and other pretrial proceedings pending the Court's disposition of Davis' Motion to Dismiss. A proposed order granting the requested relief is submitted herewith.

|  |  |
|---|---|
|  | Respectfully submitted, |
| A.C. Donahue | /s/ Roger K. Gannam |
| Donahue Law Group, P.S.C. | Roger K. Gannam |
| P.O. Box 659 | LIBERTY COUNSEL |
| Somerset, Kentucky 42502 | P.O. Box 540774 |
| Tel: (606) 677-2741 | Orlando, Florida 32854 |
| Fax: (606) 678-2977 | Tel: (407) 875-1776 |
| ACDonahue@DonahueLawGroup.com | Fax: (407) 875-0770 |
|  | rgannam@LC.org |
|  | court@LC.org |
|  | *Attorney for Defendant Kim Davis* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via the Court's ECF filing system and therefore service will be effectuated by the Court's electronic notification system upon all counsel or parties of record:

| | |
|---|---|
| Michael J. Gartland | Joseph D. Buckles |
| DelCotto Law Group PLLC | Thomas P. Szczygielski |
| 200 North Upper Street | 149 North Limestone |
| Lexington, KY 40507 | Lexington, KY 40507 |
| mgartland@dlgfirm.com | joe@joebuckles.com |
|  | tom@tpslawoffice.com |

DATED this July 14, 2017           /s/ Roger K. Gannam
                                   Roger K. Gannam
                                   *Attorney for Defendant Kim Davis*