UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:15-CV-46-DLB
CIVIL ACTION NO. 0:15-CV-62-DLB

DAVID ERMOLD, *et al.*,                                                                 PLAINTIFFS,

V.

KIM DAVIS, *individually and*                                                           DEFENDANT.
*in her official capacity*, et al.,

AND                                              **ORDER**

JAMES YATES, *et al.*,                                                                  PLAINTIFFS,

V.

KIM DAVIS, *individually and*                                                           DEFENDANT.
*in her official capacity*, et al.,

*** *** *** ***

Kim Davis moves the Court for an order staying proceedings in both of the above-styled actions pending disposition of her Petition for Certiorari to the United States Supreme Court, filed on January 22, 2020. [0:15-cv-46, R. 72; 0:15-cv-62, R. 65]. Davis argues that if the Court declines to grant the stay, she "will [be] irreparably deprive[d] … of the immunity from suit conferred by the qualified immunity doctrine, which is the subject of her pending Cert. Petition." [*Id*. at 8, ¶ 9]. Davis also argues that she will be burdening her successor in office, Elwood Caudill, Jr., "when he inevitably is required to participate in discovery." [*Id*]. Plaintiffs oppose the idea of a potential stay. [R. 66]. In doing so, plaintiffs note this Court's recent decision to lift the stays in the above-captioned matters, and that the Sixth Circuit's recent denials of Davis's Petition for Rehearing En Banc and Motion to Stay Mandate show

a clear indication that the Supreme Court will be unlikely to grant cert, since the arguments raised in both instances are the same. [*Id*. at 1-2; *see also* R. 66-1, 66-2, 66-3, 66-4].

The Federal Rules of Civil Procedure permit a district court to issue a protective order staying discovery during the pendency of a motion for "good cause shown." FED.R.CIV.P. 26(c). Under Sixth Circuit precedent, the Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999), *cert. denied*, 529 U.S. 1020 (2000) (citation omitted). In perceiving that a stay is warranted, the Court may consider instances "where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). The Court may also consider whether a stay would "prevent prejudice, eliminate potentially unnecessary litigation expenses, and promote the interest of judicial economy." *Underwood v. Ryan*, No. 3:15-CV-700-JHM, 2016 WL 3039963, at *3 (W.D. Ky. May 26, 2016); *see also* FED.R.CIV.P. 1 (noting the Court and the parties' duty "to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Here, based upon the factual and procedural circumstances of this case, Davis has not convinced the Court that a stay in proceedings is appropriate. Specifically, Davis has failed to demonstrate that the burden she would face from engaging in discovery outweighs the plaintiffs' burden. After several appeals to the Sixth Circuit, these cases are finally set to proceed on their tracks. Therefore,

IT IS ORDERED that Davis's Motion for a Stay in both of the above-styled actions [0:15-cv-46, R. 72; 0:15-cv-62, R. 65] is DENIED.

This the 12th day of February, 2020.

