UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND
CIVIL NO. 0:15-CV-00046-DLB

DAVID ERMOLD and
DAVID MOORE                                                          PLAINTIFFS

V.

KIM DAVIS                                                            DEFENDANT

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Plaintiffs, David Ermold and David Moore, by counsel, pursuant to the Court's Final Pretrial Order entered August 9, 2023 (Doc #: 128) and the Court's Virtual Order entered August 18, 2023 (Doc #: 128), for their proposed jury instructions hereby submits the following. Pursuant to Fed.R.Civ.P. 51(a)(1), Plaintiffs reserve the right to amend, supplement, or tender additional alternative instructions at the conclusion of all the evidence.

Respectfully submitted,

/s/ Joseph D. Buckles
Joseph D. Buckles, Esq.
*Counsel for Plaintiffs*
*David Ermold and David Moore*

Hon. Michael J. Gartland
DELCOTTO LAW GROUP PLLC
200 North Upper Street
Lexington, KY  40507
(859) 231-5800
(859) 281-1170 facsimile
mgartland@dlgfirm.com

Hon. Joseph D. Buckles
BUCKLES LAW OFFICE, PLLC
149 North Limestone
Lexington, KY  40507
(859) 225-9540
(859) 251-6020 facsimile
Joe@JoeBuckles.com

*Counsel for Plaintiffs,*
*David Ermold and David Moore*

2

## **CERTIFICATE OF SERVICE**

On August 31, 2023, I electronically filed this document through the CM/ECF system which will send an electronic copy to all parties of record.

/s/ Joseph D. Buckles_____
ATTORNEY FOR PLAINTIFFS

**Instruction No. __**

**Introduction**

Now that you have heard the evidence and the arguments, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case. case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing the Court says in these instructions is to be taken as an indication that it has any opinion about the facts of the case, or what that opinion is. It is not the Court's function to determine the facts, but rather yours.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented during the trial; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

AUTHORITY: *Welsey v. Rigney*, E.D.Ky. Case No. 10-51 (DLB), Doc. No. 158 at Instruction No. 1.

## Instruction No.

## Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not the Court's. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony:

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to Plaintiff or Defendant or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

AUTHORITY: *Welsey v. Rigney*, E.D.Ky. Case No. 10-51 (DLB), Doc. No. 158 at Instruction No. 2.

**Instruction No.**

**Burden of Proof**

The Plaintiffs bear the burden of proof on his claims. If they fail to prove any element of their claims by a preponderance of the evidence in this case, you should find for the Defendant.

To "establish a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

AUTHORITY: *Welsey v. Rigney*, E.D.Ky. Case No. 10-51 (DLB), Doc. No. 158 at Instruction No. 4.

**Instruction No.**

**Damages - Generally**

The trial of this matter concerns what damages the Plaintiffs suffered as a result of the actions of the Defendant. The Court is not expressing any views, one way or the other, as to whether Plaintiffs should recover in this case.

The Court also instructs you that an attorney's statement to you of the amount that you should return in your verdict is not evidence and is not binding upon you. It is only a lawyer's statement. It is your sole and exclusive function to determine the sum of money that will justly and fairly compensate Plaintiffs for any injuries or damages you believe they have sustained. You will make that determination based on the evidence in this case and the law the Court has given you, and not on the basis of any attorney's statement, claim, or argument.

*Actual or Compensatory Damages*

Your task is to determine the amount of actual, or what the law calls "compensatory", damages sustained by the Plaintiffs. You should award the Plaintiffs an amount that justly and fairly compensates them for any injuries and damages you believe they actually sustained as a direct consequence of the conduct of the Defendant. Your award of damages, however, must be based upon the evidence presented by Plaintiffs, not on speculation or on sympathy you might feel towards him. It is Plaintiffs burden to prove the amount of damages.

AUTHORITY: Based on *Welsey v. Rigney*, E.D.Ky. Case No. 10-51 (DLB), Doc. No. 158 at Instruction No. 7.

**Instruction No.**

**Charge to the Jury**

Having heard my instructions regarding the law, you will answer the following questions. Your verdict must be unanimous. Therefore, all of you must agree on each of the following questions. Please signify your agreement by having the Foreperson you have selected check the appropriate answer and place his or her juror number where indicated.

AUTHORITY: Based on *Welsey v. Rigney*, E.D.Ky. Case No. 10-51 (DLB), Doc. No. 158 at Instruction No. 8.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND
CIVIL NO. 0:15-CV-00046-DLB

DAVID ERMOLD and
DAVID MOORE                                                                                    PLAINTIFFS

V.

KIM DAVIS                                                                                           DEFENDANT

## SPECIAL VERDICT FORM

(1)     State the sum of damages, if any, David Ermold has proven, by a preponderance of the evidence, he experienced as a proximate cause of Defendant Kim Davis's conduct.

(a)     Past mental anguish, emotional distress, humiliation, and reputational damages, an amount not to exceed $50,000.00            $_____.

(2)     Please state the sum of damages, if any, David Moore has proven, by a preponderance of the evidence, he experienced as a proximate cause of Defendant Kim Davis's conduct.

(b)     Past mental anguish, emotional distress, humiliation, and reputational damages, an amount not to exceed $50,000.00            $_____.

TOTAL: $_____.

9