**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**

| | | |
|---|---|---|
| **DAVID ERMOLD, ET AL.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs,** | : | **0:15-CV-00046-DLB** |
| | : | |
| **v.** | : | **DISTRICT JUDGE** |
| | : | **DAVID L. BUNNING** |
| **KIM DAVIS, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

---

| | | |
|---|---|---|
| **JAMES YATES, ET AL.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs,** | : | **0:15-CV-00062-DLB** |
| | : | |
| **v.** | : | **DISTRICT JUDGE** |
| | : | **DAVID L. BUNNING** |
| **KIM DAVIS, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

---

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

# TABLE OF CONTENTS

I. INTRODUCTION AND MISCELLANEOUS INSTRUCTIONS……………………….1

A. Instruction on the Duty of the Jury …………………………………………...1

B. Instruction on Matters Inappropriate for the Jury to Decide……………………….2

C. Instruction on Burden of Proof………………………………………………….3

D. Instruction on the Credibility of Witnesses……………………………………...4

E. Instruction on the Conduct of the Jury…………………………………………..5

F. Instruction on Publicity during the Trial………………………..…………………..7

G. Instruction on Transcripts Not Available to Jury………………………………..8

H. Instruction on Taking Notes by the Jury………………………………………...9

I. Instruction Bench Conferences and Recesses……………………………………10

J. Instruction on Juror Questions for Witness at Trial………………………………11

II. EVIDENCE……………………………………………………………………12

A. Cautionary Instructions…………………………………………………………..12

B. Instruction on Evidence…………………………………………………………..13

C. Instruction on Matters Not Considered Evidence…………………………...14

D. Instruction on Evidence for a Limited Purpose Evidence……………………...15

E. Instruction on Direct Versus Circumstantial Evidence…………………………...16

F. Instruction on Stipulations of Fact………………………………………………..17

G. Instruction on Depositions in Lieu of Testimony…………………………………18

H. Instruction on Judicial Notice…………………………………………………….19

I. Instruction on Impeachment Witness Testimony……………………………...20

J. Instruction on Use of Interrogatories……………………………………………..21

K. Instruction on Use of Requests for Admission....22

L. Instruction Concerning Court's Ruling on Objections....23

III. DAMAGES....24

A. Instruction on Proof of Damages....24

B. Instruction on Damages Generally....25

C. Instruction on Duty to Mitigate Damages....26

D. Instruction on Damages in 42 U.S.C. §1983 Claims....27

E. Instruction on Compensatory Damages....28

F. Instruction on Punitive Damages....29

G. Instruction on Arguments of Counsel Not Evidence of Damages....30

IV. DELIBERATIONS....31

A. Instruction on Duty to Deliberate....31

B. Instruction on the Consideration of Evidence during Deliberations....32

C. Instruction on Communications with the Court during Deliberations....33

D. Instruction on Additional Instructions on the Law....34

E. Instruction Concerning Deadlocked Jury....35

F. Instruction Concerning Discharge of Jury Member and Deliberations after Juror is Discharged....36

V. CLOSING INSTRUCTIONS....37

A. Instruction on Return of Verdict....37

# I. INTRODUCTION AND MISCELLANEOUS INSTRUCTIONS

## A. Instruction on the Duty of the Jury

Members of the Jury: It is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether or not you agree with it. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy towards either of the parties to this case. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be. I do not.

**B. Instruction on Matters Inappropriate for the Jury to Decide.**

The claims and defenses in this case concern the strategies chosen and decisions made by the Plaintiffs and the Defendant. I need to emphasize what this case is not about. It is not about your personal feelings concerning same-sex marriage. It is not about whether same-sex marriage is good or bad, or whether the Defendant's religious beliefs concerning same-sex marriage are good or bad. In this courtroom, your job is to consider the evidence related to the claims and defenses in this case in accordance with the instructions that I give you.

### C. Instruction on Burden of Proof

The Plaintiffs have the burden of proving their compensatory damages claims by a preponderance of the evidence. This means that to find for the Plaintiffs, you must be persuaded by the evidence that their claims are more probably true than not true. A preponderance of the evidence standard means that you must look at all of the evidence presented in favor of a claim and compare it to all evidence in opposition to it and find which evidence has the more convincing force. You must decide, based on the evidence presented, whether what is sought to be proved is more likely true than not true.[1]

Plaintiffs also seek punitive damages in this case. I will instruct you more specifically on punitive damages shortly, but for now, Plaintiffs have the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages. The "clear and convincing" evidentiary burden for punitive damages is much higher than the "preponderance of evidence" burden that applies to Plaintiffs' claims for compensatory damages. Clear and convincing evidence exists only when a plaintiff "places in the [jury] an abiding conviction that the truth of [his] factual contentions are highly probable."[2]

You should base your decision on all of the evidence, regardless of which party presented it.

---

1 *Williams v. Equ Claire Public Schs.*, 397 F.3d 441, 446 (6th Cir. 2005).

2 *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (cleaned up).

**D. Instruction on the Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified about;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is inconsistent with something else the witness said. Sometimes different witnesses will give different versions of what happened. Witnesses can and do forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## E. Instruction on the Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors before I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.
>
> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.

Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**F. Instruction on Publicity during the Trial**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

### G. Instruction on Transcripts Not Available to Jury

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

### H. Instruction on Taking Notes by the Jury

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes, and you are not allowed to read, consider, or discuss the notes of other jurors.

## I. Instruction Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

### J. Instruction on Juror Questions to Witnesses at Trial

Only the attorneys and I are permitted to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If for any reason you cannot hear a witness or an attorney, please raise your hand and I will correct the situation.

## II. EVIDENCE

### A. Cautionary Instructions

You as jurors will decide this case based solely on the evidence presented in this courtroom. You are prohibited from conducting any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You are instructed not to communicate with anyone, in any way, about this case, including other jurors during the course of the trial. And you are instructed to ignore any information about the case that you might see while browsing the internet or your social media feeds.

To ensure fairness to all parties involved in this trial, I will ask each of you at the end whether you abided by these instructions throughout the course of the trial and whether you have learned about or shared any information relating to this trial outside of this courtroom, even if it was accidental.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**B. Instruction on Evidence**

The evidence you are permitted to consider in your deliberations and to determine what the facts are in this case consist of:

(1) the sworn testimony of any witness;

(2) the exhibits that were admitted into evidence;

(3) any facts to which the attorneys have agreed; and

(4) any facts that I have instructed you to accept as proved.

**C. Instruction on Matters Not Considered Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by the attorneys are not evidence. The attorneys are not witnesses. What the attorneys have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the attorneys have stated them, your memory of them controls.

(2) Questions and objections by attorneys are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**D. Instruction on Evidence for a Limited Purpose**

Some evidence may be admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

### E. Instruction on Direct Versus Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### F. Instruction on Stipulations of Fact

The parties may agree that certain facts are stipulated to, in which case I will inform you of those stipulated facts. You must treat those facts (if any) as having been proved at trial.

### G. Instruction on Depositions in Lieu of Testimony

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth, just as the witnesses in this courtroom did before you during the trial, and attorneys for each party may ask questions. The questions and answers are recorded in a written deposition transcript. When a person is unavailable to testify at trial, the deposition of that person may be used as a substitute for live testimony at trial. If an attorney in this trial reads from a deposition transcript in lieu of that witness testifying in this courtroom, you should consider that deposition testimony as if it was presented to you live in the courtroom.

### H. Instruction on Judicial Notice

As certain times during the trial, I may instruct you that I have decided to accept certain things under the rules pertaining to judicial notice. For any fact that I instruct you I had taken judicial notice of, you must accept that fact as having been proved at trial.

### I. Instruction on Impeachment Witness Testimony

The evidence that a witness has been convicted of a crime or lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**J. Instruction on Use of Interrogatories**

Some evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**K. Instruction on Use of Requests for Admission**

Some evidence may be presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

**L. Instruction Concerning Court's Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When an attorney asks a question or offers an exhibit into evidence and an attorney on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## III. DAMAGES

### A. Instruction on Proof of Damages

The plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party for redress.

In this case, the only redress sought by the Plaintiffs is damages, which means the amount of money that will reasonably and fairly compensate each plaintiff for any injury you find was caused by the defendant, if any. The Court has already found that the defendant's actions violated the plaintiffs' constitutional rights, so the only issue for you to decide is whether this violation caused any damages to the Plaintiffs, and, if yes, the amount of damages, if any, the defendant should have to pay to each Plaintiff.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest what amount of damages, if any, you should decide the defendant owes to each plaintiff.

Each plaintiff has the burden of proving his own damages by a preponderance of the evidence.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**B. Instruction on Damages Generally**

In determining what damages, if any, are appropriate here, you should consider: (1) the nature and extent of each Plaintiff's alleged injuries that have been proved in this trial, if any; (2) the mental, physical, and emotional pain and suffering that has been proved by each plaintiff in this trial, if any; and (3) other considerations of potential injuries but only to the extent such injuries have been proved at trial with evidence.

### C. Instruction on Duty to Mitigate Damages

Each plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence: (1) that the plaintiffs failed to use reasonable efforts to mitigate damages; and (2) the amount by which damages would have been mitigated by plaintiffs' reasonable efforts.

If the defendant proves that any plaintiff failed to mitigate his alleged damages, you must reduce any award of damages, if any, accordingly.

### D. Instruction on Damages in 42 U.S.C. §1983 Claims

The plaintiffs in this case are permitted to recover compensatory damages if they are able to prove actual injury caused by the Defendant's actions. But, in actions under 42 U.S.C. §1983 for violations of civil rights, such as this case, any damages award must be focused on compensation for a particular injury that is proved. "Rights, constitutional or otherwise, do not exist in a vacuum. Their purpose is to protected persons from injuries *to particular interests*."[3] Thus, a plaintiff who alleges the violation of a constitutional right is not entitled to compensatory damages unless he can prove actual injury caused by the violation.[4] "Where no injury is present, no compensatory damages could be awarded."[5]

---

[3] *Carey v. Piphus*, 435 U.S. 247, 254 (1978) (emphasis added).

[4] *King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015).

[5] *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986) (cleaned up).

### E. Instruction on Compensatory Damages

Compensatory damages mean those damages that "will compensate the injured party for the actual injury sustained, and nothing more; such as will simply make good or replace the loss cause by the wrong or injury."[6] Compensatory damages are thus only those which a plaintiff proves with a preponderance of the evidence, that reflect "in money the value of the harm done to him."[7] Compensatory damages include those damages, the value of which has been proved by a preponderance of the evidence, for out-of-pocket losses and other monetary harms, and also for injuries such as personal humiliation, mental anguish and suffering.[8]

In reaching your determination, it is imperative that you award only those damages, if any, that have been proved by the Plaintiffs by a preponderance of the evidence. No compensatory damages may be awarded by the jury unless there is proof of an actual injury proved by a preponderance of the evidence, and abstract injuries to constitutional rights do not form the basis for an award of compensatory damages in the absence of such proof.[9]

---

6 Black's Law Dictionary 467 (rev. 4th ed. 1968)

7 *Helfrich v. PNC Bank, Kentucky, Inc.*, 267 F.3d 477, 481 (6th Cir. 2001).

8 *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (cleaned up).

9 *Carey v. Piphus*, 435 U.S. 247, 264 (1978) ("[W]e hold that neither the likelihood of such injury nor the difficulty of providing it is so great as to justify awarding compensatory damages without proof that such injury actually was caused."); *id.* ("[S]ome actual, if intangible, injury must be proved before compensatory damages may be recovered.").

### F. Instruction on Punitive Damages

If you find that the Plaintiffs have proved a case for actual and compensatory damages, you may, but are not required to, award punitive damages. It is the Court's duty to instruct you on the law regarding punitive damages. Do not conclude from the mere giving of this instruction that you must, or must not, award punitive damages.

The purpose of punitive damages is to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.[10]

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages. The "clear and convincing" evidentiary burden for punitive damages is much higher than the "preponderance of evidence" burden that applies to Plaintiffs' claims for compensatory damages. Clear and convincing evidence exists only when a plaintiff "places in the [jury] an abiding conviction that the truth of [his] factual contentions [is] highly probable."[11]

You may award punitive damages only if you find, by clear and convincing evidence, that the defendant's conduct harmed the plaintiff *and* was motivated by an evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others.[12]

You must not award punitive damages if you find the defendant had a good faith (albeit mistaken) belief that the conduct she engaged in was protected under the Constitution or the law, and therefore could not have been based on the requisite evil motive or intent.[13]

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. You may not set the amount of any punitive damages in order to punish the defendant for any alleged harm to anyone other than a plaintiff in this case.

---

[10] *Smith v. Wade*, 461 U.S. 30, 49 (1983).

[11] *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (cleaned up).

[12] *Smith v. Wade*, 461 U.S. 30, 56 (1983); *King v. Zamiara*, 788 F.3d 207, 216-17 (6th Cir. 2015)

[13] *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 545-46 (1999); *Hubbell v. FedEx SmartPost, Inc.*, 933 F.3d 558 (6th Cir. 2019) (punitive damages not appropriate where defendant acted in good faith, even if mistaken)

**G. Instruction on Arguments of Counsel Not Evidence of Damages**

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

## IV. DELIBERATIONS

### A. Instruction on Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your foreperson. The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.[14]

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

---

[14] Fed. R. Civ. P. 48(b) ("Unless the parties stipulate otherwise, the verdict must be unanimous.").

**B. Instruction on the Consideration of Evidence during Deliberations**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

To ensure fairness to all parties involved in this trial, I will now ask each of you whether you abided by these instructions throughout the course of the trial and whether you have learned about or shared any information relating to this trial outside of this courtroom, even if it was accidental. If you think you might have done so, please let me know by raising your hand. If you feel more comfortable discussing the matter with the court privately, please let me know that as well by raising your hand.

### C. Instruction on Communications with the Court during Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the attorneys for the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**D. Instruction on Additional Instructions on the Law**

At any time during your deliberations, you are permitted to ask for additional instructions concerning the law. As with all communications with the Court, you must submit your request for an additional instruction on the law through a writing, signed by the foreperson, and delivered to the clerk to provide to me. At that point and after discussing the matter with the attorneys for the parties, I may give you an additional instruction. By giving an additional instruction, I do not mean to emphasize such instruction over any other instruction.

You are not to attach undue importance to the fact that any additional instruction was read separately to you. You must consider any additional instruction together with all of the other instructions that were given to you.

### E. Instruction Concerning Deadlocked Jury

If, in the event the members of the jury are not able to reach a unanimous verdict, you must advise the court that you have been unable to agree upon a verdict in this case. At that point, I will likely provide the additional instruction below:

> As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.
>
> All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.
>
> I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.
>
> You may now return to the jury room and continue your deliberations.

### F. Instruction Concerning Discharge of Jury Member and Deliberations after Juror is Discharged

If the Court is presented with knowledge that one or more jurors have violated the instructions provided herein, that juror or those jurors will be discharged. If one or more jurors is discharged from the jury, they will be excused from service and will not participate further in your deliberations. You should not speculate about the reason why any juror(s) are no longer present.

You should continue your deliberations with the remaining jurors. You should not consider the opinions of the excused juror(s) as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

## V. CLOSING INSTRUCTIONS

### A. Instruction on Return of Verdict

A verdict form has been prepared for you. The verdict form includes relevant questions that you are to consider and attempt to answer unanimously. If you are able to reach a unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

/s/ Daniel J. Schmid

A.C. Donahue
Donahue Law Group, P.S.C.
P.O. Box 659
Somerset, Kentucky 42502
(606) 677-2741
ACDonahue@DonahueLawGroup.com

Mathew D. Staver
Horatio G. Mihet
Daniel J. Schmid
LIBERTY COUNSEL
P.O. Box 540774
Orlando, Florida 32854
(407) 875-1776
hmihet@LC.org
dschmid@LC.org
court@LC.org

*Attorneys for Defendant, Kim Davis*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August, 2023, I caused a true and correct copy of the foregoing to be electronically filed with the Court. Service will be effectuated on all counsel of record via the Court's NEF/electronic notification system.

/s/ Daniel J. Schmid
Daniel J. Schmid