**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 15-46-DLB-EBA**

**DAVID ERMOLD and DAVID MOORE**                              **PLAINTIFFS**

**v.**

**KIM DAVIS,** *individually*                                        **DEFENDANT**

<u>**COURT'S INSTRUCTIONS TO THE JURY**</u>

**CIVIL ACTION NO. 15-62-DLB-EBA**

**JAMES YATES and WILL SMITH**                              **PLAINTIFFS**

**v.**

**KIM DAVIS,** *individually*                                        **DEFENDANT**

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

<u>**INSTRUCTION NO. 1**</u>

**INTRODUCTION**

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole.

1

Neither are you to be concerned with the wisdom of any rule of law stated by the court.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is.  It is not my function to determine the facts, but rather yours.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

*Helfrich v. Rodriguez*, 2:08-cv-210, Doc. # 88 (Instruction No. 1)

## INSTRUCTION NO. 2

### EVIDENCE DEFINED

You must make your decision based only on evidence that you saw and heard here in this Court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of this Court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.  Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  You must completely ignore this.  Do not even think about it.  Do not speculate about what a witness might have said.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.  Make your decision based on only the evidence, as I have defined it here, and nothing else.

SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTIONS, § 1.04 (2019)

**<u>INSTRUCTION NO. 3</u>**

**CONSIDERATION OF EVIDENCE**

You are to consider only the evidence in the case.  You should use your common sense in weighing the evidence.  Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.  In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this an "inference."  A jury is allowed to make reasonable inferences, unless otherwise instructed.  Any inferences you make must be reasonable and must be based on the evidence in the case.

SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTIONS, § 1.05 (2019)

## <u>INSTRUCTION NO. 4</u>

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.  Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.  It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTIONS, § 1.06 (2019)

## **INSTRUCTION NO. 5**

## **LAWYERS' OBJECTIONS**

There is one more general subject that I want to talk to you about.  The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.  And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

Sixth Circuit Pattern Criminal Jury Instructions, § 1.09 (2019)

## INSTRUCTION NO. 6

### CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)    Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B)  Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)    Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)  Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E)  Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)  Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.   Sometimes it may; other times it may not.   Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)  And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

Sometimes jurors wonder if the number of witnesses who testified makes any difference.  Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

*Helfrich v. Rodriguez*, 2:08-cv-210, Doc. # 88 (Instruction No. 2); Sɪxᴛʜ Cɪʀᴄᴜɪᴛ Pᴀᴛᴛᴇʀɴ Cʀɪᴍɪɴᴀʟ Jᴜʀʏ Iɴꜱᴛʀᴜᴄᴛɪᴏɴꜱ, § 1.08 (2019)

## <u>INSTRUCTION NO. 7</u>

## USE OF NOTES

(1)     Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2)     Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

Sixth Circuit Pattern Jury Instructions § 8.10 (2019)

## INSTRUCTION NO. 8

### PRIOR INCONSISTENT STATEMENTS

You have heard the testimony of witnesses who may have made statements that may be different from their testimony here in Court.

With respect to prior statements made by witnesses who testified under oath before trial, you may consider those statements as evidence of the truth of what the witness said in the prior statement, as well as in deciding what weight to give the witness's testimony.

SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTIONS, § 7.04 (2019)

11

## <u>INSTRUCTION NO. 9</u>

**ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED**

The law does not require any party to call as witnesses all persons who might have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## <u>INSTRUCTION NO. 10</u>

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

The Plaintiffs bear the burden of proof on their claims.  If they fail to prove any element of their claim by a preponderance of the evidence in this case, you should find for the Defendant.

To "establish a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

*Welsey v. Rigney*, 2:10-cv-51, Doc. # 158 (Instruction No. 41)

## INSTRUCTION NO. 11

### DAMAGES

The Plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party for redress.

In this case, the only redress sought by the Plaintiffs is damages, which means the amount of money that will reasonably and fairly compensate each Plaintiff for any injury you find was caused by the Defendant, if any.

The Court has already found that the Defendant's actions violated the Plaintiffs' constitutional rights, so the only issue for you to decide is whether this violation caused any damages to the Plaintiffs, and, if yes, the amount of damages, if any, the Defendant should have to pay to each Plaintiff.

Simply because these Instructions contain a section on damages should not be construed by you that you are required to award damages.  Rather, the Court must instruct you on the law of damages in the event that you decide that any one of the Plaintiffs is entitled to recover damages.  Only then must you know how to go about computing damages.  The Court is not expressing any views, one way or the other, as to whether David Ermold, David Moore, James Yates and Will Smith should recover damages in this case.

The Court also instructs you that an attorney's statement to you of the amount that you should return in your verdict is not evidence and is not binding upon you.  It is only a lawyer's statement.  It is your sole and exclusive function to determine the sum of money,

if any, that will justly and fairly compensate David Ermold, David Moore, James Yates and Will Smith for any injuries or damages you believe they have sustained.  You will make that determination based on the evidence in this case and the law the Court has given you, and not on the basis of any attorney's statement, claim, or argument.

## INSTRUCTION NO. 12

### COMPENSATORY DAMAGES

The Plaintiffs in this case are permitted to recover compensatory damages if they are able to prove actual injury caused by the Defendant's actions.   In actions under 42 U.S.C. §1983 for violations of civil rights, such as this case, any damages award must be focused on compensation for a particular injury that is proved. "Rights, constitutional or otherwise, do not exist in a vacuum. Their purpose is to protected persons from injuries to particular interests."   Thus, a plaintiff who alleges the violation of a constitutional right is not entitled to compensatory damages unless he can prove actual injury caused by the violation. "Where no injury is present, no compensatory damages could be awarded."

In deciding whether to award any damages to any of the Plaintiffs, you may not award damages based upon the insults or derogatory speech of others. It is the conduct of the Defendant, not the actions of others, that you shall consider in deciding the issues of damages.

In considering Plaintiffs' claim for damages, Plaintiffs must show that Defendant was the proximate cause of the damages they sustained.   Plaintiffs must show that Defendant's acts or omissions played a substantial part in bringing about Plaintiffs' damages, and that damages were either a direct result or a reasonably foreseeable consequence of Defendant's act or omission. When someone initiates a chain of events, that person is liable for the result of that chain of events if that result was a reasonably foreseeable consequence of their act or  reasonably foreseeable that Defendant's actions would cause damages to Plaintiffs.

Compensatory damages are thus only those which a plaintiff proves by a preponderance of the evidence, that reflect "in money the value of the harm done to him." Compensatory damages include those damages, the value of which has been proved by a preponderance of the evidence, for out-of-pocket losses and other monetary harms, and also for injuries such as personal humiliation, mental anguish and suffering.

In reaching your determination, it is imperative that you award only those damages, if any, that have been proved by the Plaintiffs by a preponderance of the evidence. No compensatory damages may be awarded by the jury unless there is proof of an actual injury proved by a preponderance of the evidence, and abstract injuries to constitutional rights do not form the basis for an award of compensatory damages in the absence of such proof.  Your award of damages may not be based upon speculation or sympathy.

Any damages need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

The fact that a Plaintiff may be unusually emotionally sensitive and  allegedly incurred great emotional harm from Defendant's conduct will not absolve Defendant from responsibility for the greater emotional harm. However, you may not award damages for an exacerbation of a pre-existing condition of any Plaintiff.


*Carey v. Piphus*, 435 U.S. 247, 254 (1978); *King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015); *Snyder v. Phelps*, 562 U.S. 443 (2011); *Memphis County Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986); *Helfrich v. PNC Bank, Kentucky, Inc.*, 267 F.3d 477, 481 (6th Cir. 2001); *Welsey v. Rigney*, 2:10-cv-51, Doc. # 158 (Instruction No. 7). *Brooksbank v.*

*Koch*, 2019 WL 7418018, *2 (W.D.KY. 2019). *Turic v. Holland Hospitality Inc.*, 85 F.3d 1211, 1215 (6th Cir. 1996).

## <u>INSTRUCTION NO. 13</u>

**MITIGATION OF DAMAGES**

Each Plaintiff has a duty under the law to "mitigate" his damages – that means that the Plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the Defendant.  It is Defendant's burden to prove that any Plaintiff has failed to mitigate.  So if the Defendant persuades you by a preponderance of the evidence that any of the Plaintiffs failed to take advantage of an opportunity that was reasonably available to him to mitigate his damages, then you must reduce the amount of plaintiff's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

THIRD CIRCUIT PATTERN CIVIL JURY INSTRUCTIONS, § 4.8.1 (2019)

## <u>INSTRUCTION NO. 14</u>

**INTRODUCTION DELIBERATION AND VERDICT**

(1)     Let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson.  How you choose your foreperson is entirely up to you.  This person will help to guide your discussions and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4)     One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 4-3, or 6-1, or whatever your vote happens to be.  That should stay secret until you are finished.


Sixth Circuit Pattern Jury Instructions § 8.01 (2019)

## INSTRUCTION NO. 15

### EXPERIMENTS, RESEARCH, INVESTIGATIONS
### AND OUTSIDE COMMUNICATIONS

(1)     Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2)     During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3)     You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision

may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Sɪxᴛʜ Cɪʀᴄᴜɪᴛ Pᴀᴛᴛᴇʀɴ Jᴜʀʏ Iɴsᴛʀᴜᴄᴛɪᴏɴs § 8.02 (2019)

## **INSTRUCTION NO. 16**

### **COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Plaintiff has proven his case against the Defendant by a preponderance of the evidence.

SIXTH CIRCUIT PATTERN JURY INSTRUCTIONS § 8.09 (2019)

## <u>INSTRUCTION NO. 17</u>

## CHARGE TO THE JURY

Having heard my instructions regarding the law, you will answer the following questions.  Your verdict on each question is to be unanimous.  Therefore, all of you must agree whether the answer to each of the following questions is "yes" or "no."  Please signify your agreement by having the Foreperson you have selected check the appropriate answer and place his or her juror number where indicated.


*Wesley v. Rigney*, 2:10-cv-51, Doc. # 158 (Instruction No. 8)

## INSTRUCTION NO. 18

## DUTY TO DELIBERATE

(1)    Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)    But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that-- your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)    No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So, you should all feel free to speak your minds.

(4)    Listen carefully to what the other jurors have to say, and then decide for yourself if the Plaintiff has proven his case against the Defendant.


SIXTH CIRCUIT PATTERN JURY INSTRUCTIONS § 8.04 (2019)