UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND
CIVIL NO. 0:15-CV-00046-DLB

DAVID ERMOLD, *et al.*  　　　　　　　　　　　　　　　　　　　PLAINTIFFS

v.

KIM DAVIS, Individually  　　　　　　　　　　　　　　　　　　　DEFENDANT

**PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**

Pursuant to 42 U.S.C. § 1988 and LR 7.1(a), Plaintiffs David Ermold and David Moore ("Plaintiffs"), by counsel, move the Court for enter of an order awarding their counsel attorneys' fees and expenses in the aggregate amount of $260,084.70.  This amount includes the respective fees and expenses of the three law firms involved in representing Plaintiffs in varying amounts as further described in the declarations of Plaintiffs' counsel (the "Declarations") filed contemporaneously herewith, *to wit*:

| | |
|---|---:|
| Buckles Law Office, PLLC (co-counsel) : | $ 51,230.04 |
| DelCotto Law Group PLLC (co-counsel): | 175,408.26 |
| Public Citizens Law Group (SCOTUS counsel): | 33,446.40 |
| **TOTAL:** | **$260,084.70** |

In support of this Motion, Plaintiffs state as follows:

**PROCEDURAL HISTORY**

This case has a lengthy history covering more than eight years, with which this Court and the parties are thoroughly familiar.  To summarize, this action commenced on July 10, 2015, when Plaintiffs filed their initial Complaint with Jury Demand (Doc #: 1), which was subsequently dismissed by the Court on August 18, 2016. *See* Doc. #: 19.  Following an appeal and remand, on June 8, 2017, Plaintiffs filed their First Amended Complaint With Jury Trial

Demand (Doc. #: 27) (the "Amended Complaint"). On July 10, 2017, Defendant Kim Davis ("Davis") filed her Motion to Dismiss the Amended Complaint (Doc. #: 29), which was timely opposed by Plaintiffs. *See* Doc. #: 31

On September 15, 2017, the Court dismissed Plaintiffs' claims against Davis in her official capacity as the Rowan County Clerk and denied her claim of qualified immunity. *See* Doc. #: 49 (the "Dismissal Order").[1] Plaintiffs and Davis appealed the Dismissal Order to the Sixth Circuit, which affirmed. *Ermold v. Davis*, 936 F.3d 429 (6th Cir. 2019). Davis filed a Petition for Writ of Certiorari on January 22, 2020 (the "Petition"). Following briefing, the Petition was denied on October 5, 2020. *See Davis v. Ermold*, 141 S. Ct. 3 (2020).

The parties engaged in discovery and filed competing motions for summary judgment. *See* Doc. #: 88; Doc. #: 93. On March 18, 2022, the Court granted Plaintiffs' summary judgment motion and denied Davis's cross-motion for summary judgment. *See* Doc. #: 108 (the "SJ Order").[2] The Court granted summary judgment on liability for Davis's violation of Plaintiffs' constitutional right to marry, and ruled at that time that the only remaining issue was for a jury to determine the amount of damages to be awarded to Plaintiffs. *See* Doc. #: 108 at 18.

Davis appealed the SJ Order to the Sixth Circuit (*see* Doc. #: 109), which quickly affirmed in a very short opinion issued on September 29, 2022. *See Ermold v. Davis*, Nos. 22-5260/5261, 2022 WL 4546726 (6th Cir. Sept. 22, 2022). During a telephonic status conference with the Court January 23, 2023, Davis's counsel represented that she intended to file a cert petition. She failed to do so. On April 10, 2023, the Court scheduled a trial in this Action and in

---

[1] The Dismissal Order can be found on Westlaw at *Ermold v. Davis*, No. 15-cv-46-DLB-EBA, 2017 WL 4108921 (E.D. Ky. Sept. 15, 2017).

[2] The Summary Judgment Order can be found on Westlaw at *Ermold v. Davis*, No. 15-cv-46-DLB-EBA, 2022 WL 4830606 (E.D. Ky. Mar. 18, 2022).

2

*Yates v. Davis*, Civil Action No. 15-00062-DLB-EBA (the "*Yates* action") to commence on Monday, September 11, 2023. *See* Doc. #: 125 ¶ 2.

The trial commenced on September 11, 2023 and concluded on September 13, 2023, with the jury returning a verdict in favor of Plaintiffs in the total amount of $100,000 ($50,000 each), the maximum amount requested by Plaintiffs.[3] *See* Doc. #: 152. On September 14, 2023, this Court issued an Order requiring any petition for attorneys' fees and expenses to be filed within thirty days. *See* Doc. #: 155. This Motion is timely.

## ARGUMENT

### I. PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AS PREVAILING PARTIES IN THIS ACTION.

In 42 U.S.C. § 1988(b), Congress explicitly empowered courts to grant "a reasonable attorney's fee as part of the costs" to "the prevailing party" in any action to enforce Section 1983. *Id.* Here, Plaintiffs are unquestionably prevailing parties because they obtained a $100,000 jury verdict against Davis. *See* Doc. #: 152. It is beyond dispute that each of the Plaintiffs is a "prevailing party" within the meaning of 42 U.S.C. § 1988(b). Therefore, Plaintiffs are entitled to an award of reasonable attorney's fees and costs.

### II. PLAINTIFFS' REQUESTED ATTORNEYS' FEES ARE REASONABLE.

In awarding attorneys' fees, the primary concern is:

> [T]hat the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers. The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This two-step calculation, known as the lodestar amount, provides an initial estimate of the value of a lawyer's services. The product of reasonable hours times a reasonable rate does not end the inquiry. After determining the lodestar amount, the court can adjust the fee upward or downward to reflect relevant considerations peculiar to the subject litigation.

---

[3] On September 13, 2023, the jury in the *Yates* action returned a verdict in favor of Davis.

3

> However, trial courts need not, and should not, become green-eyeshade accountants. The essential goal in shifting fees is to do rough justice, not to achieve auditing perfection. Therefore, trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.
>
> The party seeking attorneys' fees bears the burden of documenting his entitlement to the award. The fee applicant should submit evidence supporting the hours worked and rates claimed.

*Miller v. Davis*, 267 F. Supp. 3d 961, 994 (E.D. Ky. 2017) (internal quotation marks and citations omitted).

In this case, three separate law firms represented the Plaintiffs over the multi-year course of the litigation, investing a collective total of hours in the prosecution of this lawsuit, multiple appeals and objecting to Davis's Petition for Writ of Certiorari, with varying respective hours and hourly rates as set forth in the law firms' respective Declarations. In support of this Motion, each of the three firms has submitted a Declaration by the primary attorney at the firm involved in the litigation between Plaintiffs and Davis, detailing the respective hours worked and hourly rates. As more fully set forth in the Declarations and below, both the hours expended by the Plaintiffs' counsel and their respective hourly rates are reasonable and compensable.

### A. The Hours Expended By Counsel For The Plaintiffs Are Reasonable.

Here, Plaintiffs' counsel have submitted Declarations in which they provide their detailed time records and more thorough overview of their respective work in this action and/or the multiple appeals. The Declarations establish:

- The firm of DelCotto Law Group PLLC ("DLG"), led by attorney Michael J. Gartland, contributed 553.8 hours over the course of time from September 2016 through October 10, 2023[4];

---

[4] The undersigned spent time revising this Motion and drafting a proposed order granting same on October 11, 2023. DLG does not seek any compensation for this work.

4

- The law firm of Buckles Law Office, PLLC ("Buckles Law"), led by attorney Joseph D. Buckles, contributed 158.9 hours during the period July 8, 2015 to September 13 2023; and

- The firm of Public Citizen Litigation Group ("PCLG"), led by attorney Adam R. Pulver, contributed 59.2 hours for its specialized work in preparing the Respondents' Brief in Opposition to Davis's Petition for Writ of Certiorari to the United States Supreme Court in No. 19-926.

The Declarations and time records attached thereto provide this Court with sufficient detail regarding these hours, identifying the specific tasks each attorney and paraprofessional undertook, the amount of time expended on each task, and the hourly rates for the tasks. The time records also reflect that these tasks were reasonably undertaken in furtherance of the prosecution of this action and the multiple appeals. Given the nature of this case and its very long procedural history, including multiple appeals, the hours expended are reasonable.

The evidence submitted by the Plaintiffs is sufficient to allow this Court to determine that the submitted hours "were actually and reasonably expended" in prosecuting this action. *See, e.g.*, *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 533 (6th Cir. 2008) ("documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.") (internal quotation marks omitted).

**B.     Counsels' Requested Hourly Rates Are Reasonable.**

When determining the "reasonable hourly rate" component of the lodestar computation, a court "should initially assess the prevailing market rate in the relevant community." *Miller*, 267 F. Supp. 3d at 995 (internal quotation marks omitted). The "prevailing market rate" is "the rate that lawyers of comparable skill and experience can reasonably expect to command within the

venue of the court of record." *Id*. (internal quotation marks omitted). A district court may consider "a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Id*. (internal quotation marks omitted). A district court enjoys "broad discretion" when determining the reasonableness of requested hourly rates. *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994).

The Declarations filed on behalf of the two co-counsel law firms, Michael J. Gartland for DLG attached hereto as **Exhibit 1**, and Joseph D. Buckles for Buckles Law attached hereto as **Exhibit 2**, detail the respective levels of experience and years of law practice of the professionals and paraprofessionals involved and for which fees are sought. The rates fall well within the range of hourly rates which courts in the Eastern District of Kentucky have approved as reasonable in other civil rights cases within the last decade where prevailing parties were requesting attorneys' fees under 42 U.S.C. § 1988. *See, e.g., Miller v. Davis*, 267 F. Supp. 3d 961 (E.D. Ky. 2017) (approving hourly rates in the $250-$350 range); *Hart v. Thomas*, No. 3:16-cv-00092-GFVT-EBA, 2020 WL 708449 (E.D. Ky. Feb. 10, 2020) (approving hourly rates in the $200-$375 range); *Reece v Carey*, No. 3:16-00069-GFVT, 2022 WL 701015 (E.D. Ky. Mar. 8, 2022) (approving hourly rates in the $275-$400 range); *Roberts v. Beshear*, No. 2:20-cv-054-WOB-CJS, 2022 WL 4592538 (E.D. Ky. Sept. 29, 2022) (approving hourly rates in the $375-$400 range).

Further, in the case of PCLG, their Washington DC rates (as further described in the Declaration of Adam R. Pulver (the "Pulver Declaration") are reasonable, as PCLG was retained as a specialist to handle the drafting of Respondents' Brief in Opposition to Davis's Petition for Writ of Certiorari before the United States Supreme Court. These rates are further addressed in the Pulver Declaration attached hereto as **Exhibit 3**, including the authorities cited therein.

6

### C. Computation of Attorneys' Fees.

The exact Lodestar computation of fees for each firm is set forth in the Declarations filed contemporaneously herewith, multiplying Plaintiffs' respective counsels' hourly rates by the respective number of hours each contributed to this litigation. To summarize the Declarations, the Lodestar computations for each firm's fees are as follows:

| FIRM | RATES | HOURS | LODESTAR |
|---|---|---|---|
| DLG | $150–375 | 553.8 | $164,910.00 |
| Buckles Law | 300 | 158.9 | 47,670.00 |
| PCLG | $486–723 | 59.2 | 33,446.40 |

**TOTAL: $246,026.40**

### III. PLAINTIFFS ARE ENTITLED TO RECOVER THE FULL AMOUNT OF THEIR EXPENSES UNDER 42 U.S.C. § 1988.

Under 42 U.S.C. § 1988, as part of an attorneys' fee award, prevailing parties may also recover "incidental and necessary expenses incurred in furnishing effective and competent representation." *Miller*, 267 F. Supp. 3d at 993–94 (internal quotation marks omitted). "It is the responsibility of the prevailing party to document and provide evidence regarding the reasonableness of the costs and expenses for which it is seeking an award." *Id*. at 994. Reasonable expenses include those that are "incurred by the attorney which are normally charged to a fee-paying client." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 827 (6th Cir. 2013) (internal quotation marks omitted).

In this case, the expenses associated with the litigation of this action and the multiple appeals are detailed in the Declarations and attachments thereto and include ordinary expenses of the type normally charged to law firm clients, such as court filing fees, court reporter fees, electronic research on Westlaw and PACER, parking expenses, mileage reimbursements, hotel

7

expenses, copies and postage. The Declarations contain detailed information as to the expenses incurred by each of the three law firms representing Plaintiffs in this action and the multiple appellate proceedings. Plaintiffs submit that the Court should award all of the itemized expenses, which total $14,058.30.

## CONCLUSION

Plaintiffs are prevailing parties in this litigation, and as such are entitled to recover their reasonable attorneys' fees and expenses. The attached Declarations establish with sufficient particularity the requested hours, the reasonableness of the requested hourly rates, and the expenses incurred in connection with the instant litigation and multiple related appellate proceedings. Because Plaintiffs obtained a direct benefit from the $100,000 jury verdict that materially altered the parties' legal relationship, and because the claimed hours, hourly rates and expenses are reasonable, the Court should award Plaintiffs their requested attorneys' fees and expenses in full. The Court should therefore award $246,026.40 in attorneys' fees and $14,058.30 in expenses pursuant to 42 U.S.C. § 1988, for a total award of $260,084.70, which award should be contained in a final judgment together with the $100,000 awarded by the jury.

Respectfully submitted,

/s/ Michael J. Gartland
Michael J. Gartland, Esq.
DelCotto Law Group PLLC
200 North Upper Street
Lexington, KY  40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
mgartland@dlgfirm.com


-and-

8

        Joseph D. Buckles, Esq.
Buckles Law Office, PLLC
149 North Limestone
Lexington, KY  40507
Telephone: (859) 225-9540
Facsimile:  (859) 251-6020
Joe@JoeBuckles.com

COUNSEL FOR PLAINTIFFS
DAVID ERMOLD AND DAVID MOORE

### CERTIFICATE OF SERVICE

I hereby certify that this motion and accompanying proposed order has been electronically filed and served via the Court's ECF System on October 11, 2023.

/s/ Michael J. Gartland
Michael J. Gartland, Esq.
COUNSEL FOR PLAINTIFFS
DAVID ERMOLD AND DAVID MOORE

Plfs' mot for fees and expenses FV 20231011.doc

9