UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 15-46-DLB-EBA

DAVID ERMOLD and DAVID MOORE                                             PLAINTIFFS

v.                         **MEMORANDUM OPINION AND ORDER**

KIM DAVIS, *individually*                                                DEFENDANT

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court upon Plaintiffs David Ermold and Davis Moore's Motion for Award of Attorneys' Fees and Expenses (Doc. # 157). Defendant Kim Davis has filed a response to the Motion (Doc. # 162) and Plaintiffs have filed a reply (Doc. # 164). For the reasons set forth herein, the Court **grants** the motion and will award Plaintiffs $246,026.40 in attorneys' fees and $14,058.30 in expenses.

I.

The long and winding road of this litigation began at the Rowan County Clerk's Office in 2015 where then-Rowan County Clerk Defendant Davis repeatedly refused to issue marriage licenses to legally eligible couples following the Supreme Court's decision in *Obergefell v. Hodges*, 576 U.S. 644 (2015). Plaintiffs were one of those couples. On July 10, 2015, they filed this lawsuit against Davis alleging deprivation of their civil rights pursuant to 42 U.S.C. § 1983. The procedural history of this case is well documented in the record and the Court need not reiterate it in detail here. In sum, following extensive discovery, multiple motions, dispositive and otherwise, four appeals to the Sixth Circuit Court of Appeals, one petition for a writ of certiorari to the United States Supreme Court

1

and a three-day jury trial, this case is on the eve of final resolution. One issue remains – attorneys' fees and expenses.

By Memorandum Opinion and Order entered on March 18, 2022, this Court found that Davis violated Plaintiffs' Constitutional right to marry and that the only remaining issue was that of damages. Although Davis appealed, the Sixth Circuit affirmed. A jury trial on the issues of damages began on September 11, 2023. On the third day, the jury returned a verdict in favor of the Plaintiffs in the amount of $100,000.00. This Court then set a briefing scheduling for a motion for attorney's fees and expenses.

Plaintiffs timely filed such a motion, seeking $246,026.40 in attorneys' fees and $14,058.30 in expenses. Specifically, Plaintiffs claim fees in the amount of $51,230.04 for the Buckles Law Office, $175,408.26 for the DelCotto Law Group and $33,446.40 for the Public Citizens Law Group ("PCLG").

Defendant does not dispute the amount of expenses claimed but maintains that Plaintiffs' attorneys' fees should be reduced by roughly 56%, resulting in an award of $106,590.25.

## II.

It is well established that courts may grant "a reasonable attorney's fee as part of the costs" to "the prevailing party" in any action to enforce Section 1983. 42 U.S.C. § 1988(b). Having obtained summary judgment on liability and a jury award of damages, Plaintiffs are unquestionably the "prevailing party" and are entitled to an award of attorneys' fees and expenses. Indeed, Defendant concedes as much for the purposes of this motion. (Doc. # 162, p. 1, n. 1). The question remains, however, how much? This inquiry turns on what is reasonable. "The most useful starting point for determining the

amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This two-step calculation, known as the lodestar amount, provides an "initial estimate of the value of a lawyer's services." *Id*. "The product of reasonable hours times a reasonable rate does not end the inquiry." *Id.* 434. After determining the lodestar amount, the court can adjust the fee upward or downward "to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).

### III.

Defendant objects to the hourly rate of Plaintiffs' counsel, the hours expended as well as the retention of PCLG.

### A.

As Plaintiffs explain in their motion and supporting Declarations, PCLG, a public interest law firm in Washington. D.C. was retained in order to oppose Davis' petition for writ of certiorari to the United States Supreme Court. PCLG attorneys Adam R. Pulver, Kaitlin Leary and Allison Zieve contributed a total of 59.2 hours at rates ranging from $486 - $723 per hour, in preparing Plaintiffs' brief.

"Where a fee applicant seeks to recover fees for an out-of-town specialist, the district court must determine '(1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation.'" *Ne. Ohio Coal. for the Homeless*, 831 F.3d at 716 (quoting *Hadix v. Johnson*, 65 F.3d 532,

3

535 (6th Cir. 1995)).

Defendant objects as to both the retention of PCLG as well as its rates. However, as this Court recognized in approving the rates of out-of-town counsel in the related case of *Miller v. Davis*, the retention of specialists in constitutional litigation and accustomed to practicing in the Supreme Court was reasonable. *Miller v. Davis*, 267 F. Supp.3d. 961, 966 (E.D. Ky. 2017). Although Defendant insists that there is no need for expertise in opposing certiorari, she ignores that although Plaintiffs initially waived filing a response in opposition, the Supreme Court directed them to file one. As Plaintiffs point out, at that point, retaining counsel with experience in litigation before the high court was, at a minimum, reasonable.

As for the rates claimed by DC counsel, although "clearly … out of step with the local market," they are reasonable. *Id*. Defendant nonetheless objects, maintaining, first, that the rates are not properly supported, and, additionally, that Plaintiffs seek to, in effect, double dip. The Court disagrees. Plaintiffs cite to various court decisions awarding comparable rates for similar work, articles attesting to PCLG's expertise at the certiorari stage as well as the Fitzpatrick Matrix, which is essentially an updated version of a similar analysis relied upon by this Court in *Miller*. This is sufficient to establish the reasonableness of PCLG's rates. "A district court may look to 'a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.'" *Ne. Ohio Coal. for the Homeless,* 831 F.3d at 715 (quoting *Van Horn v. Nationwide Prop. & Cas. Ins.*, 436 F. App'x 496, 499 (6th Cir. 2011)).

As for Defendant's contention that Plaintiffs are only entitled to half of PCLG's fee because its opposition to certiorari was for both this case and the related case of *Yates v. Davis*, Case. No. 15-62, it belies logic. Pulver states in his Declaration that PCLG agreed to file a joint brief on behalf of Plaintiffs as well as James Yates and Will Smith. From this Defendant concludes that because the *Yates* plaintiffs did not prevail and are, thus, not entitled to fees, PCLG's fees should be reduced by half. However, the time expended on the joint brief was reasonable for Plaintiffs Ermold and Davis, regardless of the outcome in *Yates*. Given the identity of issues in these cases and the nature of the arguments in Davis' writ for certiorari and Plaintiffs' response, it cannot be said that PCLG's efforts would be different had it only filed the brief on behalf of Plaintiffs.

Having reviewed the record, the Court finds an award of $33,446.40 for the work contributed by PCLG to be reasonable.

**B.**

Plaintiffs were represented in this matter by Michael J. Gartland of the DelCotto Law Group and Joseph Buckles of Buckles Law Office in Lexington, Kentucky. Plaintiffs seek an award based upon a rate of $375 per hour for Gartland and $275 per hour for Buckles. Defendant objects to these rates based upon the rates approved by this Court in *Miller*. Defendant urges the Court to reduce the rates sought to $350 and $250 because those were the rates submitted and ultimately approved in *Miller.*

The Court finds that the rates sought by Plaintiffs are reasonable. The Court is not inclined to reduce these rates based upon what was found to the prevailing market rates **six years ago**. It is well within the bounds of reason that the hourly rates of counsel

5

would increase anywhere from roughly 7% to 10% over the course of six years. Accordingly, the hourly rates will be $375 for Gatland and $275 per hour for Buckles.

## C.

Plaintiffs seek an award for 553.8 hours of work expended by the DelCotto Law Group and 158.9 hours for work expended by Buckles Law Office.

"In calculating a fee applicant's lodestar, a district court should exclude hours that were not 'reasonably expended' by counsel." *Ohio Right to Life Soc'y, Inc.*, 590 F. App'x at 602 (quoting *Hensley*, 461 U.S. at 434). It is the burden of the party seeking attorneys' fees to adequately document "and submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly.'" *Id*. Furthermore, the "documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 533 (6th Cir. 2008). "There is no precise rule or formula for making these determinations." *Hensley*, 461 U.S. at 436. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award." *Id*. at 436-37.

The Court has reviewed the Declarations of counsel submitted by the Plaintiffs which include detailed time records. Given the nature of this case and its lengthy procedural history, the Court finds the hours expended to be reasonable.

6

Defendant argues that hours expended are excessive. She claims that the work done was duplicative and "largely mirrored prior litigation", i.e. *Miller*, and should be reduced by 30%. This argument ignores the realities of this litigation. While this case may have begun in the same manner as *Miller*, it quickly diverged onto its own protracted procedural path, including several appellate pitstops, taking more than eight years to reach its final conclusion. *Miller* was said and done in a quarter of that time, in just over two years from the filing of the Complaint to the award of fees.

Defendant next accuses Buckles of failing to keep contemporaneous time records and, as such, the hours submitted by him should be reduced by 30%. According to the Defendant, this reduction is warranted because Buckles did not attest to keeping contemporaneous records in his Declaration. Defendant takes this omission as an "admission" that Buckles' time records are incorrect. The Court is not willing to go that far. Nor will the Court engage in micro-litigation. As the Supreme Court admonished, "a request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel, yet which avoids producing a windfall for lawyers." *Adcock-Ladd*, 227 F.3rd at 349 (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). The Court finds that the hours expended by Buckles to be reasonable.

Finally, Defendant claims that Plaintiffs' award should be reduced for impermissible block billing and clerical tasks.

"Block billing involves identifying more than one task in a single billing entry." *Gibson v. Scott*, No. 2:12-cv-1128-GCS, 2014 WL 661716, at *4 (S.D. Ohio Feb. 19,

7

2014). Block billing is not *per se* improper; it 'can be sufficient' if the description of the work performed is adequate." *Ne. Ohio Coal. for the Homeless*, 831 F.3d at 705 n.7.

Defendant claims that 26.1 of the hours expended by the DelCotto Law Group is "block billed." A review of the time records reveals that when DelCotto made so-called block billing entries, most were annotated with a parenthetical showing to the tenth of an hour the time expended. This is sufficient in the reasonableness inquiry.

As for the "litany of clerical tasks" for which the Defendant maintains Plaintiffs are seeking compensation, it is exaggerated. A review of the pertinent records reveals that the tasks are not clerical, but substantive. Clerical work involves tasks that do not require legal knowledge, such as filing motions, preparing or reviewing summons, and receiving and filing correspondence. *Lay v. Astrue*, No. 5:10-cv-346-DLB, 2012 WL 5988822, at *5 (E.D. Ky. Nov. 29, 2012) (citing *B&G Mining, Inc. v. Office of Workers' Comp. Programs*, 522 F.3d 657, 666 (6th Cir. 2008) ("receiving and filing correspondence presumably constitutes clerical work")). Defendant erroneously categorizes emails between counsel and the clients regarding this litigation and the drafting of a fee agreement which hinges upon counsel's expanded role to be "clerical." However, these tasks are customarily performed by lawyers and billed as such. Indeed, as Plaintiffs point, Defendant's counsel has billed attorneys' rates for similar tasks and been awarded fees for the same in other cases.

Again, this Court is not inclined to split hairs in light of Plaintiffs' reasonable request. "[T]rial courts need not, and should not, become green-eyeshade accountants." *Fox*, 563 U.S. at 838. "The essential goal in shifting fees is to do rough justice, not to achieve auditing perfection." *Id*. Therefore, "trial courts may take into account their

8

overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Id*. The Court is mindful that in this case, Plaintiffs not only prevailed, but obtained the result sought. They sought to vindicate their fundamental right to marry and obtain marriage licenses; and they did so. They asked a jury to award them $50,000.00 each in damages and the jury did so. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," which will typically "encompass all hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 435. The Court has reviewed the Plaintiffs' submissions and finds that the hours expended, and the rates charged to be reasonable.

### IV.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Plaintiff David Ermold and David Moore's Motion for Award of Attorneys' Fees and Expenses (Doc. # 157) is **GRANTED**;

(2) Plaintiffs are awarded $246.026.40 in attorneys' fees; and

(3) Plaintiffs are awarded $14,058.30 in expenses.

A Judgment will be entered contemporaneously herewith.

This 28th day of December, 2023.



Signed By:
*David L. Bunning*
United States District Judge