**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 15-46-DLB-EBA**

**DAVID ERMOLD and DAVID MOORE**                                           **PLAINTIFFS**

**v.**                    **MEMORANDUM OPINION AND ORDER**

**KIM DAVIS,** *individually*                                                      **DEFENDANT**

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

      This matter is before the Court upon Defendant Kim Davis's Renewed Motion for Judgment as a Matter of Law (Doc. # 172). Plaintiffs have filed a response to the Motion (Doc. # 173) and Defendant filed a reply (Doc. # 174). For the reasons set forth herein, the Court **denies** the motion.

**I.**

      This case arises from then-Rowan County Clerk Defendant Davis repeated refusal to issue marriage licenses to legally eligible couples following the Supreme Court's decision in *Obergefell v. Hodges*, 576 U.S. 644 (2015). Plaintiffs were one of those couples. On July 10, 2015, they filed this lawsuit against Davis alleging deprivation of their civil rights pursuant to 42 U.S.C. § 1983. The protracted procedural history of this case is well documented in the record and the Court need not reiterate it in detail here. Ultimately, by Memorandum Opinion and Order entered on March 18, 2022, this Court found that Davis had violated Plaintiffs' Constitutional right to marry and that the only remaining issue was that of damages. Davis appealed, the Sixth Circuit affirmed and a jury trial on the issues of damages began on September 11, 2023.

1

At trial, Plaintiffs sought damages for emotional distress only, in the amount of $50,000 per Plaintiff. Their case-in-chief consisted of the testimony of the Plaintiffs as well as Defendant Davis.

At the conclusion of the presentation of evidence, Defendant made an oral motion for directed verdict pursuant to Fed. R. Civ. P. 50(a). This Court took the motion under advisement. The next day, the Court denied the motion. (Doc. # 170, p. 3-4, lines 13-25, 3-5, lines 1-11 and 3-6, lines 4-25). In doing so, the Court found that, in reviewing the evidence in the light most favorable to the nonmoving party, that each Plaintiff had established actual injury due to the denial of licenses, including emotional strain on their relationship, constant stress and humiliation. *Id.* The case was submitted to the jury which returned a verdict in favor of the Plaintiffs in the amount of $50,000 per Plaintiff, for a total of $100,000.00.

Following the trial, Plaintiffs sought, and this Court awarded, attorneys fees and costs. (Doc. # 157 and 165). Judgment was entered in favor of the Plaintiffs for $50,000 in compensatory damages for Plaintiff Ermold, $50,000 in compensatory damages for Plaintiff Moore, $246,026.40 in attorneys fees and $14,058.30 in expenses. (Doc. # 166).

Defendant now renews its motion for judgment as a matter of law, pursuant to Fed. R. Civ. P. 50(b), arguing, again, that Plaintiffs' proof as to their damages was insufficient, and the case should not have been submitted to a jury.

**II.**

Federal Rule of Civil Procedure 50(b) states in relevant part:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later

2

>than 28 days after entry of the judgment-or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged-the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

Fed. R. Civ. P. 50(b). This Court may grant the motion "only if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion." *Ford v. County of Grand Traverse*, 535 F. 3d 483, 494 (6th Cir. 2008). "[T]he motion may not be granted unless reasonable minds could not differ as to the conclusions to be drawn from the evidence." *Id.* This Court may not weigh the evidence, nor question the credibility of the witnesses. *Parker v. General Extrusions, Inc.*, 491 F. 3d 596, 602 (6th Cir. 2007); *see also, Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F. 3d 595, 598 (6th Cir. 2001). This Court may not substitute its judgment for that of the jury and must give the non-moving party "the benefit of all reasonable inferences." *Parker*, 491 F. 3d at 602. In order to succeed on a Rule 50(b) motion, the movant "must overcome the substantial deference owed a jury verdict." *Radvansky v. City of Olmsted Falls*, 496 F. 3d 609, 614 (6th Cir. 2007). This Court must "indulge all presumptions in favor of the validity of the jury's verdict," and "should refrain from interfering with a jury's verdict unless it is clear that the jury reached a seriously erroneous result." *Brooks v. Toyotomi Co.,* 86 F.3d 582, 588 (6th Cir.1996) (internal quotation marks and citations omitted).

### III.

Defendant contends that Plaintiffs did not present sufficient proof regarding their damages for emotional distress and, as such, the jury's verdict is invalid and she is

3

entitled to judgment as a matter of law.

It is well established that emotional distress damages are permissible in Section 1983 actions. *Erebia v. Chrysler Plastic Prods. Corp.*, 772 F.2d 1250, 1259 (6th Cir. 1985). Once a violation of civil rights is found, a plaintiff may recover damages for emotional distress upon a showing of sufficient evidence. *Morrow v. Igleburger*, 584 F.2d 767, 769 (6th Cir. 1978). What is sufficient in the context of damages for emotional distress is difficult to quantify. The damages may not be remote, speculative, or based on conjecture. *See generally*, *Carey v. Piphus*, 435 U.S. 247, 254 (1978). Nor may an award of damages for emotional distress be based solely upon the brief testimony of a plaintiff. *Rodgers v. Fisher Body Div., Gen. Motors Corp.*, 739 F.2d 1102, 1107 (6th Cir. 1984).

The proof offered by Plaintiffs here, in the form of their testimony as well as that of Defendant Davis, is sufficient. Plaintiff Ermold described his interactions with Defendant as "devastating." (Doc. # 169, p. 2-49, line 19). He felt "disgusted" and "humiliated." *Id.* at line 23. He recalled Davis referring to his husband "as less than a pedophile." *Id.* at p. 2-50, lines 7-8. His "pain and anguish" are "substantial", he feels it daily and it punctuates his wedding anniversary. *Id.* at p. 2-55, lines 19-25 and p. 2-56, lines 1-2.

Plaintiff Moore testified regarding the stress as well as the tension the events leading up to this lawsuit caused in his marriage. *Id*. at p. 2-18, lines 6-7 and p. 2-24, lines 6-7. He described his wedding memories as a "distorted nightmare situation" rather "fond" and "joyful." *Id.*

4

Defendant Davis testified that when Plaintiffs came to her office, seeking a marriage license and she denied their request, she knew they were upset. *Id.* at p. 2-130, lines 5-7.  She described the emotional confrontation and testified that "I could gather he was highly perturbed because I was not going to issue the license."  *Id.*  at lines 15-16.

This testimony is not speculative or based upon conjecture. Rather, it establishes actual injury at the hands of Defendant.  A jury could, and did, reasonably infer from the testimony the emotional damage suffered and awarded a sum accordingly.

On a Rule 50(b) motion, this Court  may not substitute its judgment for that of the jury and must give the non-moving party "the benefit of all reasonable inferences." *Parker*, 491 F. 3d at 602. The Court is mindful that a fine line exists between speculation and reasonable inference. *See Baltimore & O.R. Co. v. McAmis,* 220 F.2d 683, 687 (6th Cir. 1955). However, contrary to what Defendant maintains, the jury here did not draw inferences from a complete absence of proof.   There was ample testimony from not only Plaintiffs but the Defendant as well.

Nor is this a case of simply hurt feelings.  The detailed testimony establishes ongoing stress, anguish humiliation and tension. Yet, in painstakingly parsing the trial testimony and concluding that the evidence was insufficient and "fanciful", Defendant asks this Court to do precisely what it is prohibited from doing, to-wit, re-weigh the credibility of the witnesses. "The evidence should not be weighed, and the credibility of the witnesses should not be questioned. The judgment of this court should not be substituted for that of the jury; instead, the evidence should be viewed in the light most favorable to the party against whom the motion is made, and that party given the benefit of all reasonable inferences." *Williams v. Nashville Network*, 132 F.3d 1123, 1131 (6th Cir.

5

1997) (internal citations omitted). This Court will not "interfere with the jury's verdict unless it is clear that the jury reached a seriously erroneous result." *Id.* This jury's verdict was not clearly erroneous. It was based upon reasonable inferences drawn from trial testimony.

Further, the amount awarded was not "so excessive as to shock the conscience of the court." *See Rodgers*, 739 F.2d at 1106. The evidence here was not slight in any respect. Nor was it unspecific or illusory. Rather, it established that the Plaintiffs suffered actual injury in the form of emotional distress.

**IV.**

In order to clear the Rule 50(b) hurdle, there must be sufficient evidence upon which a reasonable trier of fact could have concluded as the jury actually did. Such is the case here. Accordingly,

**IT IS ORDERED** that Defendant Kim Davis's Renewed Motion for Judgment as a Matter of Law (Doc. # 172) be **DENIED**.

This 23rd day of April, 2024.



Signed By:
*David L. Bunning* DB
United States District Judge