UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND
CIVIL NO. 0:15-CV-00046-DLB

DAVID ERMOLD
DAVID MOORE                                                                                        PLAINTIFFS

v.

KIM DAVIS, INDIVIDUALLY                                                                   DEFENDANT

**PLAINTIFFS' NOTICE OF FILING OF DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAITNIFFS' POST-JUDGMENT DISCOVERY REQUESTS**

Plaintiffs David Ermold and David Moore ("Plaintiffs"), by counsel, and in response to the Court's Order of November 5, 2025 (Doc. 184), hereby file Defendant's Responses and Objections to Plaintiffs' Post-Judgment Discovery Requests served on November 3, 2025 (the "Response"). The Response is attached hereto as **Exhibit 1**. To add context to the discovery dispute, Plaintiffs state as follows:

1. On December 28, 2023, the Court entered a Judgment against Defendant Kim Davis ("Davis") in this action in the total amount of $360,084.70, which was final and appealable. *See* Doc. 184.

2. Davis filed a notice of appeal of the Judgment (Doc. 176) and lost (Doc. 179). It was her fourth loss at the Sixth Circuit in this action. *See* Docs. 21-22, 61-62, 112-113, and 179.

3. On August 26, 2025, Plaintiffs served Plaintiffs' Post-Judgment Interrogatories and Requests for Production to Defendant and filed a notice of service with respect to the same. *See* Doc. 182.

4. The docket of this action demonstrates that Davis rarely, if ever, has done anything on time and within the deadlines set by the Court or the Federal Rules of Civil Procedure. She has

done everything humanly possible to delay justice to Plaintiffs. The Response is her latest example.

5. True to form, on September 18, 2025, Daniel J. Schmid, Esq. ("Schmid"), one of several lawyers who has represented Davis in this action, sent an email to Plaintiffs' counsel that provided as follows:

> Defendant is in receipt of your post-judgment discovery requests, with responses and objections due September 25. Counsel have been working diligently on the responses to Plaintiffs' request, but request a modest 30-day extension of time, to and including October 27, 2025 to serve such responses. May I presume that Plaintiffs consent to the requested extension.

*See* attached **Exhibit 2**. Plaintiffs gave Davis her requested extension to October 27, 2025. *Id.*

6. Again, true to form, on October 25, 2025, Schmid sent an email to Plaintiffs' counsel requesting an extension of the October 27, 2025 deadline to November 7, 2025. Plaintiffs gave Davis until November 3, 2025.

7. On November 3, 2025, Davis emailed the Response to Plaintiffs' counsel. The Response and objections contained therein are patently deficient and not in compliance with Rule 33 and 34 of the Federal Rules of Civil Procedure.

8. The Response sets forth ridiculous, improper general objections. *See, e.g.*, *Davis v. Am. Highwall Mining, LLC*, No. 6:19-CV-00096-MAS, 2020 WL 5494520, at *2 (E.D. Ky. Sept. 11, 2020) (surveying apt authority concerning improper general objections); *Liguria Foods, Inc. v. Griffith labs, Inc.*, No. 14 Civ. 3041, 2017 WL 976626 (N.D. Iowa Mar. 14, 2017) (using "boilerplate" objections to discovery requests places counsel and their clients at risk of substantial sanctions).

9. The Response provides no information in response to the sixteen interrogatories. That is a violation of Rule 33(b)(3), which requires that "[e]ach interrogatory must, to the extent

it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Each "Objection/Response" to the sixteen interrogatories ends with a promise that Davis "will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search." Davis is required to serve answers to the interrogatories under oath, not promise to produce documents related to them at some unspecified time in the future, which contravenes Rule 34(b)(2)(B) (requiring that a document "production *must* be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."). Fed. R. Civ. P. 34(b)(2)(B) (emphasis added).

10. As to Plaintiffs' eleven requests for production of documents, David failed to state "whether any responsive materials are being withheld on the basis of [her general] objection[s]," as required by Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure. Worse yet, Davis failed to produce a single document to Plaintiffs in response to their eleven requests for production of documents. Plaintiffs did not agree to extend the document production deadline of November 3, 2025.

11. In a nutshell, the Response and objections contained therein cry out for sanctions against Davis and Schmid, who signed the Response and baseless objections.

        Respectfully submitted,

        /s/ Michael J. Gartland
        Michael J. Gartland, Esq.
        DelCotto Law Group PLLC
        200 North Upper Street
        Lexington, KY 40507
        Telephone: (859) 231-5800
        mgartland@dlgfirm.com
        COUNSEL FOR PLAINTIFFS
        DAVID ERMOLD AND DAVID MOORE

        -and-

>Joseph D. Buckles, Esq.
>Buckles Law Office, PLLC
>149 North Limestone
>Lexington, KY  40507
>Telephone: (859) 225-9540
>joe@joebuckles.com
>COUNSEL FOR PLAINTIFFS
>DAVID ERMOLD AND DAVID MOORE

## CERTIFICATE OF SERVICE

I hereby certify that this document was electronically filed and served via the Court's CM/ECF System on November 5, 2025.

>/s/ Michael J. Gartland
>Michael J. Gartland, Esq.
>COUNSEL FOR PLAINTIFFS
>DAVID ERMOLD AND DAVID MOORE

Plfs' notice of filing 20251105.docx