UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION
CIVIL ACTON NO. 0:15-CV-00046-DLB-EBA

DAVID ERMOLD, *et al.*

    Plaintiffs,

v.

KIM DAVIS, Individually,

    Defendant.

---

**PLAINTIFFS' MOTION TO COMPEL KIM DAVIS TO:
(1) SERVE COMPLETE ANSWERS TO PLAINTIFFS' POST-JUDGMENT INTERROGATORIES; (2) SERVE A COMPLIANT RESPONSE TO PLAINTIFFS' POST-JUDGMENT REQUESTS FOR PRODUCTION OF DOCUMENTS; AND (3) PRODUCE ALL DOCUMENTS RESPONSIVE TO SAID REQUESTS FOR PRODUCTION OF DOCUMENTS
AND
MOTION FOR SANCTIONS AGAINST DANIEL J. SCHMID FOR SERVING FRIVOLOUS OBJECTIONS TO PLAINTIFFS' POST-JUDGMENT DISCOVERY**

---

## INTRODUCION

Plaintiffs David Ermold and David Moore ("Plaintiffs"), by counsel, hereby move the Court to enter an order compelling Defendant Kim Davis ("Davis") to:

(1)     Serve complete answers to Plaintiffs' sixteen post-judgment interrogatories to Davis (the "Interrogatories"), all of which seek information concerning Davis's assets in one form or another;

(2)     Serve a proper and compliant response to Plaintiffs' eleven post-judgment requests for the production of documents to Davis (the "Document Request"); and

(3)     Produce all documents responsive to the Document Request, which seeks the production of non-privileged documents.

Plaintiffs also seek sanctions against Daniel J. Schmid, Esq. (the "Schmid") for signing frivolous objections to the Interrogatories and Document Request. These twenty-seven

objections are the most sanctionable objections the undersigned has ever read or heard about since he first became a licensed attorney on December 18, 1989.

## PROCEDURAL BACKGROUND

1. On July 10, 2015, Plaintiffs filed a Complaint With Jury Demand (Doc. 1) (the "Complaint") against Davis with this Court for violating their constitutional right to obtain a marriage license from Davis, in her capacity as the Clerk of Rowan County, after the United States Supreme Court issued its opinion in *Obergefell v. Hodges,* 576 U.S. 644 (2015). The sole cause of action asserted against Davis under the Complaint was a claim under 42 U.S.C. § 1983.

2. On August 4, 2015, Davis filed a Motion to Dismiss Plaintiffs' Complaint (Doc. 11), which was granted in part and denied in part by the Court's Memorandum Opinion and Order of September 15, 2017 (Doc. 49). There, this Court dismissed Plaintiffs' claim against Davis in her official capacity under the Eleventh Amendment and denied Davis's claim of qualified immunity. *Id.* Davis appealed to the Sixth Circuit Court (Doc. 51) and lost. *See Ermold v. Davis*, 936 F.3d 429 (6th Cir. 2019).

3. The parties engaged in discovery and in late July 2021, filed cross-motions for summary judgment on Davis's liability under 42 U.S.C. § 1983 and her claim of qualified immunity. *See* Docs. 88, 93. On March 18, 2022, the Court granted Plaintiffs' summary judgment motion and denied Davis's cross-motion for summary judgment. *See* Doc. 108. Davis appealed to the Sixth Circuit (Doc. 109) and lost again in a short-lived appellate proceeding. *See Ermold v. Davis*, Nos., 22-5260/5261, 2022 WL 4546726 (6th Cir. Sept. 29, 2022).

4. The case was tried to a jury on September 11-13, 2023. *See* Doc. 145, 148-149, 151. The jury returned a verdict in favor of Plaintiffs and awarded them each $50,000 of compensatory damages. *See* Doc. 152.

5. On October 11, 2023, Plaintiffs filed a motion for an award of attorneys' fees and expenses (Doc. 157), which was opposed by Davis. *See* Doc. 162. Plaintiffs prevailed and were awarded $246,026.40 of attorneys' fees and $14,058.30 of expenses, for a total award of $260,084.70. *See* Doc. 165.

6. On December 28, 2023, the Court entered a Judgment against Davis in the amount of $360,084.70. *See* Doc. 166.

7. On January 25, 2024, Davis fired her last blank with this Court when she filed a renewed motion for judgment as a matter of law. *See* Doc. 172. To nobody's surprise, that motion went down in flames on April 23, 2024. *See* Doc. 175.

8. On May 21, 2024, Davis appealed the Judgment to the Sixth Circuit (Doc. 176) and lost yet again on March 6, 2025. *See Ermold v. Davis*, 130 F.4th 553 (6th Cir. 2025).

9. On July 24, 2025, Davis filed a petition for certiorari with the United States Supreme Court, which commenced an appellate proceeding styled *Davis v. Ermold*, No. 25-125.

10. Even though execution with regard to the Judgment was not stayed, Plaintiffs waited until August 26, 2025, to serve Davis with Plaintiffs' Post-Judgment Interrogatories and Requests for Production to Defendant and filed a notice of service the same day. *See* Doc. 182.

11. The docket of this action demonstrates that Davis rarely, if ever, has done anything on time and within the deadlines set by the Court or the Federal Rules of Civil Procedure. She has done everything humanly possible to delay justice to Plaintiffs, and has gotten away with it for more than a decade.

12. True to form, on September 18, 2025, Schmid, one of several lawyers who has represented Davis in this action, sent an email to Plaintiffs' counsel that provided as follows:

> Defendant is in receipt of your post-judgment discovery requests, with responses and objections due September 25. Counsel have been working diligently on the responses to Plaintiffs' request, but request a modest 30-day extension of time, to

3

and including October 27, 2025 to serve such responses. May I presume that Plaintiffs consent to the requested extension.

13. Plaintiffs granted Davis her requested extension of time to October 27, 2025.

14. Again, true to form, on October 25, 2025, Schmid sent an email to Plaintiffs' counsel requesting an extension of the October 27, 2025 deadline to November 7, 2025. Plaintiffs gave Davis until November 3, 2025.

15. On November 3, 2025, Davis served Defendants' [sic] Responses and Objections to Plaintiffs' Post-Judgment Discovery Requests (the "Response"), a copy of which is attached hereto as **Exhibit 1**.

16. In response to each of the sixteen Interrogatories and eleven requests for the production of documents contained in the Document Request, Davis asserted more or less the same **OBJECTIONS/RESPONSE**, which was as follows:

> **OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information on property exemption from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a). Defendant further objects to this Interrogatory to the extent it seeks information exempt from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1).
>
> Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

17. The **OBJECTIONS/RESPONSE** is frivolous and not in compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure, which is par for the course.

18. On November 4, 2025, Plaintiffs' counsel called the chambers of Magistrate Judge Atkins to initiate a discovery dispute concerning the Response.

19. On November 5, 2025, Magistrate Judge Atkins entered an Order directing Plaintiffs to file the Response in the record by November 12, 2025. *See* Doc. 184. Plaintiffs complied the same day. *See* Docs. 185, 185-1.

20. On November 6, 2025, Magistrate Judge Atkins entered an Order authoring Plaintiffs to file "any motion concerning the disputed discovery requests no later than **November 14, 2025**." *See* Doc. 186 (emphasis in original).

21. On November 10, 2025, the United States Supreme Court denied Davis's petition for certiorari (Doc. 187), snuffing out her last hope of not paying the $360,084.70 Judgment, which is now final.

22. In an article appearing in the Herald-Leader on November 12, 2025, Mat Staver, the Founder and Chairman of Liberty Counsel—the organization that employs Schmid and has represented Davis from day one—is quoted as saying that Plaintiffs' post-judgment discovery requests are "too broad" and "they'll have to narrow them down." *See* attached **Exhibit 2**. Like virtually every contention made by Davis and her counsel in this case, the suggestion that any of Plaintiffs' post-judgment discovery requests are "too broad" is ludicrous.

# ARGUMENT

1. ***All of Davis's objections to the Interrogatories and Document Request are sheer nonsense.***

   A. <u>Davis's assertion of the attorney-client privilege is baseless</u>.

By the Interrogatories, Plaintiffs asked Davis to, among other things: identify "all accountants" that she has "retained within the past five (5) years in connection with her personal finances" (Int. #1); provide the name and address of her current employer and state the amount of her current salary and amount of money that she receives each pay period (Int. #2); the name of any person that Davis is providing independent contractor services to and her current rate of pay (Int. #3); identify each piece of real property in which Davis has an interest and state its present market value and mortgage balance (Int #4); identify all accounts maintained by Davis at all financial institutions during the past five years and state the present balance in each account (Int. #5); identify all motor vehicles owed by Davis and state the present market value and amount owed on any loan (Int. #6); identify all stocks and bonds owned by Davis and state the value of each (Int. #7); identify and describe all transfers of funds and assets by Davis in excess of $2,000 during the past five years (Int. #8); identify all life insurance policies owned by Davis and state the value and beneficiaries (Int. #9); identify all trusts of which Davis is a beneficiary (Int. #10); provide a list and description of all personal property assets owned by Davis, including the current value of each asset (Int. #12); provide information concerning Davis's transfer of her interest in 891 Island Fork Road, Morehead, Kentucky to Charles Michael Davis (Davis's son) and the consideration she received for the transfer (Int. #13); the number of copies of Under God's Authority: The Kim Davis Story that were sold in the past three years (Int. #15); and each speaking engagement that Davis was paid to participate in during the past five years (Int. #16). In response to all sixteen Interrogatories, Davis asserted the attorney-client privilege

even though the privilege is obviously inapplicable.

Davis did the same with respect to the eleven requests for the production of documents contained in the Document Request. These eleven requests sought production of, among other things: Davis's books and accounting records relating to her finances for the past five years (RFPD #1); the state and federal income tax returns filed Davis in the past five years, including all schedules and attachment thereto (RFPD #2); all deeds and documents concerning Davis's transfer of 891 Island Fork Road, Morehead, Kentucky to Charles Michael Davis (Davis's son) (RFPD #3); all monthly statements for all bank accounts maintained by Davis in the past three years (RFPD# 4); documents concerning all real property owned by Davis, including deeds, mortgage statements, tax assessments, and/or appraisals (RFPD # 6); copies of titles and registrations for all vehicles owned by Davis (RFPD #7); all documents concerning Davis's transfers of property exceeding the value of $1,000 in the past five years (RFPD #8); all life insurance policies under which Davis is an owner or a beneficiary (RFPD #9); all documents with respect to all trusts in which Davis has an interest or is a beneficiary (RFPD #10). None of the documents that Plaintiff seek production of could possibly implicate the attorney-client privilege.

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Durand v. The Hanover Ins. Grp., Inc.*, 244 F. Supp. 3d 594, 608 (W.D. Ky. 2016) (citing *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981)) (internal quotation marks omitted). The aim of this privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn*, 449 U.S. at 389. The attorney-client privilege "is not an absolute privilege [and] applies only where necessary to achieve its purpose and protects only those communications necessary to obtain legal advice." *In re*

*Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir. 1986). The elements of the privilege are as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his insistence permanently protected (7) from disclosure by himself or by the legal adviser, [and] (8) unless the protection is waived.

*Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998). The attorney-client privilege "is narrowly construed because it reduces the amount of information discoverable during the courts [sic] of the lawsuit." *Jackson v. Ethicon, Inc.*, 566 F. Supp. 3d 757, 763 (E.D. Ky. 2021) (quoting *U.S. v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997)). For this reason, "the party asserting the attorney-client privilege must prove its applicability." *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983).

Given the elements of the attorney-client privilege and its purpose, it is obvious that Davis's assertion of the privilege in response to all sixteen Interrogatories and all eleven requests for the production of documents was done in bad faith and to prevent Plaintiffs from obtaining **any** discoverable information concerning her assets so they can begin collecting the $360,084.70 Judgment. How is the name of Davis's accountants (Int. #1), a list of her assets and corresponding values (Int. #12), her state and federal tax returns (RFPD #2), monthly bank statements (RFPD #4), deeds, mortgage statements, tax assessments, or appraisals (RFPD #6), vehicle titles or registrations (RFPD #7), documents concerning Davis's asset transfers (RFPD #8), or life insurance policies (RFPD #9) protected by the attorney-client privilege? None of the information and documents sought are protected from disclosure by the attorney-client privilege and only an idiotic attorney would contend otherwise. In a nutshell, Davis does not have a prayer of carrying her burden of proving that the attorney-client privilege is applicable to any of the sixteen Interrogatories or eleven requests for the production of documents. Schmid should be

sanctioned for having made an objection predicated on the attorney-client privilege and having failed to provide any of the information required by Rule 26(b)(5)(A)(i)-(ii).[1]

B. *Davis's assertion of the work product doctrine is frivolous*.

Neither Davis nor Schmid have any idea what the attorney work product doctrine is all about. If they did, it would not have been asserted in the canned **OBJECTIONS/RESPONSE**.

"The protection afforded [attorney] work product is not a privilege" but rather "provides a qualified protection from discovery" of an attorney's "work product materials." *Durand*, 244 F. Supp. 3d at 615-616. The U.S. Supreme Court "first enunciated the protection afforded work product" in *Hickman v. Taylor*, 329 U.S. 495, 509-510 (1947), and Rule 26(b)(3) of the Federal Rules of Civil Procedure "later codified part of this protection." *Durand*, 244 F. Supp. 3d at 616. Analysis of whether the work product doctrine is applicable is a two-part test: "First, the Court must determine whether materials sought were prepared in anticipation of litigation ... by or for another party or by or for that other party's representative." *U.S. v. A.D. Roe Co., Inc.*, 904 F.

---

[1] Rule 26(b)(5)(A)(i)-(ii) provides:

(5) *Claiming Privilege or Protecting Trial-Preparation Materials*.

(A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

(B) *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Supp. 3d 592, 594 (W.D. Ky. 1995) (internal quotation marks omitted); *see also Durand*, 244 F. Supp. 3d at 616 ("To determine whether a document has been prepared in anticipation of litigation, and is thus protected work product, the Court must ask two questions: (1) whether that document was prepared because of a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable.") (internal quotation marks omitted). Like with the attorney-client privilege, the party claiming that a document is protected under the work product doctrine bears the burden of proof as to the matter. *Durand*, 244 F. Supp. 3d at 616.

It is obvious that none of the information sought by Plaintiffs in the sixteen Interrogatories and none of the documents requested in the Document Request implicate the work product doctrine because none of the documents were prepared "in anticipation of litigation." *A.D. Roe*, 904 F. Supp. 3d at 616; *Durand*, 244 F. Supp. 3d at 616. Only an attorney not well schooled in the law would contend otherwise. It is critical to note that Davis/Schmid failed to provide Plaintiffs with the information required by Rule 26(b)(5)(A)(i)-(ii). That Davis/Schmid claimed protection of documents under the work product doctrine is laughable and sanctionable.

> C. *Davis's objection that the Interrogatories and Document Request are "vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope" is ludicrous.*

Davis objected to the Interrogatories and Document Request "to the extent" that they are "vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope." All of these objections are utterly baseless and asserted in bad faith. All sixteen of the Interrogatories and all eleven of the requests for the production of documents are concise and fit squarely within the limits of post-judgment discovery in that they all seek information and/or documents concerning Davis's assets,

avoidable transfers made by Davis that are recoverable, and/or her ability to pay the $360,084.70 Judgment. The Court should reject and overrule Davis's meritless contention to the contrary.

> D. *Davis's objection that all eleven of the requests for production seek documents that are "personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes [sic] upon constitutional or statutory privacy rights" is sheer nonsense.*

Davis and her counsel have repeatedly failed to exercise a modicum of judgment in the litigation of this action. The objection that all eleven requests for the production of documents seek documents that are "personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights" is a perfect example. Because Plaintiffs are seeking to collect the $360,084.70 Judgment, all documents concerning Davis's financial condition, avoidable transfers that she has made, and/or her ability to pay the Judgment are discoverable and fair game. Her objection to the contrary is meritless and should be overruled.

> E. *Davis's objection that she is not required to produce documents that are public records finds no support in the law.*

Plaintiffs asked Davis to produce deeds (RFPD #2 and RFPD #6), vehicle titles and registrations (RFPD #7), and tax assessments (RFPD #6). If these documents are in Davis's "possession, custody, or control" within the meaning of Rule 34(a)(1) of the Federal Rules of Civil Procedure, she is required to produce them. Davis's objection that she is not required to produce "documents or information available from public records or third parties" is meritless and finds no support in the law and should be overruled.

> F. *Davis's objection that she is not required to provide information or produce documents concerning exempt assets is meritless.*

Plaintiffs seek information and documents concerning Davis's income from government programs (Int. #11), each pension, retirement plan, or deferred compensation plan from which

11

Davis is currently receiving or entitled to receive benefits (Int. #14; RFPD #5; and RFPD #11). Davis has objected to providing any such information or producing any responsive documents "to the extent" that the information or documents relate to:

1. "property exempt from execution, attachment, garnishment, or collection under KRS §427.010";

2. "property exempt from collection under K.R.S. §427.060";

3. "property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a)";

4. "property exempt from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110"; and

5. "information [sic] exempt from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1)."

These five objections are meritless because an individual debtor in a case under the United States Bankruptcy Code **must** disclose all such information on his or her schedules. *See* Schedule A/B; Property, Item 21 (requiring individual debtors to disclose "[r]etirement or pension accounts," including "[i]nterests in IRA, ERISA, KEOGH, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans."). That money held by Davis in a retirement or pension account might be unavailable to satisfy the $360,084.70 Judgment does not mean that information and documents concerning the same are not discoverable. The Court should overrule the five aforementioned objections, which find no support in the law.

> 2. ***The Court should compel Davis to serve complete answers to the sixteen Interrogatories, serve a compliant response to the Document Request, and produce all requested documents.***

Davis provided no information in response to the sixteen Interrogatories. That is a violation of Rule 33(b)(3), which requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). The canned **OBJECTIONS/RESPONSE** is nothing more than an improper "general objection,"

which is improper and sanctionable. *See, e.g.*, *Davis v. Am. Highwall Mining, LLC*, No. 6:19-CV-00096-MAS, 2020 WL 5494520, at *2 (E.D. Ky. Sept. 11, 2020) (surveying apt authority concerning improper general objections); *Liguria Foods, Inc. v. Griffith labs, Inc.*, No. 14 Civ. 3041, 2017 WL 976626 (N.D. Iowa Mar. 14, 2017) (using "boilerplate" objections to discovery requests places counsel and their clients at risk of substantial sanctions).

The last sentence of the **OBJECTIONS/RESPONSE** to each of the sixteen Interrogatories ends with a promise that Davis "will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search." How does one "produce all responsive, non-privileged answers" after a reasonable search? That makes no sense. That said, Davis is required to serve complete answers to the Interrogatories under oath, not make a promise to produce documents related to them at some unspecified time in the future, which contravenes Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure (requiring that a document "production *must* be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."). Fed. R. Civ. P. 34(b)(2)(B) (emphasis added).

As to Plaintiffs' eleven requests for the production of documents, Davis failed to produce a single document or state "whether any responsive materials are being withheld on the basis of [her general] objection[s]," as required by Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure. Plaintiffs did not agree to extend the document production deadline of November 3, 2025, and the Response did not set any time period for Davis to complete a document production that she never even started, which is a clear-cut violation of Rule 34(b)(2)(B) (requiring that a document "production *must* be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."). Fed. R. Civ. P. 34(b)(2)(B) (emphasis added).

The Court should enter an order requiring Davis to serve complete answers to all sixteen Interrogatories, a compliant response to all eleven requests for the production of documents, and produce all responsive documents within five days of the entry of an order granting this Motion.

> 3. ***The Court should exercise its inherit power to sanction Schmid or sanction Schmid under 28 U.S.C. § 1927 for asserting frivolous objections to Plaintiffs' sixteen Interrogatories and eleven requests for the production of documents.***

Article III courts "enjoy inherit power to sanction attorneys." *Downs v. Cooper*, 103 F.3d 472, 477 (6th Cir. 1996). The "imposition of inherent power sanctions requires a finding of bad faith," *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 507 (6th Cir. 2002), or conduct "tantamount to bad faith." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). "When a court metes out a sanction, it must exercise such power with restraint and discretion." *Id.* at 478 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). "The sanction levied must thus be commensurate with the egregiousness of the conduct." *Downs*, 103 F.3d at 478.

This Court may award sanctions under 28 U.S.C. § 1927 when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." *Id.* The Sixth Circuit recognizes this Court's ability to sanction an attorney under § 1927 "despite the absence of any conscious impropriety." *Rentz v. Dynasty Apparel Inds., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009) (internal quotation marks omitted). When sanctioning an attorney under Section 1927, "[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Rentz*, 556 F.3d at 396 (quoting *Ruben v. Warren City Schools*, 825 F.2d 977, 984 (6th Cir. 1987)) (internal quotation marks omitted). An attorney can be sanctioned under Section 1927 "without a finding of bad faith, at least when an attorney knows or reasonably should know that a

14

claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (quoting *Ruben*, 825 F.2d at 984) (internal quotation marks omitted).

Sanctions against Schmid are warranted under the Court's inherit power to sanction and/or 28 U.S.C. § 1927. The **OBJECTIONS/RESPONSE** asserted to all sixteen Interrogatories and all eleven requests for the production of documents was baseless, frivolous, in bad faith, and multiplied the proceedings in this action unreasonably and vexatiously. The Response contravened several of the Federal Rules of Civil Procedure, all of which are discussed above. Schmid's misconduct fell short of the obligations owed by a member of the bar to this Court and resulted in additional expense and delay to Plaintiffs.

## **CONCLUSION**

For all the foregoing reasons, this Court should enter an order granting this Motion and direct the undersigned to file an affidavit as to the reasonable attorney fee to be awarded to DelCotto Law Group PLLC for the time the undersigned spent preparing this Motion and will spend drafting a reply to any response to this Motion.

        Respectfully submitted,

        /s/ Michael J. Gartland
        Michael J. Gartland, Esq.
        DelCotto Law Group PLLC
        200 North Upper Street
        Lexington, KY 40507
        Telephone: (859) 231-5800
        mgartland@dlgfirm.com
        COUNSEL FOR PLAINTIFFS
        DAVID ERMOLD AND DAVID MOORE

        -and-

Joseph D. Buckles, Esq.
Buckles Law Office, PLLC
149 North Limestone
Lexington, KY  40507
Telephone: (859) 225-9540
joe@joebuckles.com
COUNSEL FOR PLAINTIFFS
DAVID ERMOLD AND DAVID MOORE

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was electronically filed and served via the Court's CM/ECF System on November 13, 2025.

/s/ Michael J. Gartland
Michael J. Gartland, Esq.
COUNSEL FOR PLAINTIFFS
DAVID ERMOLD AND DAVID MOORE

Plfs' motion to compel and for sanctions FV 20251113.doc