**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# ASHLAND DIVISION

| | | |
|---|---|---|
| **DAVID ERMOLD, ET AL.,** | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | 0:15-CV-00046-DLB |
| | : | |
| v. | : | DISTRICT JUDGE |
| | : | DAVID L. BUNNING |
| **KIM DAVIS, ET AL.,** | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' RESPONSES AND OBJECTIONS
## TO PLAINTIFFS' POST-JUDGMENT DISCOVERY REQUESTS

Defendant, by and through the undersigned counsel, hereby provides the following Responses and Objections to Plaintiffs' Post-Judgment Interrogatories and Requests for Production.

## GENERAL OBJECTIONS

1. Defendant objects to these Requests and Interrogatories to the extent they seek information protected by the attorney-client privilege or attorney work product doctrine, or other relevant privileges.

2. Defendant objects to each discovery Request and Interrogatory to the extent it seeks documents or information not in Defendant's possession, custody, or control.

3. Defendant objects to each Request and Interrogatory to the extent it seeks information relating to or concerning property exempt from execution, enforcement, garnishment, attachment, or other legal process under the laws of the United States or the Commonwealth of Kentucky.

4. Defendant objects to each Request and Interrogatory to the extent it seeks information that is not calculated to assist in the collection, execution, enforcement, garnishment, attachment or other legal process concerning the judgment entered in the above-captioned cause.

5. Defendant objects to each Request and Interrogatory to the extent it seeks information not reasonably calculated to lead to the discovery of evidence assisting in the collection of the judgment entered in this case and unnecessarily engaging into a fishing expedition of irrelevant and unnecessary information.

6. Defendant objects to each Request and Interrogatory to the extent it seeks information protected from disclosure, absent a protective order, and will maintain such objections until an appropriate protective order is issued in the above-referenced cause.

7. These General Objections are incorporated by reference into each specific response below. The assertion of these General Objections does not waive any specific objections stated below, and the assertion of specific objections does not waive these General Objections.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify all accountants you have retained within the past five (5) years in connection with your personal finances.

> **OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.
>
> Notwithstanding these objections, Defendant will produce all responsive, non-privileged

answers and documents related to this Interrogatory that are found after a reasonable search.

**INTERROGATORY NO. 2:** If you are currently employed, provide the name and address of your employer, your current salary, the amount you receive each pay period, and state how long you have been employed with said employer.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search.

**INTERROGATORY NO. 3:** If you are currently providing any services as an independent contractor, please identify those services, the name and address of the person who you are providing those services for, the rate at which you are being paid, the amount you have received to date, and how long you have been providing these services.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her

personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search.

**INTERROGATORY NO. 4:** Identify each property you own or in which you have an interest, and state the acquisition cost, present market value, mortgage balance, and amount of any income derived from the property.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from collection under K.R.S. §427.060.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search.

**INTERROGATORY NO. 5:** Identify all accounts you have maintained at any financial institution during the last five (5) years by providing the name and address of the institution, type of account, name on the account, account number, and present balance.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or

vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a).

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search.

**INTERROGATORY NO. 6:** Identify all motor vehicles that you own. For each motor vehicle, provide the corresponding license plate number, name of the state that issued the license plate, present market value of the vehicle, and amount you owe on the vehicle.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search.

**INTERROGATORY NO. 7:** Identify all stocks, bonds, and other securities that you own, and provide the location and value of each.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant

objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search.

**INTERROGATORY NO. 8:** Identify each transfer, including gifts, of funds and other assets that you have made in the past five years, including the amount of funds or type of asset, the recipient, and the reason for the transfer. For purposes of this Interrogatory, you need not identify transfers of less than two thousand dollars ($2,000) in the aggregate during any 12-month period or any payments made to credit card companies or mortgage holders.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search.

**INTERROGATORY NO. 9:** Identify all life insurance policies that you own. For each policy, provide the corresponding policy date, value, and beneficiary.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information on property exemption from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search.

**INTERROGATORY NO. 10:** Identify all trusts of which you are a beneficiary. For each trust, provide the name and address of the grantor, the name and address of the trustee, and the amounts of any distributions to you.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search.

**INTERROGATORY NO. 11:** Identify all benefits and income that you are entitled to receive through any government program or insurance policy.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information on property exempt from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a).

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search.

**INTERROGATORY NO. 12:** List and describe all other personal assets and sources of income not identified in your answers to the above interrogatories including, but not limited to, jewelry, cash, equipment, or other inventory, provide the name or description of the asset, the date the asset was acquired, the purchase price, the amount and source of the payment, the amount of debt outstanding on the asset, and the current value of each asset.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search.

**INTERROGATORY NO. 13:** Describe in detail the transfer of any interest you made in real property located at 891 Island Fork Road, Morehead, KY to Charles Michael Davis or any other person. Include:

    a.  the date of transfer;

    b.  the consideration paid, if any;

    c.  our relationship to the transferee;

    d.  whether you retained any interest or right of possession.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search.

**INTERROGATORY NO. 14:** Identify each pension, retirement plan, or deferred compensation plan from which you are currently receiving or entitled to receive benefits. State:

    a. the plan administrator's name and address;

    b. the amount of monthly benefits received or anticipated;

    c. whether you have the option to withdraw, roll over, or borrow against such benefits.

    d. Account benefits are deposited into.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information on property exemption from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a). Defendant further objects to this Interrogatory to the extent it seeks information exempt from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1).

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search.

**INTERROGATORY NO. 15:** Identify the number of copies of Under God's Authority: The Kim Davis Story that were sold or published in the past three (3) years by New Revolution Publishers, or the Liberty Counsel.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge or documents and information not in her possession, custody, or control.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search.

**INTERROGATORY NO. 16:** Identify each speaking engagement you were paid to participate in over the past five (5) years.

> **OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant further objects to this Interrogatory to the extent it seeks information protected against disclosure by the First Amendment to the United States Constitution and infringing upon her expressive associational rights.
>
> Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Interrogatory that are found after a reasonable search.

**OBJECTIONS AND RESPONSES REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** Produce all books and accounting records relating to your finances for the past five years.

> **OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.
>
> Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:** Produce copies of your state and federal income tax returns for the last five (5) years, including all schedules and attachments.

**OBJECTIONS/RESPONSE**: Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:** Produce all deeds, settlement statements, or other documents relating to the transfer of 891 Island Fork Road, Morehead, KY, including deeds to/from Charles Michael Davis.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:** Produce all monthly statements for any bank or credit union account maintained by you within the past three (3) years.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant

objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:** Produce documentation showing your current pension or retirement benefits, including award letters, plan statements, or summaries of benefits.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information on property exempt from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a). Defendant further objects to this Interrogatory to the extent it seeks information exempt from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1).

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents relating to any other real property you own, including deeds, mortgage statements, tax assessments, or appraisals.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant

13

objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.060.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:** Produce copies of titles, registrations, or loan documents for all vehicles you own.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents reflecting transfers of property or assets made by you in the past five (5) years with a value exceeding $1,000.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the

satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:** Produce copies of any life insurance policies under which you are owner or beneficiary.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information on property exemption from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a). Defendant further objects to this Interrogatory to the extent it seeks information exempt from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1).

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents reflecting any trusts or estate interests where you are designated as a beneficiary.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the

extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:** Produce all records of payments or distributions received by you from pensions, retirement plans, social security, or other government benefit programs within the past three (3) years.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information on property exemption from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a). Defendant further objects to this Interrogatory to the extent it seeks information exempt from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1).

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

| | /s/ Daniel J. Schmid |
|---|---|
| A.C. Donahue | Mathew D. Staver |
| Donahue Law Group, P.S.C. | Horatio G. Mihet |
| P.O. Box 659 | Daniel J. Schmid |
| Somerset, Kentucky 42502 | LIBERTY COUNSEL |
| (606) 677-2741 | P.O. Box 540774 |
| ACDonahue@DonahueLawGroup.com | Orlando, Florida 32854 |
| | (407) 875-1776 |
| | hmihet@LC.org |
| | dschmid@LC.org |
| | court@LC.org |

*Attorneys for Defendant, Kim Davis*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2025, I served a true and correct copy of the foregoing Responses and Objections to Plaintiffs' Post-Judgment Interrogatories and Requests for Production on Plaintiffs' counsel via electronic mail.

/s/ Daniel J. Schmid
Daniel J. Schmid