UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:15-CV-00046-DLB-EBA

DAVID ERMOLD, *et al.*,                                                                                           PLAINTIFFS,

V.                                                              **ORDER**

KIM DAVIS, *et al.*,                                                                                              DEFENDANTS.

*** *** *** ***

This matter is before the Court on Plaintiffs David Ermold and David Moore's (collectively, the Plaintiffs) motion to compel Defendant Kim Davis's response to sixteen interrogatories and eleven requests for production (RFPs) (collectively, the discovery requests). [R. 188]. Plaintiffs also seek sanctions against Davis's counsel for making "frivolous objections" to their discovery requests. [*Id.*].

After the record indicated that Davis had fully responded to the discovery requests, [R. 190; R. 195], the undersigned held a telephonic conference on February 13, 2026, to discuss the sufficiency of Davis's discovery responses and whether a dispute remained. [R. 196]. In the call, defense counsel indicated that, save a few documents which she was still working to obtain, Davis had turned over every responsive document in her possession, custody, and control. The Court cannot compel Davis to produce documents that do not exist or which are not within her possession, custody, or control. *Gluc v. Prudential Life Ins. Co. of Am.*, 309 F.R.D. 406, 416 (W.D. Ky. 2015). Accordingly, Plaintiffs' motion to compel is moot, and will be denied as such. *See*

*Hower v. Shelton*, No. 0:20-cv-00137-KKC-EBA, 2022 WL 4138572, at *4 (E.D. Ky. Sept. 12, 2022).

The only remaining issue is Plaintiffs' motion for sanctions against defense counsel for "asserting frivolous objections" to their discovery requests. [R. 188 at pgs. 14–15]. "Courts have great discretion in determining when to impose sanctions." *Dubuc v. Green Oak Twp.*, 482 Fed.Appx. 128, 133 n. 3 (6th Cir. 2012) (collecting cases). Here, the undersigned declines to impose sanctions because the circumstances do not indicate that Davis's objections warrant them. Moreover, although Plaintiffs obtained a favorable judgment in December 2023, they made no apparent effort to collect on that judgment until August 2025—with full knowledge that execution regarding the judgment was not stayed, [*see* R. 188 at pg. 3]—while Davis's petition for a writ of certiorari to the Supreme Court remained pending. [*Id.* at pgs. 3, 5]. So, the undersigned finds no discernable prejudice to Plaintiffs.

Finally, the materials before the undersigned evidence a high level of acrimony between counsel for both parties. [*See, e.g.*, R. 188 at pgs. 6, 11; R. 190 at pgs. 15–17; R. 190-1 at pgs. 9, 11, 16]. *Ad hominem* attacks are unnecessary and unhelpful, and counsel for both parties are hereby reminded of their obligations to the Court—and to each other—to handle this case in a respectful and professional manner.

Accordingly, having considered the issues and being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiffs' motion to compel and for sanctions, [R. 188], is **DENIED**.

Signed February 13, 2026.



Signed By:
*Edward B. Atkins*  EBA
**United States Magistrate Judge**