**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 15-46-DLB-EBA**

**DAVID ERMOLD and DAVID MOORE** **PLAINTIFFS**

**v.** **MEMORANDUM ORDER**

**KIM DAVIS, *individually*** **DEFENDANT**

* * * * * * * * * * * * * * * *

This matter is before the Court upon Plaintiffs David Ermold and Davis Moore's Motion for a Supplemental Award of Attorneys' Fees and Costs Incurred on Appeal (Doc. # 189). Defendant Kim Davis has filed a response to the Motion (Doc. # 192) and Plaintiffs have filed a reply (Doc. # 193). For the reasons set forth herein, the Court **grants** the motion and will award Plaintiffs $201,592.60 in attorneys' fees and $3,608.61 in costs.

**I.**

The lengthy factual and procedural history of this matter is well documented in the record herein and the Court need not recount it in detail. This litigation began at the Rowan County Clerk's Office in 2015 where then-Rowan County Clerk Defendant Davis repeatedly refused to issue marriage licenses to legally eligible couples following the Supreme Court's decision in *Obergefell v. Hodges*, 576 U.S. 644 (2015). Plaintiffs were one of those couples. On July 10, 2015, they filed this lawsuit against Davis alleging deprivation of their civil rights pursuant to 42 U.S.C. § 1983 here. Following extensive discovery, multiple motions, dispositive and otherwise, several appeals to the Sixth Circuit Court of Appeals, and one petition for a writ of certiorari to the United States Supreme

Court, it was ultimately determined that Davis violated Plaintiffs' Constitutional right to marry and that the only remaining issue was that of damages. A jury trial on the issue of damages began on September 11, 2023. On the third day, the jury returned a verdict in favor of the Plaintiffs in the amount of $100,000.00. Thereafter, Plaintiffs sought attorney's fees and expenses. (Doc. # 157). Over Defendant's objection, this Court granted Plaintiffs' motion and awarded them $246.026.40 in attorneys' fees and $14,058.30 in expenses. (Doc. #165). A judgment in that regard was entered contemporaneously (Doc. # 166). Undeterred, Davis sought reconsideration in this Court (Doc. # 172), to no avail (Doc. # 175). She then filed yet another appeal in the Sixth Circuit, which affirmed this Court's ruling (Doc. # 178). Despite these losses, Davis returned to the Supreme Court, seeking yet another writ of certiorari. (Doc. # 181).

During this time, Davis continuously avoided satisfying the judgment against her, prompting further motions and discovery. The Supreme Court denied certiorari and it seems as though the "long and winding road" of this case has finally come to end. (Doc. #165). Plaintiffs now seek an additional award of fees and cost incurred litigating Defendant's most recent appeal to the Sixth Circuit and her second petition to the Supreme Court. Defendant does not oppose the award of costs, nor does she contest the amount sought. Nor does she object to an award of fees but maintains that the amount should be reduced by almost seventy-five percent to $50,000.

**II.**

It is well established that courts may grant "a reasonable attorney's fee as part of the costs" to "the prevailing party" in any action to enforce Section 1983. 42 U.S.C. § 1988(b). Plaintiffs are unquestionably the "prevailing party" and are entitled to an award

of attorneys' fees and expenses. Indeed, Defendant concedes the same. The amount of any award turns on what is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This two-step calculation, known as the lodestar amount, provides an "initial estimate of the value of a lawyer's services." *Id*. "The product of reasonable hours times a reasonable rate does not end the inquiry." *Id.* 434. After determining the lodestar amount, the court can adjust the fee upward or downward "to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).

**III.**

Plaintiffs retained lawyers from the Institute for Constitutional Advocacy and Protection at Georgetown Law (ICAP) to represent them against Defendant's appeal from this Court's judgment and her second attempt to litigate this matter in the Supreme Court. In their motion and accompanying declarations, Plaintiffs set forth the justification for the amounts sought, specifically the hours expended and the rate charged by ICAP. In its previous order awarding fees, this Court determined that it is reasonable to retain specialized counsel for appellate work and that out-of-market rates are justified. (Doc. # 165, p. 3-5). Indeed, Defendant concedes as much while, at the same time, submitting that this Court erred and should not engage in the same analysis. (Doc. # 192, n.1). A footnote does not qualify as an appropriate vehicle for reconsideration and Court will not indulge Defendant's effort to relitigate those issues.

As to Defendant's assertion that an almost three-quarters reduction of the amount sought by Plaintiffs, to-wit, $50,000 is reasonable, she does not reveal how she arrived at this figure. Her calculus is a mystery. Further, while contending that excessive time was spent, she fails to specifically identify which time entries were, in her view, unwarranted. In addition, Defendant endeavors to differentiate between hours and rates for petitions seeking certiorari in the Supreme Court and those for opposing it. The lack of logic for this position aside, the Court must note here that Plaintiffs initially waived response to Defendant's petition. They submitted a brief only when directed to by the Supreme Court to do so. Moreover, the only case she cites in support of her assertion, *Deal ex rel Deal v. Hamilton County Department of Education*, 2006 WL 2854463 (E.D. Tenn. August 1, 2006), actually belies her argument. In *Deal,* the court awarded out-of-market rates to specialized counsel who drafted a brief in opposition to a petition for certiorari, specifically recognizing the "perceived need to hire a law firm with an experienced appellate practice for its opposition briefing." *Id.* at *16. Although the *Deal* court concluded that 400 hours was excessive, it awarded fees for 106 hours for drafting the brief. *Id.* Here, counsel spent fewer than 100 hours drafting its Supreme Court brief. Following *Deal*, cited by Defendant, Plaintiffs' current request is reasonable.

Having reviewed Plaintiffs' submissions, the Court finds that supplemental fees in the amount of $201,592.60 to be reasonable in this context. The Court notes that Plaintiffs attempted to "economize" by excluding time spent on emails, short meetings and basic proof-reading. They also excluded certain travel expenditures and are seeking counsel's lowest hourly rate for the lion's share of fees sought. Contrary to Defendant's conclusory assertions, the award sought by Plaintiffs appears to be measured, fair and rational.

## IV.

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Plaintiff David Ermold and David Moore's Motion for Award of Attorneys' Fees and Expenses (Doc. # 189) is **GRANTED**;

(2) Plaintiffs are awarded $201.592.60 in attorneys' fees; and

(3) Plaintiffs are awarded $3,608.61 in expenses.

This 6th day of May, 2026.

**Signed By:**

***David L. Bunning*** DB

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Ashland Civil\2015\15-46 Order Awarding Fees and Costs II.docx