UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND
CIVIL NO. 0:15-CV-00046-DLB

DAVID ERMOLD and
DAVID MOORE PLAINTIFFS

V.

KIM DAVIS DEFENDANT

---

**PLAINTIFFS' MOTION TO HOLD DEFENDANT KIM DAVIS IN CONTEMPT AND FOR SANCTIONS BASED ON FALSE STATEMENTS IN HER SWORN POST-JUDGMENT DISCOVERY RESPONSES**

---

Plaintiffs David Ermold and David Moore ("Plaintiffs") move the Court, pursuant to Fed. R. Civ. P. 26(g)(3) and 37, and the Court's inherent authority, *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), for an order requiring Defendant Kim Davis ("Davis") to show cause why she should not be held in contempt of Court, and for sanctions, on the ground that Davis's sworn responses to Plaintiffs' post-judgment interrogatories and requests for production are demonstrably false on the face of the certified public records of the Rowan County Clerk and the Rowan District Court. The same public records are the subject of the voidable transfer complaint that Plaintiffs filed against Davis and her transferees in the Rowan Circuit Court on July 15, 2026, a copy of which is attached hereto as Exhibit 1.

## I. PROCEDURAL BACKGROUND

On December 28, 2023, this Court entered a Judgment against Davis in the amount of $360,084.70, comprising compensatory damages of $50,000.00 for each Plaintiff, $246,026.40 in attorneys' fees, and $14,058.30 in expenses. (Doc. 166). The Sixth Circuit affirmed on March 6, 2025. *Ermold v. Davis*, 130 F.4th 553 (6th Cir. 2025). The Supreme Court denied Davis's petition

for a writ of certiorari on November 10, 2025. (Doc. 187). On May 6, 2026, the Court awarded Plaintiffs an additional $201,592.60 in attorneys' fees and $3,608.61 in expenses incurred on appeal. (Doc. 200). No stay of execution was ever entered, and the Judgment remains wholly unsatisfied; not less than $565,285.91 is now owed, exclusive of post-judgment interest.

On August 26, 2025, Plaintiffs served sixteen post-judgment interrogatories and eleven requests for production on Davis pursuant to Fed. R. Civ. P. 69(a)(2), and filed a notice of service. (Doc. 182). After two agreed extensions, Davis served responses on November 3, 2025 consisting entirely of objections, answering no interrogatory and producing no document. (Doc. 188-1). Plaintiffs moved to compel and for sanctions on November 13, 2025. (Doc. 188).

On December 3, 2025, Davis served her First Supplemental Responses and Objections to Plaintiffs' Post-Judgment Discovery Requests. The first document containing substantive answers was signed "/s/ Kimberley Davis" as to the answers. A true and correct copy is attached as Exhibit 2. Following Plaintiffs' notice of non-production (Doc. 194), Davis served her Second Supplemental Responses and a 114-page document production on January 28, 2026. A true and correct copy of the Second Supplemental Responses is attached as Exhibit 3.

On February 13, 2026, Magistrate Judge Atkins held a telephonic conference (Doc. 197) and thereafter denied Plaintiffs' motion to compel as moot, on the express premise that "the record indicated that Davis had fully responded to the discovery requests." (Doc. 198 at 1). Defense counsel had represented, in a declaration, that Davis provided "full and complete answers to every interrogatory." (Doc. 190-1, ¶ 21).

On July 13, 2026, undersigned counsel Joseph D. Buckles traveled to Morehead, Kentucky and retrieved certified records from the Rowan County Clerk's deed room, the Rowan County

PVA, and the Rowan District Court probate file, expending 5.0 hours in the research and retrieval of the records described in Part III below.

On July 15, 2026, based upon those certified records, Plaintiffs filed a voidable transfer action under KRS Chapter 378A against Davis, her transferees, the Kean Family Trust and its Co-Trustees, and the Co-Administrators of her mother's estate, styled *Ermold, et al. v. Davis, et al.*, Rowan Circuit Court, Civil Action No. 26-CI-90240, together with notices of lis pendens against the three transferred parcels. (Ex. 1).

Beginning July 14, 2026, and continuing through July 24, 2026, Plaintiffs' counsel conferred in good faith with Davis's counsel in an effort to resolve this dispute without Court intervention, as detailed in Part VI and in the LR 37.1 certification below. The effort failed.

## II. THE SWORN ANSWERS

Davis's First Supplemental Responses, served December 3, 2025 and signed by Davis as to the answers, state in relevant part:

> Answer to Interrogatory No. 4 (property interests): Davis "owns no property and has no interest in any property."
>
> Answer to Interrogatory No. 8 (transfers exceeding $2,000): Davis "has made no personal transfers of ether [sic] gifts, funds, or other assets that exceed $2,000.00 in the aggregate during any 12-month period relevant to the Interrogatory."
>
> Answer to Interrogatory No. 10 (trusts): Davis "is not the beneficiary of any trust."
>
> Answer to Interrogatory No. 5 (accounts): Davis identified a single joint account at Superior Credit Union with a present balance of $630.00, and one closed account.

Her Second Supplemental Responses, served January 28, 2026, state in relevant part:

> Response to Request No. 6 (real property documents): Davis "owns no real property and has no documents responsive to this request."

> Response to Request No. 8 (documents reflecting transfers exceeding $1,000): "the only transfer valued in excess of $1,000.00 was the assumption of debt by Charles M. Davis" concerning 891 Island Fork Road.
>
> Response to Request No. 10 (trust or estate interests): Davis "is not designated as a beneficiary in any trust or estate and therefore has no documents responsive to this request."

## III. THE CERTIFIED PUBLIC RECORD

The certified records of the Rowan County Clerk and the Rowan District Court establish the following. Each instrument described below is attached to, and made an exhibit of, the Rowan Circuit Court complaint attached hereto as Exhibit 1.

Davis's mother, Norma Jean Withrow Bailey, died intestate on January 11, 2025. Under KRS 391.010, title to her real estate descended immediately to her two heirs at law (Davis and Davis's brother, Darold Rayburn Bailey, Jr.), each taking an undivided one-half interest. The Affidavit of Descent of record at Deed Book 295, Page 200, Rowan County Clerk's Office, confirms Davis's fifty percent (50%) inheritance of record.

Davis and Bailey Jr. were appointed Co-Administrators of the Estate on or about February 5, 2025 (Rowan District Court Probate No. 25-P-00013). The inventory signed by Davis as Co-Administrator, lists an estate of approximately $735,230.00, including approximately $350,000.00 in bank, savings, and retirement accounts. The Estate remains open, and Davis holds an unpaid one-half distributive share.

By Deed of Conveyance dated April 8, 2025 and recorded at Deed Book 295, Page 202, Davis conveyed her interest in 116 Quail Hollow Road, Morehead, to Bailey Jr. and his wife. The deed recites that it is made "for no monetary consideration whatsoever," and its sworn consideration certificate under KRS 382.135 recites a fair cash value of $179,600.00.

By two Deeds of Conveyance dated May 27, 2025, recorded at Deed Book 295, Pages 605 and 609, Davis conveyed her interests in (a) a 50¾-acre farm and residence at 7935 U.S. Highway

60 East, and (b) 8120 U.S. 60 East, to the Kean Family Trust, created by agreement that very day, whose Co-Trustees are Davis's husband and son and whose beneficiaries the deeds recite are "the descendants of Kimberly Jean Davis." Each deed recites "no monetary consideration whatsoever"; the sworn consideration certificates recite fair cash values of $113,250.00 and $110,980.00.

Davis signed each of the three deeds, individually and as Co-Administrator. The aggregate certified fair cash value of the three parcels is $403,830.00; the value of Davis's conveyed one-half interests is $201,915.00. Davis remains in possession of the residence situated on the farm parcel she conveyed to the Trust.

## IV. <u>THE ANSWERS ARE FALSE, AND THE FALSITY WAS MATERIAL</u>

Set side by side, the sworn answers and the certified record cannot be reconciled:

| **Davis's Sworn Statement** | **The Certified Public Record** |
|---|---|
| Answer to Interrogatory No. 4 (Ex. 2): she "owns no property and has no interest in any property." | From January 11, 2025, Davis held a vested, undivided one-half interest in three Rowan County parcels by intestate descent (Affidavit of Descent, DB 295/200), which she did not convey away until April 8 and May 27, 2025; she also holds an unpaid one-half distributive share of an Estate inventoried at approximately $735,230.00 — an inventory she signed as Co-Administrator (Rowan Dist. Ct. No. 25-P-00013). |
| Answer to Interrogatory No. 8 (Ex. 2): she "has made no personal transfers of ether [sic] gifts, funds, or other assets that exceed $2,000.00 in the aggregate during any 12-month period relevant to the Interrogatory." | Three Deeds of Conveyance executed by Davis dated April 8, 2025 (DB 295/202), May 27, 2025 (DB 295/605), and May 27, 2025 (DB 295/609) conveyed her interests in the three parcels for "no monetary consideration whatsoever," with sworn consideration certificates reciting fair cash values of $403,830.00 in the aggregate (Davis's one-half interests, $201,915.00). |

| | |
|---|---|
| Answer to Interrogatory No. 10 (Ex. 2): she "is not the beneficiary of any trust." Response to Request No. 10 (Ex. 3): she "is not designated as a beneficiary in any trust or estate." | Davis is an heir at law and holds an unpaid one-half distributive share of her mother's open Estate (No. 25-P-00013); the Kean Family Trust created May 27, 2025. |
| Response to Request No. 6 (Ex. 3): she "owns no real property and has no documents responsive to this request." | Davis remains in possession of the residence at 7935 U.S. Highway 60 East, situated on the farm parcel she conveyed to the Kean Family Trust, and executed the very deeds that she failed to produce. |
| Response to Request No. 8 (Ex. 3): "the only transfer valued in excess of $1,000.00 was the assumption of debt by Charles M. Davis." | The three 2025 Deeds of Conveyance, bearing Davis's signature, transferred interests with a certified aggregate fair cash value of $403,830.00. None was produced or disclosed. |

The answers are not merely incomplete, they are contradicted by recorded instruments bearing Davis's own signature. Nor can the answers be reconciled with one another: if Davis truly "has made no personal transfers" exceeding $2,000.00, then she still owns one-half interests worth $201,915.00 at certified fair cash value and her answer that she "owns no property" is false; if instead she conveyed those interests, her denial of any transfer exceeding $2,000.00 is false. Both cannot be true, and in fact both are false.

The falsity was material, and it worked. This Court denied Plaintiffs' motion to compel as moot on the premise that "the record indicated that Davis had fully responded to the discovery requests" (Doc. 198 at 1), a premise supplied by answers that concealed more than half a million dollars in inherited and transferred assets, and by counsel's declaration that Davis had provided "full and complete answers to every interrogatory" (Doc. 190-1, ¶ 21). The concealment also forced Plaintiffs to discover the transfers themselves: undersigned counsel expended hours researching and retrieving the certified deed, PVA, and probate records from the Rowan County

Clerk's office and the Rowan District Court – records Interrogatory No. 8 and Request No. 8 obligated Davis to disclose in 2025.

## V. <u>ARGUMENT</u>

### A. An evasive or false answer is a failure to answer, and sanctions under Rule 26(g)(3) are mandatory.

Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). A false answer is worse than an evasive one. Every discovery response also bears counsel's certification under Rule 26(g)(1) that it is consistent with the rules and warranted by existing law, not interposed for any improper purpose, and neither unreasonable nor unduly burdensome, and "[i]f a certification violates this rule without substantial justification, the court, on motion or on its own, *must* impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both," including reasonable expenses and attorney's fees caused by the violation. Fed. R. Civ. P. 26(g)(3) (emphasis added).

### B. The Court's inherent authority reaches false sworn discovery responses, and contempt is the appropriate vehicle.

This Court possesses inherent authority to sanction bad-faith conduct that abuses the judicial process, up to and including conduct amounting to a fraud on the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (inherent-power sanctions require a finding of bad faith or conduct tantamount to bad faith). Serving sworn answers that deny, in the teeth of recorded instruments bearing the answering party's own signature, the existence of more than $400,000.00

in recent transfers is the paradigm of bad-faith abuse of the discovery process. Plaintiffs accordingly request that the Court order Davis to appear and show cause why she should not be held in contempt.

**C. Plaintiffs are entitled to their expenses, including the time counsel expended uncovering the falsity and subsequent motion.**

A party that prevails on a discovery motion is entitled to its reasonable expenses, including attorney's fees, Fed. R. Civ. P. 37(a)(5)(A), and Rule 26(g)(3) independently mandates fee-shifting for improper certifications. Undersigned counsel Joseph D. Buckles expended 5.0 hours researching and retrieving the certified records of the Rowan County Clerk, the Rowan County PVA, and the Rowan District Court that expose the falsity of Davis's sworn answers, work that would have been unnecessary had Davis answered Interrogatory No. 8 truthfully. At $275.00 per hour, the rate this Court found reasonable for Mr. Buckles in its Memorandum Opinion and Order awarding attorneys' fees (Doc. 165), that time totals $1,375.00. Counsel expended an additional 2.5 hours in the preparation of this Motion, bringing the total to 7.5 hours, or $2,062.50, at the same rate. Plaintiffs further seek reimbursement of the mileage counsel incurred traveling from his office in Lexington, Kentucky, to the Rowan County Clerk's office in Morehead, Kentucky, and back, to retrieve the certified records in the amount of $98.80, representing 130 miles round trip at the standard business mileage rate of $0.76 per mile.

## VI. THE MEET-AND-CONFER EFFORT

On July 14, 2026, Plaintiffs' counsel served a written demand for a meet-and-confer concerning the false Answer to Interrogatory No. 8 and the failure to produce the three Deeds of Conveyance, quoting the interrogatory, the answer, and the deeds. Counsel followed up on July

15, 16, and 17, 2026. In the ensuing exchanges, Plaintiffs conveyed a proposal to resolve the dispute. On July 23, 2026, Davis's counsel responded: "We have communicated your offer to our client, but we have not been given authority to accept it." After Davis neither accepted nor countered by the stated deadline, Plaintiffs filed this motion.

## VII. RELIEF REQUESTED

Plaintiffs respectfully request that the Court enter an order:

1. Requiring Davis to appear and show cause why she should not be held in contempt of Court for serving materially false sworn responses to Plaintiffs' post-judgment discovery requests;
2. Imposing sanctions against Davis under Fed. R. Civ. P. 26(g)(3) and 37 and the Court's inherent authority, including an award to Plaintiffs of $2,062.50 for the 7.5 hours of attorney time expended in uncovering the false answers and preparing this Motion, together with $98.80 in mileage counsel incurred traveling round trip between his office in Lexington and the Rowan County Clerk's office in Morehead to retrieve the certified records, and the reasonable attorneys' fees and expenses incurred in preparing any reply;
3. Directing Davis to serve amended, complete answers to Plaintiffs' post-judgment interrogatories and responses to Plaintiffs' requests for production verified under oath and signed by Davis within fourteen (14) days, without objection, all objections having been waived;
4. Directing Davis to produce all documents responsive to Plaintiffs' requests for production, including the three Deeds of Conveyance and all documents concerning the Kean Family Trust and the Estate of Norma Jean Withrow Bailey, within fourteen (14) days; and

5. Granting such other relief as the Court deems just, including such referral as the Court deems appropriate.

Respectfully submitted,

/s/ Joseph D. Buckles
Joseph D. Buckles, Esq.
BUCKLES LAW OFFICE, PLLC
149 North Limestone
Lexington, Kentucky 40507
(859) 225-9540
(859) 251-6020 (fax)
Joe@JoeBuckles.com
COUNSEL FOR PLAINTIFFS

-and-

Michael J. Gartland, Esq.
GARTLAND THACKER DELCOTTO PLLC
200 North Upper Street
Lexington, Kentucky 40507
(859) 420-8733
mgartland@gtdfirm.com
CO-COUNSEL FOR PLAINTIFFS

CERTIFICATION PURSUANT TO LR 37.1

Pursuant to LR 37.1, the undersigned certifies that counsel for Plaintiffs conferred in good faith with counsel for Defendant in an effort to resolve the matters raised in this Motion and were unable to resolve their differences.

/s/ Joseph D. Buckles
Joseph D. Buckles, Esq.
COUNSEL FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I hereby certify that this document was electronically filed and served via the Court's CM/ECF system upon all counsel of record.

/s/ Joseph D. Buckles
Joseph D. Buckles, Esq.
COUNSEL FOR PLAINTIFFS