# EXHIBIT 1

Complaint, Ermold, et al. v. Davis, et al.,
Rowan Circuit Court, Civil Action No. 26-CI-90240
(filed July 15, 2026)

COMMONWEALTH OF KENTUCKY
ROWAN CIRCUIT COURT
*Electronically Filed*

DAVID ERMOLD and PLAINTIFFS

DAVID MOORE

v.

KIMBERLY JEAN DAVIS a/k/a KIMBERLY BAILEY DAVIS;
Serve: 7935 US Highway 60 East
Morehead, Kentucky 40351

DAROLD RAYBURN BAILEY, JR.;
Serve: 1677 Holly Fork Road
Morehead, Kentucky 40351

KRISTI SMITH BAILEY;
Serve: 1677 Holly Fork Road
Morehead, Kentucky 40351

JOE DAVIS, individually and as Co-Trustee of the
KEAN FAMILY TRUST, U/A/D May 27, 2025;
Serve: 79 Knipp Road
Morehead, Kentucky 40351

NATHAN DAVIS, individually and as Co-Trustee
of the KEAN FAMILY TRUST, U/A/D May 27, 2025;
Serve: 8120 US 60 East
Morehead, Kentucky 40351

KIMBERLY JEAN DAVIS and DAROLD RAYBURN BAILEY, JR.,
in their capacities as CO-ADMINISTRATORS of the ESTATE
OF NORMA JEAN WITHROW BAILEY, Rowan District Court
Probate No. 25-P-00013; and
Serve: Kimberly Jean Davis, 7935 US Highway 60 East
Morehead, Kentucky 40351
Serve: Darold Rayburn Bailey, Jr., 1677 Holly Fork Road
Morehead, Kentucky 40351

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000001 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000001 of 000065

KEAN FAMILY TRUST, U/A/D May 27, 2025, DEFENDANTS
Serve: Co-Trustees, Joe Davis and Nathan Davis,
8120 US 60 East
Morehead, Kentucky 40351

---

**COMPLAINT**

---

Plaintiffs David Ermold and David Moore ("Plaintiffs"), for their Complaint against the Defendants, state as follows:

**PARTIES**

1. Plaintiff David Ermold is an individual and a judgment creditor of Defendant Kimberly Jean Davis also known as Kimberely Bailey Davis ("Davis").

2. Plaintiff David Moore is an individual and a judgment creditor of Davis.

3. Davis is a resident of Rowan County, Kentucky, with a last known address of 7935 U.S. Highway 60 East, Morehead, Kentucky 40351, and an address of record in the Deeds of Conveyances described herein and attached hereto of 79 Knipp Road, Morehead, Kentucky 40351.

4. Defendant Darold Rayburn Bailey, Jr. ("Bailey Jr.") is Davis's brother and a resident of Rowan County, Kentucky, with an address of 1677 Holly Fork Road, Morehead, Kentucky 40351. Bailey Jr. and Davis are the Co-Administrators of the Estate of Norma Jean Withrow Bailey, Rowan District Court, Probate No. 25-P-00013.

5. Defendant Kristi Smith Bailey is the wife of Bailey Jr. and a resident of Rowan County, Kentucky, with an address of 1677 Holly Fork Road, Morehead, Kentucky 40351.

6. Defendant Joe Davis is the husband of Davis and a resident of Rowan County, Kentucky. He is sued individually and in his capacity as Co-Trustee of the Kean Family Trust, U/A/D May 27, 2025, whose address of record is 8120 U.S. 60 East, Morehead, Kentucky 40351.

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000002 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000002 of 000065

7. Defendant Nathan Davis is the son of Davis and a resident of Rowan County, Kentucky. He is sued individually and in his capacity as Co-Trustee of the Kean Family Trust, U/A/D May 27, 2025, whose address of record is 8120 U.S. 60 East, Morehead, Kentucky 40351.

8. Defendant Kean Family Trust, U/A/D May 27, 2025 (the "Trust"), is a trust created under an agreement dated May 27, 2025, whose Co-Trustees are Joe Davis and Nathan Davis and whose beneficiaries, according to the Deeds Of Conveyances described below, are "the descendants of Kimberly Jean Davis."

9. Defendants Davis and Bailey Jr. are also sued in their respective capacities as Co-Administrators of the Estate of Norma Jean Withrow Bailey, Rowan District Court Probate No. 25-P-00013 (the "Estate"). The Estate remains open and unsettled, and no final settlement has been filed.

**<u>JURISDICTION AND VENUE</u>**

10. This Court has jurisdiction over the subject matter of this action pursuant to KRS § 23A.010, the amount in controversy exceeding the jurisdictional threshold of this Court, and the relief sought including the avoidance of transfers of real property situated in Rowan County, Kentucky.

11. Venue is proper in Rowan County pursuant to KRS § 452.400 and KRS § 452.450 because the real property that is the subject of this action is situated in Rowan County and the Defendants reside in Rowan County.

**<u>THE FEDERAL JUDGMENT</u>**

12. On December 28, 2023, the United States District Court for the Eastern District of Kentucky entered judgment in *Ermold v. Davis*, Civil Action No. 0:15-cv-00046-DLB-EBA (the "Federal Action"), in favor of Plaintiffs and against Davis in the amounts of $50,000.00 for

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000003 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000003 of 000065

Plaintiff David Ermold, $50,000.00 for Plaintiff David Moore, $246,026.40 in attorneys' fees, and $14,058.30 in expenses, for a total of $360,084.70 (the "Judgment"). A true and correct copy of the Judgment is attached as **Exhibit A**.

13. No stay of enforcement of the Judgment was ever entered. The United States Court of Appeals for the Sixth Circuit affirmed the Judgment on March 6, 2025. *Ermold v. Davis*, 130 F.4th 553 (6th Cir. 2025). The Supreme Court of the United States of America denied Davis's petition for a writ of certiorari on November 10, 2025.

14. On May 6, 2026, the District Court entered a further order awarding Plaintiffs an additional $201,592.60 in attorneys' fees and $3,608.61 in expenses incurred in defending the Judgment on appeal. A true and correct copy of that Order is attached as **Exhibit B**.

15. The Judgment remains unsatisfied. As of the filing of this Complaint, the amount due is not less than $565,285.91, exclusive of accruing post-judgment interest under 28 U.S.C. § 1961. Plaintiffs' claims against Davis arose in July 2015, when the conduct giving rise to the Judgment occurred. It is beyond dispute that Plaintiffs' claims against Davis arose approximately ten years before the three transfers described below. Plaintiffs are "creditors" holding a "claim" within the meaning of KRS § 378A.005, and were creditors whose claims arose before each transfer challenged herein.

## DAVIS'S INHERITANCE

16. Norma Jean Withrow Bailey, the mother of Davis and Bailey Jr., died intestate on January 11, 2025, a resident of Rowan County, Kentucky.

17. On or about February 5, 2025, Davis and Bailey Jr. were appointed Co-Administrators of their mother's estate by the Rowan District Court in Probate No. 25-P-00013. The inventory filed in that proceeding, signed by the Co-Administrators, lists an estate of

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000004 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000004 of 000065

approximately $735,230.00, including approximately $350,000.00 in bank, savings, and retirement accounts and $25,000.00 in tangible personal property, together with the real property described below.

18. Pursuant to KRS § 391.010, upon their mother's death intestate, title to her real estate descended immediately to Davis and Bailey Jr., her only heirs at law, each taking an undivided one-half interest, subject to administration. The Affidavit of Descent of record in Deed Book 295, Page 200, Rowan County Clerk's Office, executed by Bailey Jr. on April 8, 2025, confirms of record that Davis and Bailey Jr. each inherited a fifty percent (50%) interest in their mother's Rowan County real property.

19. At her death, Norma Jean Withrow Bailey was the sole owner of three parcels of Rowan County real estate, having survived her husband Darold R. Bailey, Sr. under survivorship deeds of record: (a) the residence at 116 Quail Hollow Road, Morehead; (b) a farm of approximately 50¾ acres, less exceptions, on U.S. Highway 60 East, on which the residence at 7935 U.S. Highway 60 East is situated; and (c) the residence at 8120 U.S. 60 East, Morehead, consisting of 2.933 acres.

20. From January 11, 2025 forward, Davis accordingly owned a vested, undivided one-half interest in each of the three parcels, while the Judgment against her stood affirmed and wholly unpaid.

## THE TRANSFERS

21. Thirty-three days after the Sixth Circuit affirmed the Judgment, by Deed of Conveyance dated April 8, 2025, and recorded on April 11, 2025, in Deed Book 295, Page 202, Rowan County Clerk's Office (the "Quail Hollow Deed"), Davis, individually and as Co-Administrator, together with Joe Davis, Bailey Jr., and Kristi Smith Bailey, conveyed the Quail

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000005 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000005 of 000065

Hollow property to Bailey Jr. and Kristi Smith Bailey. The Quail Hollow Deed recites that the conveyance is made "for and in consideration of the division of the assets of their mother, Norma Jean Bailey, and the love and affection which the parties have for each other … and for no monetary consideration whatsoever," and its consideration certificate certifies a fair cash value of $179,600.00. A certified copy of this Deed of Conveyance is attached hereto as **Exhibit C**.

22. By Deed of Conveyance dated May 27, 2025, and recorded May 28, 2025, in Deed Book 295, Page 605 (the "Farm Deed"), the same grantors conveyed the 50¾-acre farm parcel, including the residence at 7935 U.S. Highway 60 East where Davis resides, to Joe Davis and Nathan Davis as Co-Trustees of the Trust. The Farm Deed recites the identical "no monetary consideration whatsoever" language and certifies a fair cash value of $113,250.00. A certified copy of this Deed of Conveyance is attached hereto as **Exhibit D**.

23. By a second Deed of Conveyance dated May 27, 2025, and recorded May 28, 2025, in Deed Book 295, Page 609 (the "8120 Deed," and together with the Quail Hollow Deed and the Farm Deed, the "Transfers"), the same grantors conveyed the 8120 U.S. 60 East parcel to Joe Davis and Nathan Davis as Co-Trustees of the Trust. The 8120 Deed recites the identical "no monetary consideration whatsoever" language and certifies a fair cash value of $110,980.00. A certified copy of this Deed of Conveyance is attached hereto as **Exhibit E**.

24. The Trust was created by agreement dated May 27, 2025, the very day of the Farm Deed and the 8120 Deed. The deeds recite that the beneficiaries of the Trust "are the descendants of Kimberly Jean Davis." The Trust's address of record, 8120 U.S. 60 East, is the property conveyed to it.

25. By the Transfers, Davis conveyed away her entire vested interest in her inherited real estate, undivided one-half interests having an aggregate certified fair cash value of not less

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000006 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000006 of 000065

than $201,915.00, for no monetary consideration whatsoever, to her brother and sister-in-law, and to a trust controlled by her husband and son for the benefit of her own descendants.

26. Davis has at all relevant times remained in possession of the residence at 7935 U.S. Highway 60 East, situated on the farm parcel she conveyed to the Trust.

**DAVIS'S CONCEALMENT OF THE TRANSFERS**

27. In post-judgment discovery in the Federal Action, Davis served sworn supplemental interrogatory answers dated December 3, 2025, in which she stated, among other things, that "she owns no property and has no interest in any property" (Answer to Interrogatory No. 4) and that "she has made no personal transfers of either gifts, funds, or other assets that exceed $2,000.00 in the aggregate during any 12-month period" (Answer to Interrogatory No. 8), and that "she is not the beneficiary of any trust" (Answer to Interrogatory No. 10). A true and correct copy of Davis's First Supplemental Responses and Objections to Plaintiffs' Post-Judgment Discovery Requests, served December 3, 2025, is attached hereto as **Exhibit F**.

28. In further responses dated January 28, 2026, Davis stated that "the only transfer valued in excess of $1,000.00 was the assumption of debt by Charles M. Davis" concerning an unrelated property (Response to Request No. 8), and that "she is not designated as a beneficiary in any trust or estate" (Response to Request No. 10), notwithstanding the Affidavit of Descent of record confirming her fifty percent inheritance and the probate inventory she signed as Co-Administrator. A true and correct copy of Davis's Second Supplemental Responses and Objections to Plaintiffs' Post-Judgment Discovery Requests, served January 28, 2026, is attached hereto as **Exhibit G**.

29. Davis's sworn statements concealed the Transfers from the very creditors pursuing collection of the Judgment, and constitute concealment within the meaning of KRS

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000007 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000007 of 000065

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000008 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000008 of 000065

§ 378A.040(2)(c), as well as admissions that she received nothing of value in exchange for the Transfers.

**TRANSFERS OF ESTATE FUNDS AND PERSONALTY**

30. Upon information and belief, in addition to the Transfers of real property described above, funds and personal property of the Estate, including some portion of the approximately $350,000.00 in bank, savings, and retirement accounts and the $25,000.00 in tangible personal property listed on the Estate's inventory, have been transferred, distributed, or diverted by the Co-Administrators, without order of the Rowan District Court and without consideration, to one or more of the Defendants, including the Trust (the "Estate Transfers").

31. To the extent of Davis's one-half distributive share, each Estate Transfer was a transfer of an asset of Davis within the meaning of KRS § 378A.010, made while Plaintiffs' claims were outstanding, without reasonably equivalent value in exchange, and with actual intent to hinder, delay, or defraud Plaintiffs. Each Estate Transfer is voidable, and the property or its value is recoverable from the first transferee, to the same extent as the Transfers of real property described above.

**COUNT I: VOIDABLE TRANSFER FOR ACTUAL INTENT (KRS § 378A.040(1)(a))**

32. Plaintiffs restate the foregoing paragraphs as if fully set forth herein.

33. Each of the Transfers was a "transfer" of an "asset" of a "debtor" as these words are defined in KRS §§ 378A.010(2), 378A.010(6), and 378A.010(16).

34. Davis made each Transfer with actual intent to hinder, delay, or defraud her creditors, including Plaintiffs, within the meaning of KRS § 378A.040(1)(a).

35. The badges of fraud enumerated in KRS § 378A.040(2) are present in overwhelming number: (a) each transferee was an insider: her brother and sister-in-law, and a trust

whose trustees are her husband and son and whose beneficiaries are her descendants (KRS § 378A.040(2)(a)); (b) Davis retained possession of the residence situated on property conveyed to the Trust (KRS § 378A.040(2)(b)); (c) Davis concealed the Transfers in sworn post-judgment discovery responses (KRS § 378A.040(2)(c)); (d) before the Transfers were made, Davis had not merely been sued but had suffered a final judgment, affirmed on appeal thirty-three days before the first Transfer (KRS § 378A.040(2)(d)); (e) the Transfers comprised substantially all of Davis's non-exempt assets (KRS § 378A.040(2)(e)); (f) the value of the consideration received (none) was not reasonably equivalent to the value of the assets transferred (KRS § 378A.040(2)(h)); and (g) Davis was insolvent at the time of the Transfers or became insolvent as a result of them, her liability on the Judgment vastly exceeding her assets (KRS § 378A.040(2)(i)).

36. Each Transfer is therefore voidable by Plaintiffs to the extent necessary to satisfy their claim, pursuant to KRS § 378A.040(1)(a) and KRS § 378A.070(1)(a).

**COUNT II: VOIDABLE TRANSFER BY**
**CONSTRUCTIVE FRAUD (KRS § 378A.040(1)(b))**

37. Plaintiffs restate the foregoing paragraphs as if fully set forth herein.

38. Davis did not receive reasonably equivalent value in exchange for any of the Transfers; on the face of each deed she received "no monetary consideration whatsoever."

39. At the time of each Transfer, Davis was engaged or about to engage in a transaction for which her remaining assets were unreasonably small in relation to the transaction, or she intended to incur, or believed, or reasonably should have believed, that she would incur debts beyond her ability to pay as they became due, within the meaning of KRS § 378A.040(1)(b).

40. Each Transfer is therefore voidable pursuant to KRS § 378A.040(1)(b) and KRS § 378A.070.

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000009 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
COM : 000009 of 000065

**COUNT III: VOIDABLE TRANSFER AS TO A PRESENT CREDITOR**
**(KRS 378A.050(1))**

41. Plaintiffs restate the foregoing paragraphs as if fully set forth herein.

42. Plaintiffs' claims arose before each of the Transfers.

43. Davis made each Transfer without receiving reasonably equivalent value in exchange, and Davis was insolvent at the time of each Transfer or became insolvent as a result thereof. Under KRS § 378A.020, a debtor whose debts exceed the fair valuation of her assets is insolvent, and insolvency is presumed where the debtor is generally not paying her debts as they become due.

44. Each Transfer is therefore voidable pursuant to KRS § 378A.050(1) and KRS § 378A.070(1)(a), without regard to intent.

**COUNT IV: JUDGMENT AGAINST FIRST TRANSFEREES (KRS § 378A.080)**

45. Plaintiffs restate the foregoing paragraphs as if fully set forth herein.

46. Bailey Jr. and Kristi Smith Bailey are the first transferees of the Quail Hollow Deed. The Trust and its Co-Trustees are the first transferees of the Farm Deed and the 8120 Deed. Upon information and belief, the Trust is also the first transferee of the Estate Transfers.

47. No transferee took in good faith and for a reasonably equivalent value: each deed recites on its face that no monetary consideration whatsoever was paid, each transferee is an insider with knowledge of the Judgment, and the Trust was created the same day as the deeds conveying property to it.

48. To the extent the Transfers are voidable, Plaintiffs are entitled, in the alternative to avoidance, to judgment against the first transferees for the value of the assets transferred at the time of the Transfers, or the amount necessary to satisfy Plaintiffs' claim, whichever is less, pursuant to KRS §§ 378A.080(2) and (3), together with post-judgment interest.

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000010 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000010 of 000065

**COUNT V: ACCOUNTING AND RECOVERY OF ESTATE TRANSFERS**
**(KRS §§ 378A.040, 378A.050, 378A.080)**

49. Plaintiffs restate the foregoing paragraphs as if fully set forth herein.

50. Davis and Bailey Jr., as Co-Administrators, are fiduciaries of the Estate and are obligated to administer it according to law, including the obligation not to distribute or divert Estate assets in derogation of the rights of creditors of an heir when on notice of those rights.

51. Upon information and belief, the Co-Administrators have made or permitted the Estate Transfers without authorization of the Rowan District Court and without consideration. Plaintiffs are entitled to a full and complete accounting of the Estate's assets, receipts, and disbursements from January 11, 2025 to the present.

52. To the extent the Estate Transfers included Davis's one-half distributive share, each such transfer is voidable under KRS §§ 378A.040 and 378A.050, and Plaintiffs are entitled to judgment against the first transferees thereof, including the Trust, pursuant to KRS § 378A.080, and against the Co-Administrators to the extent they transferred, distributed, or diverted Estate assets with notice of Plaintiffs' Judgment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment as follows:

A. Avoidance of each of the Transfers, to the extent of Davis's undivided one-half interest in each parcel, to the extent necessary to satisfy Plaintiffs' claim, pursuant to KRS § 378A.070(1)(a);

B. An attachment or other provisional remedy against the transferred property, and an injunction prohibiting the Defendants from further transferring, encumbering, or otherwise disposing of the transferred property or any interest therein, pursuant to KRS §§ 378A.070(1)(b) and (c);

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000011 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000011 of 000065

C. Upon avoidance, leave to levy execution upon Davis's avoided one-half interests pursuant to KRS § 378A.070(2), in aid of Plaintiffs' recorded judgment lien;

D. In the alternative, judgment against Darold Rayburn Bailey, Jr. and Kristi Smith Bailey, jointly and severally, and against the Kean Family Trust and Joe Davis and Nathan Davis as its Co-Trustees, jointly and severally, in the amount of the value of the respective assets transferred or the amount necessary to satisfy Plaintiffs' claim, whichever is less, pursuant to KRS § 378A.080;

E. The appointment of a receiver to take charge of the transferred property if necessary to preserve it, pursuant to KRS § 378A.070(1)(c)(2);

F. An accounting by Davis and Bailey Jr., as Co-Administrators of the Estate, of all assets, receipts, disbursements, and distributions of the Estate from January 11, 2025 to the present;

G. An injunction prohibiting any further distribution or transfer of Estate assets, except upon order of court, pending final adjudication of this action;

H. Avoidance of the Estate Transfers to the extent of Davis's one-half distributive share, and judgment against the first transferees thereof, including the Trust, pursuant to KRS § 378A.080, and against the Co-Administrators to the extent of any transfer, distribution, or diversion of Estate assets made with notice of Plaintiffs' Judgment;

I. Plaintiffs' costs herein expended as well as attorney's fees in accordance with KRS § 378A.070(1)(c)(3); and

J. All other relief to which Plaintiffs may appear entitled.

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000012 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000012 of 000065

Respectfully submitted,

/s/ Joseph D. Buckles
Joseph D. Buckles, Esq.
BUCKLES LAW OFFICE, PLLC
149 North Limestone
Lexington, KY 40507
(859) 225-9540
(859) 251-6020 (fax)
Joe@JoeBuckles.com
COUNSEL FOR PLAINTIFFS

-and-

Michael J. Gartland, Esq.
GARTLAND THACKER DELCOTTO PLLC
200 North Upper Street
Lexington, KY 40507
(859) 420-8733
mgartland@gtdfirm.com
CO-COUNSEL FOR PLAINTIFFS

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000013 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000013 of 000065

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000014 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

# EXHIBIT A

Judgment entered December 28, 2023
Ermold, et al. v. Davis, No. 0:15-cv-00046-DLB-EBA (E.D. Ky.) (Doc. 166)

COM : 000014 of 000065

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 15-46-DLB-EBA**

**DAVID ERMOLD and DAVID MOORE** **PLAINTIFFS**

**v.** **<u>JUDGMENT</u>**

**KIM DAVIS, *individually*** **DEFENDANT**

* * * * * * * * * * * * * * * *

Pursuant to Rules 58 of the Federal Rules of Civil Procedure, and with the Court being otherwise sufficiently advised,

**IT IS ORDERED and ADJUDGED** as follows:

(1) Judgment is entered in favor of Plaintiff David Ermold in the amount of $50,000.00 pursuant to the Jury's Verdict;

(2) Judgment is entered in favor of Plaintiff David Moore in the amount of $50,000.00 pursuant to the Jury's Verdict;

(3) Plaintiffs are awarded $246.026.40 in attorneys' fees;

(4) Plaintiffs are awarded $14,058.30 in expenses; and

(5) This matter is **STRICKEN** from the Court's active docket.

This is a **FINAL and APPEALABLE** Order, and no just cause for delay exists.

This 28th day of December, 2023.

**Signed By:**
***David L. Bunning*** DB
**United States District Judge**

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000015 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000015 of 000065

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000016 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)

# EXHIBIT B

Order Granting Attorneys' Fees and Expenses on Appeal,
entered May 6, 2026 (Doc. 200)

COM : 000016 of 000065

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000017 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000017 of 000065

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 15-46-DLB-EBA**

**DAVID ERMOLD and DAVID MOORE** **PLAINTIFFS**

**v.** **MEMORANDUM ORDER**

**KIM DAVIS,** ***individually*** **DEFENDANT**

* * * * * * * * * * * * * * * *

This matter is before the Court upon Plaintiffs David Ermold and Davis Moore's Motion for a Supplemental Award of Attorneys' Fees and Costs Incurred on Appeal (Doc. # 189). Defendant Kim Davis has filed a response to the Motion (Doc. # 192) and Plaintiffs have filed a reply (Doc. # 193). For the reasons set forth herein, the Court **grants** the motion and will award Plaintiffs $201,592.60 in attorneys' fees and $3,608.61 in costs.

**I.**

The lengthy factual and procedural history of this matter is well documented in the record herein and the Court need not recount it in detail. This litigation began at the Rowan County Clerk's Office in 2015 where then-Rowan County Clerk Defendant Davis repeatedly refused to issue marriage licenses to legally eligible couples following the Supreme Court's decision in *Obergefell v. Hodges*, 576 U.S. 644 (2015). Plaintiffs were one of those couples. On July 10, 2015, they filed this lawsuit against Davis alleging deprivation of their civil rights pursuant to 42 U.S.C. § 1983 here. Following extensive discovery, multiple motions, dispositive and otherwise, several appeals to the Sixth Circuit Court of Appeals, and one petition for a writ of certiorari to the United States Supreme

Court, it was ultimately determined that Davis violated Plaintiffs' Constitutional right to marry and that the only remaining issue was that of damages. A jury trial on the issue of damages began on September 11, 2023. On the third day, the jury returned a verdict in favor of the Plaintiffs in the amount of $100,000.00. Thereafter, Plaintiffs sought attorney's fees and expenses. (Doc. # 157). Over Defendant's objection, this Court granted Plaintiffs' motion and awarded them $246.026.40 in attorneys' fees and $14,058.30 in expenses. (Doc. #165). A judgment in that regard was entered contemporaneously (Doc. # 166). Undeterred, Davis sought reconsideration in this Court (Doc. # 172), to no avail (Doc. # 175). She then filed yet another appeal in the Sixth Circuit, which affirmed this Court's ruling (Doc. # 178). Despite these losses, Davis returned to the Supreme Court, seeking yet another writ of certiorari. (Doc. # 181).

During this time, Davis continuously avoided satisfying the judgment against her, prompting further motions and discovery. The Supreme Court denied certiorari and it seems as though the "long and winding road" of this case has finally come to end. (Doc. #165). Plaintiffs now seek an additional award of fees and cost incurred litigating Defendant's most recent appeal to the Sixth Circuit and her second petition to the Supreme Court. Defendant does not oppose the award of costs, nor does she contest the amount sought. Nor does she object to an award of fees but maintains that the amount should be reduced by almost seventy-five percent to $50,000.

## II.

It is well established that courts may grant "a reasonable attorney's fee as part of the costs" to "the prevailing party" in any action to enforce Section 1983. 42 U.S.C. § 1988(b). Plaintiffs are unquestionably the "prevailing party" and are entitled to an award





9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000018 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
COM : 000018 of 000065

of attorneys' fees and expenses. Indeed, Defendant concedes the same. The amount of any award turns on what is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This two-step calculation, known as the lodestar amount, provides an "initial estimate of the value of a lawyer's services." *Id*. "The product of reasonable hours times a reasonable rate does not end the inquiry." *Id.* 434. After determining the lodestar amount, the court can adjust the fee upward or downward "to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).

**III.**

Plaintiffs retained lawyers from the Institute for Constitutional Advocacy and Protection at Georgetown Law (ICAP) to represent them against Defendant's appeal from this Court's judgment and her second attempt to litigate this matter in the Supreme Court. In their motion and accompanying declarations, Plaintiffs set forth the justification for the amounts sought, specifically the hours expended and the rate charged by ICAP. In its previous order awarding fees, this Court determined that it is reasonable to retain specialized counsel for appellate work and that out-of-market rates are justified. (Doc. # 165, p. 3-5). Indeed, Defendant concedes as much while, at the same time, submitting that this Court erred and should not engage in the same analysis. (Doc. # 192, n.1). A footnote does not qualify as an appropriate vehicle for reconsideration and Court will not indulge Defendant's effort to relitigate those issues.

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000019 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000019 of 000065

As to Defendant's assertion that an almost three-quarters reduction of the amount sought by Plaintiffs, to-wit, $50,000 is reasonable, she does not reveal how she arrived at this figure. Her calculus is a mystery. Further, while contending that excessive time was spent, she fails to specifically identify which time entries were, in her view, unwarranted. In addition, Defendant endeavors to differentiate between hours and rates for petitions seeking certiorari in the Supreme Court and those for opposing it. The lack of logic for this position aside, the Court must note here that Plaintiffs initially waived response to Defendant's petition. They submitted a brief only when directed to by the Supreme Court to do so. Moreover, the only case she cites in support of her assertion, *Deal ex rel Deal v. Hamilton County Department of Education*, 2006 WL 2854463 (E.D. Tenn. August 1, 2006), actually belies her argument. In *Deal,* the court awarded out-of-market rates to specialized counsel who drafted a brief in opposition to a petition for certiorari, specifically recognizing the "perceived need to hire a law firm with an experienced appellate practice for its opposition briefing." *Id.* at *16. Although the *Deal* court concluded that 400 hours was excessive, it awarded fees for 106 hours for drafting the brief. *Id.* Here, counsel spent fewer than 100 hours drafting its Supreme Court brief. Following *Deal*, cited by Defendant, Plaintiffs' current request is reasonable.

Having reviewed Plaintiffs' submissions, the Court finds that supplemental fees in the amount of $201,592.60 to be reasonable in this context. The Court notes that Plaintiffs attempted to "economize" by excluding time spent on emails, short meetings and basic proof-reading. They also excluded certain travel expenditures and are seeking counsel's lowest hourly rate for the lion's share of fees sought. Contrary to Defendant's conclusory assertions, the award sought by Plaintiffs appears to be measured, fair and rational.





9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000020 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
COM : 000020 of 000065

**IV.**

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Plaintiff David Ermold and David Moore's Motion for Award of Attorneys' Fees and Expenses (Doc. # 189) is **GRANTED**;

(2) Plaintiffs are awarded $201.592.60 in attorneys' fees; and

(3) Plaintiffs are awarded $3,608.61 in expenses.

This 6th day of May, 2026.

**Signed By:**

***David L. Bunning*** DB

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Ashland Civil\2015\15-46 Order Awarding Fees and Costs II.docx



Presiding Judge: HON. ELIZABETH DAVIS (621472) 9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000021 of 000079

COM : 000021 of 000065

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000022 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

# EXHIBIT C

Certified Copy — Deed of Conveyance dated April 8, 2025
116 Quail Hollow Road — Deed Book 295, Page 202,
Rowan County Clerk's Office

COM : 000022 of 000065



Filed 26-CI-90240 07/15/2026 Kim Barker-Tabor, Rowan Circuit Clerk

ROWAN COUNTY
D295 PG202

DOCUMENT NO: 2036140
RECORDED:April 11,2025 12:16:00 PM
TOTAL FEES:$50.00 TRANSFER TAX:$0.00
COUNTY CLERK: ELWOOD CAUDILL JR
DEPUTY CLERK: ROBERTA EARLEY
COUNTY: ROWAN COUNTY
BOOK: D295 PAGES: 202 - 205

DEED OF CONVEYANCE

This DEED OF CONVEYANCE is made and entered into this 8th day of April 2025, by and between **DAROLD RAYBURN BAILEY, JR.,** and **KIMBERLY JEAN DAVIS (A/K/A KIMBERLY BAILEY DAVIS),** as Co-Administrators of the Norma Jean Withrow Bailey Estate, and **DAROLD RAYBURN BAILEY, JR.,** in his individual capacity, and **KRISTI SMITH BAILEY,** husband and wife, address: 1677 Holly Fork Road, Morehead, KY 40351; and **KIMBERLY JEAN DAVIS,** in her individual capacity, and **JOE DAVIS,** wife and husband, address: 79 Knipp Road, Morehead, KY 40351, GRANTORS; and **DAROLD RAYBURN BAILEY, JR.,** and **KRISTI SMITH BAILEY,** husband and wife, address: 1677 Holly Fork Road, Morehead, KY 40351, GRANTEES;

The in-care-of address for the 2025 tax bill is as follows:

**Darold Rayburn Bailey, Jr., & Kristi Smith Bailey**
**116 Quail Hollow Road**
**Morehead, KY 40351**

WITNESSETH: That for and in consideration of the division of the assets of their mother, Norma Jean Bailey, and the love and affection which the parties have for each other, this being a conveyance from brother and spouse and sister and spouse, to brother and spouse, and for no monetary consideration whatsoever, the receipt and sufficiency of which is hereby acknowledged by the Grantors, the Grantors do now and hereby grant and convey unto the Grantees, for and during their joint lives and with the remainder to the survivor of them, in fee simple, the following described real estate lying and being in Rowan County, Kentucky, and being described as follows, to-wit:

> A certain tract or parcel of land located in Timberland Subdivision in Morehead, Rowan County, Kentucky, and designated as Lot #11, and described as follows:
>
> BEGINNING at an iron pin in the R.O.W. of Quail Hollow Road and corner between Lots #12 and #11; thence N 34° 47' E. 150.70 feet to an iron pin; thence S 61° 46' E. 101.00 feet to an iron pin; thence S. 34° 47' W. 162.4 feet to an iron pin; thence N. 55° 13' W. 100.00 feet to the beginning.
>
> Also another tract or parcel of land lying adjacent to Lot #11 on the East side and being a portion of Lot #10 and described as follows:



STATE OF KENTUCKY - ROWAN COUNTY
I, Elwood Caudill, Jr, County Clerk in and for said county and state do hereby certify that the foregoing instrument of writing is a certified copy of Deed as shown by the records of my said office in Deed Book No. 295 on Page No. 202 of the Rowan County Records.
Given under my hand and seal of office this the 13 day of July 2026.
R Earley
Elwood Caudill, Jr Clerk

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000023 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
COM : 000023 of 000065

Filed 26-CI-90240 07/15/2026 Kim Barker-Tabor, Rowan Circuit Clerk



BEGINNING at an iron pin in the Right-of-Way of Quail Hollow Road and corner between Lots #11 and #10; thence N. 34° 47' E. 162.40 feet to an iron pin; thence S. 61° 46' W. 74.60 feet to an iron pin; thence S. 49° 44' 30" W. 189.60 feet to an iron pin; thence N. 12° 13' W. 18.00 feet to an iron pin; thence N. 55° 13' W. 12.00 feet to the beginning.

BEING THE SAME REAL PROPERTY acquired by Jean W. Bailey and Darold Rayburn Bailey, Sr., in joint survivorship, by Deed from Jean W. Bailey and husband, Darold Rayburn Bailey, Sr., dated June 27, 2001, of record in Deed Book 199, Page 281, Rowan County Clerk's Office. Darold Rayburn Bailey, Sr., predeceased Jean W. Bailey on July 4, 2023, thereby vesting title in Jean W. Bailey pursuant to the survivorship provisions of the above-referenced Deed. Jean W. Bailey (a/k/a Norman Jean Withrow Bailey) is now deceased, having died on January 11, 2025, and reference is made to her Affidavit of Descent of record in Deed Book 295, Page 200, Rowan County Clerk's Office.

Said real estate is conveyed by the Grantors and accepted by the Grantees as being subject to all easements, restrictions, covenants, limitations, reservations, and conditions as may appear in the record chain of title thereto.

TO HAVE AND TO HOLD all of the above-described property, together with all rights, privileges, appurtenances and improvements thereto, unto the Grantees, for and during their joint lives and with the remainder to the survivor of them, in fee simple, with all and full covenants of GENERAL WARRANTY OF TITLE.

CONSIDERATION CERTIFICATE: The parties hereto state that the consideration reflected in this Deed is the full consideration for the property. The parties herein certify that the property has a fair cash value of $179,600.00. The Grantees join in the execution of this Deed for the sole purpose of certifying the consideration pursuant to KRS Chapter 382.

CERTIFICATION AND DISCLAIMER: The Grantor(s) and Grantee(s) hereby certify that their full names are as set forth in the preamble to this Deed. Further, the parties acknowledge that this Deed has been prepared by Dehner & Ellis, PLLC, 206 East Main Street, Morehead, Kentucky 40351, based solely upon information provided by the parties (including the parties' full names, relationship, marital status, address, the description of the property conveyed and the price paid for the property or the value of the property). The parties hereto acknowledge that Dehner & Ellis, PLLC, and the undersigned attorney who prepared this Deed, have not personally examined the property and have no liability to the parties for any errors, inaccuracies or omissions in this Deed resulting from the information provided and make no representations with respect to the accuracy of the property description, or to any Mortgages, liens, encumbrances, taxes, rights of others which may exist against the property, or any other defects or deficiencies in the title to the property, unless by separate instrument addressed to the Grantee(s), they have issued a title examination letter and/or title insurance policy, in which event their liability shall be limited to the representations made in said letter or policy. By their execution of this Deed, the parties hereto acknowledge their certification and assent to this Certification and Disclaimer.

IN TESTIMONY WHEREOF, the parties hereto have each hereunto set their hands this date and year first herein written.



9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000024 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
COM : 000024 of 000065

Filed 26-CI-90240 07/15/2026 Kim Barker-Tabor, Rowan Circuit Clerk

Printed on: 7/13/2026 3:19 PM

DAROLD RAYBURN BAILEY, JR.,
INDIVIDUALLY AND AS CO-ADMINISTRATOR OF THE ESTATE OF NORMA JEAN WITHROW BAILEY,
GRANTOR

KRISTI SMITH BAILEY, GRANTOR

KIMBERLY JEAN DAVIS, (a/k/a KIMBERLY BAILEY DAVIS.
INDIVIDUALLY, AND AS CO-ADMINISTRATOR OF THE ESTATE OF NORMAN JEAN WITHROW BAILEY,
GRANTOR

JOE DAVIS, GRANTOR

DAROLD RAYBURN BAILEY, JR.,
GRANTEE

KRISTI SMITH BAILEY, GRANTEE

STATE OF KENTUCKY

COUNTY OF ROWAN, SCT.

The foregoing Deed, Consideration Certificate, Certification and Disclaimer was signed, acknowledged and sworn to before me this 8th day of April, 2025, by DAROLD RAYBURN BAILEY, JR., and KIMBERLY JEAN DAVIS (a/k/a KIMBERLY BAILEY DAVIS), as Co-Administrators of the Norman Jean Withrow Bailey Estate, and DAROLD RAYBURN BAILEY, JR., in his individual capacity, and KRISTI SMITH BAILEY, husband and wife; and KIMBERLY JEAN DAVIS, in her individual capacity, and JOE DAVIS, wife and husband, the Grantors, each to be his and her voluntary act and deed.

NOTARY PUBLIC
MY COMMISSION EXPIRES 7/7/25
ID NO: KYNP30782







9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000025 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
COM : 000025 of 000065

ROWAN COUNTY

**D295 PG205**

STATE OF KENTUCKY

COUNTY OF ROWAN, SCT.

The foregoing Consideration Certificate, Certification and Disclaimer was signed, acknowledged and sworn to before me this 8th day of April, 2025, by DAROLD RAYBURN BAILEY, JR., and KRISTI SMITH BAILEY, husband and wife, the Grantees, each to be his and her voluntary act and deed.

NOTARY PUBLIC
MY COMMISSION EXPIRES 7/17/25
ID NO: KYNP30782

THIS INSTRUMENT PREPARED BY:
DEHNER & ELLIS, PLLC
ATTORNEYS AT LAW
206 EAST MAIN STREET
MOREHEAD, KY 40351

TRUMAN L. DEHNER, ATTORNEY







Presiding Judge: HON. ELIZABETH DAVIS (621472) 9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000026 of 000079

COM : 000026 of 000065

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000027 of 000079

# EXHIBIT D

Certified Copy — Deed of Conveyance dated May 27, 2025
Farm parcel (7935 US Hwy 60 E) — Deed Book 295, Page 605,
Rowan County Clerk's Office

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000027 of 000065

ROWAN COUNTY
**D295 PG605**

DOCUMENT NO: 2037295
RECORDED:May 28,2025 02:24:00 PM
TOTAL FEES:$50.00 TRANSFER TAX:$0.00
COUNTY CLERK: ELWOOD CAUDILL JR
DEPUTY CLERK: ROBERTA EARLEY
COUNTY: ROWAN COUNTY
BOOK: D295 PAGES: 605 - 608

DEED OF CONVEYANCE

This DEED OF CONVEYANCE is made and entered into this 27th day of May, 2025, by and between **DAROLD RAYBURN BAILEY, JR.,** and **KIMBERLY JEAN DAVIS (A/K/A KIMBERLY BAILEY DAVIS),** as Co-Administrators of the Norma Jean Withrow Bailey Estate; and **DAROLD RAYBURN BAILEY, JR.,** in his individual capacity, and **KRISTI SMITH BAILEY,** husband and wife, address: 1677 Holly Fork Road, Morehead, KY 40351; and **KIMBERLY JEAN DAVIS,** in her individual capacity, and **JOE DAVIS,** wife and husband, address: 79 Knipp Road, Morehead, KY 40351, GRANTORS; and **JOE DAVIS** and **NATHAN DAVIS,** in their capacity as **CO-TRUSTEES of the KEAN FAMILY TRUST, U/A/D** May 27th, **2025**, address: 8120 U.S. 60 East, Morehead, KY 40351, GRANTEES;

The in-care-of address for the 2025 tax bill is as follows:

**KEAN FAMILY TRUST**
**U/A/D** May 27th, **2025**
**8120 U.S. 60 EAST**
**MOREHEAD, KY 40351**

WITNESSETH: That for and in consideration of the division of the assets of their mother, Norma Jean Bailey, and the love and affection which the parties have for each other, this being a conveyance from brother and spouse and sister and spouse, to the KEAN FAMILY TRUST, the beneficiaries of which are the descendants of Kimberly Jean Davis, and for no monetary consideration whatsoever, the receipt and sufficiency of which is hereby acknowledged by the Grantors, the Grantors do now and hereby grant and convey unto the Grantees, solely in their capacity as the Co-Trustees of the KEAN FAMILY TRUST, U/D/A May 27th, 2025, the following described real estate lying and being in Rowan County, Kentucky, and being described as follows, to-wit:

A certain tract or parcel of land in Rowan County, Kentucky, on the East Fork of Triplett Creek and on the South side of the waters of Hayes Branch and beginning at a stone on the ridge in Livingston line; thence N. 40 W. 81 poles to a locust; thence N. 46 W. 34 poles to a small black oak on hillside; thence N. 59 W. 13 ¾ poles to a stone on the North side of the County Road in Wince Smith line; thence up the road with said Smith line N. 43 E. 17 ¾ poles to a stake in the road; thence N. 34 E. 24 poles to a stone corner to said Smith on North side of County Road near mouth of the branch; thence up the branch as it meanders S. 64 E. 12 poles; due East 20 poles; thence N. 76 E. 34 poles; thence N. 44 E. 16 poles; thence N. 71 E. 22 poles to small

STATE OF KENTUCKY - ROWAN COUNTY
I, Elwood Caudill, Jr, County Clerk in and for said county and state do hereby certify that the foregoing instrument of writing is a certified copy of Deed as shown by the records of my said office in Deed Book No. 295 on Page No. 605 of the Rowan County Records.
Given under my hand and seal of office this the 13 day of July 2026
R Earley
Elwood Caudill, Jr, Clerk



9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000028 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
COM : 000028 of 000065



Printed on: 7/13/2026 3:19 PM

white oak and ash stump on South side of branch in the Company's line; thence with same S. 5 W. 114 poles to a pile of stone in the Widow Livingston line at a fence; thence with said fence S. 35 ½ W. 7 poles; S. 54 W. 7 poles; S. 42 W. 4 poles; S. 33 W. 5 poles; S. 25 ½ W. 5 poles, S. 50 ½ W. 3 poles to the beginning and containing 50 ¾ acres, more or less.

EXCEPTING AND EXCLUDING FROM THE ABOVE-DESCRIBED REAL ESTATE: (1) one parcel consisting of ¾ acre, as described in Deed Book 51, Page 175; (2) one parcel consisting of 1 ½ acres as described in Deed Book No. 53, Page 122, of the Rowan County Records; and (3) one parcel of real estate consisting of 13.69 acres, as described in Deed Book 113, Page 139, Rowan County Clerk's Office.

THE ABOVE-DESCRIBED PROPERTY IS SUBJECT TO THE RIGHT-OF-WAY DESCRIBED IN DEED BOOK 113, PAGE 135, ROWAN COUNTY CLERK'S OFFICE.

BEING THE SAME REAL PROPERTY conveyed to Darold R. Bailey, Sr., and Norma Jean Bailey, husband and wife, jointly in survivorship, by Deed from THE MARDOQUEO E. PICAZO AND RACHAEL OVERSTREET PICAZO REVOCABLE LIVING TRUST, U/D/A MAY 28, 1997, AS AMENDED MARCH 8, 2005, by Esteban D. Picazo, First Successor Trustee of said Trust; and ESTHER PICAZO HENEISE and husband, ANDREW HENEISE, dated July 20, 2011, of record in Deed Book 240, Page 78, Rowan County Clerk's Office. Darold R. Bailey, Sr., predeceased Norma Jean Bailey, thereby making her the sole owner of the above described property. Norma Jean Bailey, a/k/a Norma Jean Withrow Bailey, died intestate on January 11, 2025, leaving as her heirs at law Darold Rayburn Bailey, Jr., and Kimberly Jean Davis. Reference is made to the Affidavit of Descent of Jean Withrow Bailey, of record in Deed Book 295, Page 200, Rowan County Clerk's Office.

Said real estate is conveyed by the Grantors and accepted by the Grantees as being subject to all easements, restrictions, covenants, limitations, reservations, and conditions as may appear in the record chain of title thereto.

TO HAVE AND TO HOLD all of the above-described property, together with all rights, privileges, appurtenances and improvements thereto, unto the Grantees, in their capacity as Co-Trustees of the KEAN FAMILY TRUST, U/A/D May 29th, 2025, with all and full covenants of GENERAL WARRANTY OF TITLE.

CONSIDERATION CERTIFICATE: The parties hereto state that the consideration reflected in this Deed is the full consideration for the property. The parties herein certify that the property has a fair cash value of $113,250.00. The Grantees join in the execution of this Deed for the sole purpose of certifying the consideration pursuant to KRS Chapter 382.

CERTIFICATION AND DISCLAIMER: The Grantor(s) and Grantee(s) hereby certify that their full names are as set forth in the preamble to this Deed. Further, the parties acknowledge that this Deed has been prepared by Dehner & Ellis, PLLC, 206 East Main Street, Morehead, Kentucky 40351, based solely upon information provided by the parties (including the parties' full names, relationship, marital status, address, the description of the property conveyed and the price paid for the property or the value of the property). The parties hereto acknowledge that Dehner & Ellis, PLLC, and the undersigned attorney who prepared this Deed, have not personally examined the property and have no liability to the parties for any errors, inaccuracies or







9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000029 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
COM : 000029 of 000065

omissions in this Deed resulting from the information provided and make no representations with respect to the accuracy of the property description, or to any Mortgages, liens, encumbrances, taxes, rights of others which may exist against the property, or any other defects or deficiencies in the title to the property, unless by separate instrument addressed to the Grantee(s), they have issued a title examination letter and/or title insurance policy, in which event their liability shall be limited to the representations made in said letter or policy. By their execution of this Deed, the parties hereto acknowledge their certification and assent to this Certification and Disclaimer.

IN TESTIMONY WHEREOF, the parties hereto have each hereunto set their hands this date and year first herein written.

DAROLD RAYBURN BAILEY, JR., INDIVIDUALLY AND AS CO-ADMINISTRATOR OF THE ESTATE OF NORMA JEAN WITHROW BAILEY, GRANTOR

KRISTI SMITH BAILEY, GRANTOR

KIMBERLY JEAN DAVIS, (a/k/a KIMBERLY BAILEY DAVIS, INDIVIDUALLY, AND AS CO-ADMINISTRATOR OF THE ESTATE OF NORMA JEAN WITHROW BAILEY, GRANTOR

JOE DAVIS, GRANTOR

JOE DAVIS, CO-TRUSTEE OF THE KEAN FAMILY TRUST, U/A/D May 27th, 2025, GRANTEE

NATHAN DAVIS, CO-TRUSTEE OF THE KEAN FAMILY TRUST, U/A/D May 27th, 2025, GRANTEE

STATE OF KENTUCKY

COUNTY OF ROWAN, SCT.

The foregoing Deed, Consideration Certificate, Certification and Disclaimer was signed, acknowledged and sworn to before me this 27th day of May, 2025, by DAROLD RAYBURN BAILEY, JR., and KIMBERLY JEAN DAVIS (a/k/a KIMBERLY BAILEY DAVIS),







9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000030 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000030 of 000065

as Co-Administrators of the Norma Jean Withrow Bailey Estate; and DAROLD RAYBURN BAILEY, JR., in his individual capacity, and KRISTI SMITH BAILEY, husband and wife; and KIMBERLY JEAN DAVIS, in her individual capacity, and JOE DAVIS, wife and husband, the Grantors, each to be his and her voluntary act and deed.

Melanie Powers
NOTARY PUBLIC
NOTARY ID # KYNP30782
MY COMMISSION EXPIRES 7/7/25

STATE OF KENTUCKY

COUNTY OF ROWAN, SCT.

The foregoing Consideration Certificate, Certification and Disclaimer was signed, acknowledged and sworn to before me this 27th day of May, 2025, by JOE DAVIS, CO-TRUSTEE OF THE KEAN FAMILY TRUST, U/A/D May 27, 2025, Grantee, to be his voluntary act and deed.

Melanie Powers
NOTARY PUBLIC
NOTARY ID# KYNP30782
MY COMMISSION EXPIRES 7/7/25

STATE OF KENTUCKY

COUNTY OF ROWAN, SCT.

The foregoing Consideration Certificate, Certification and Disclaimer was signed, acknowledged and sworn to before me this 27th day of May, 2025, by NATHAN DAVIS, CO-TRUSTEE OF THE KEAN FAMILY TRUST, U/A/D May 27, 2025, Grantee, to be his voluntary act and deed.

Melanie Powers
NOTARY PUBLIC
NOTARY ID# KYNP30782
MY COMMISSION EXPIRES 7/7/25

THIS INSTRUMENT PREPARED BY:

DEHNER & ELLIS, PLLC
ATTORNEYS AT LAW
206 EAST MAIN STREET
MOREHEAD, KY 40351

T. L. Dehner
TRUMAN L. DEHNER
ATTORNEY AT LAW







9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000031 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
COM : 000031 of 000065

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000032 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

# EXHIBIT E

Certified Copy — Deed of Conveyance dated May 27, 2025
8120 US 60 East — Deed Book 295, Page 609,
Rowan County Clerk's Office

COM : 000032 of 000065



Filed 26-CI-90240 07/15/2026 Kim Barker-Tabor, Rowan Circuit Clerk

Filed 26-CI-90240 07/15/2026 Kim Barker-Tabor, Rowan Circuit Clerk

ROWAN COUNTY
**D295 PG609**

**DOCUMENT NO: 2037296**
**RECORDED: May 28,2025 02:54:00 PM**
**TOTAL FEES: $50.00 TRANSFER TAX: $0.00**
**COUNTY CLERK: ELWOOD CAUDILL JR**
**DEPUTY CLERK: ROBERTA EARLEY**
**COUNTY: ROWAN COUNTY**
**BOOK: D295 PAGES: 609 - 612**

DEED OF CONVEYANCE

This DEED OF CONVEYANCE is made and entered into this 27th day of May, 2025, by and between **DAROLD RAYBURN BAILEY, JR.**, and **KIMBERLY JEAN DAVIS (A/K/A KIMBERLY BAILEY DAVIS),** as Co-Administrators of the Norma Jean Withrow Bailey Estate; and **DAROLD RAYBURN BAILEY, JR.,** in his individual capacity, and **KRISTI SMITH BAILEY,** husband and wife, address: 1677 Holly Fork Road, Morehead, KY 40351; and **KIMBERLY JEAN DAVIS,** in her individual capacity, and **JOE DAVIS,** wife and husband, address: 79 Knipp Road, Morehead, KY 40351, GRANTORS; and **JOE DAVIS** and **NATHAN DAVIS,** in their capacity as **CO-TRUSTEES of the KEAN FAMILY TRUST, U/A/D** May 27th, **2025**, address: 8120 U.S. 60 East, Morehead, KY 40351, GRANTEES;

The in-care-of address for the 2025 tax bill is as follows:

**KEAN FAMILY TRUST**
**U/A/D** May 27th**, 2025**
**8120 U.S. 60 EAST**
**MOREHEAD, KY 40351**

WITNESSETH: That for and in consideration of the division of the assets of their mother, Norma Jean Bailey, and the love and affection which the parties have for each other, this being a conveyance from brother and spouse and sister and spouse, to the KEAN FAMILY TRUST, the beneficiaries of which are the descendants of Kimberly Jean Davis, and for no monetary consideration whatsoever, the receipt and sufficiency of which is hereby acknowledged by the Grantors, the Grantors do now and hereby grant and convey unto the Grantees, solely in their capacity as the Co-Trustees of the KEAN FAMILY TRUST, U/D/A May 27th, 2025, the following described real estate lying and being in Rowan County, Kentucky, and being described as follows, to-wit:

BEGINNING at a steel pin in the apparent westerly right-of-way of U.S. Highway 60, being 30 feet West of the center thereof and corner to the Roger Hilterbrand tract.

Thence along said highway right-of-way for two calls as follows: South 02 degrees 02 minutes East, 49.70 feet to a steel pin; South 03 degrees 04 minutes West, 119.06 feet to a steel pin point being 1 foot northeast of a 10-inch walnut, corner to the Vernon Hamilton tract; thence leaving said highway, in part with the center of a drain, for three calls with said Hamilton tract as follows: South 70 degrees 14 minutes West, 25.65 feet to a point in the center of said drain; South 61 degrees 43

STATE OF KENTUCKY - ROWAN COUNTY
I, Elwood Caudill, Jr, County Clerk in and for said county and state do hereby certify that the foregoing instrument of writing is a certified copy of Deed as shown by the records of my said office in Deed Book No. 295 on Page No. 609 of the Rowan County Records.
Given under my hand and seal of office this the 13 day of July, 2026.
Elwood Caudill, Jr, Clerk



9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000033 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
COM : 000033 of 000065

Filed 26-CI-90240 07/15/2026 Kim Barker-Tabor, Rowan Circuit Clerk

Printed on: 7/13/2026 3:20 PM

ROWAN COUNTY
**D295 PG610**

minutes West, 114.58 feet to a point in at the mouth of said drain; South 45 degrees 38 minutes West, 9.75 feet to a point in the center of Hayes Branch and corner of Vernon Hamilton;

Thence with the line of said Hamilton in part with an existing fence, for six calls as follows: North 81 degrees 07 minutes West, 47.00 feet to a 14-inch hickory; North 81 degrees 07 minutes West, 158.72 feet to a steel pin; North 81 degrees 30 minutes West, 336.35 feet to a steel pin; North 20 degrees 45 minutes East, 43.80 feet to a post; North 13 degrees 24 minutes East, 54.73 feet to a post; North 04 degrees 48 minutes East, 62.31 feet to a post, corner to Hilterbrand; thence with said Hilterbrand line, in part with and existing fence, for three calls as follows: South 88 degrees 52 minutes East, 315.86 feet to a post; North 86 degrees 39 minutes East, 104.20 feet to a post; North 89 degrees 49 minutes East, 219.48 feet to the place of BEGINNING, containing 2.933 acres by survey of Richard S. Staggs, Registered Land Surveyor No. 317.

BEING THE SAME REAL PROPERTY conveyed to Darold R. Bailey, Sr., and Norma Jean Bailey, husband and wife, jointly in survivorship, by Deed from Wilma Click, an unremarried widow, dated June 21, 2010, of record in Deed Book 236, Page 329, Rowan County Clerk's Office. Darold R. Bailey, Sr., predeceased Norma Jean Bailey, thereby making her the sole owner of the above described property. Norma Jean Bailey, a/k/a Norma Jean Withrow Bailey, died intestate on January 11, 2025, leaving as her heirs at law Darold Rayburn Bailey, Jr., and Kimberly Jean Davis. Reference is made to the Affidavit of Descent of Jean Withrow Bailey, of record in Deed Book 295, Page 200, Rowan County Clerk's Office.

Said real estate is conveyed by the Grantors and accepted by the Grantees as being subject to all easements, restrictions, covenants, limitations, reservations, and conditions as may appear in the record chain of title thereto.

TO HAVE AND TO HOLD all of the above-described property, together with all rights, privileges, appurtenances and improvements thereto, unto the Grantees, in their capacity as Co-Trustees of the KEAN FAMILY TRUST, U/A/D May 27th, 2025, with all and full covenants of GENERAL WARRANTY OF TITLE.

CONSIDERATION CERTIFICATE: The parties hereto state that the consideration reflected in this Deed is the full consideration for the property. The parties herein certify that the property has a fair cash value of $110,980.00. The Grantees join in the execution of this Deed for the sole purpose of certifying the consideration pursuant to KRS Chapter 382.

CERTIFICATION AND DISCLAIMER: The Grantor(s) and Grantee(s) hereby certify that their full names are as set forth in the preamble to this Deed. Further, the parties acknowledge that this Deed has been prepared by Dehner & Ellis, PLLC, 206 East Main Street, Morehead, Kentucky 40351, based solely upon information provided by the parties (including the parties' full names, relationship, marital status, address, the description of the property conveyed and the price paid for the property or the value of the property). The parties hereto acknowledge that Dehner & Ellis, PLLC, and the undersigned attorney who prepared this Deed, have not personally examined the property and have no liability to the parties for any errors, inaccuracies or omissions in this Deed resulting from the information provided and make no representations with respect to the accuracy of the property description, or to any Mortgages, liens, encumbrances, taxes, rights of others which may exist against the property, or any other defects or deficiencies in the title to the property, unless by separate instrument addressed to the Grantee(s), they have issued a title examination letter and/or title insurance policy, in which event their liability shall be limited to the representations made in said letter or







9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000034 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000034 of 000065

Filed 26-CI-90240 07/15/2026 Kim Barker-Tabor, Rowan Circuit Clerk



policy. By their execution of this Deed, the parties hereto acknowledge their certification and assent to this Certification and Disclaimer.

IN TESTIMONY WHEREOF, the parties hereto have each hereunto set their hands this date and year first herein written.

DAROLD RAYBURN BAILEY, JR., INDIVIDUALLY AND AS CO-ADMINISTRATOR OF THE ESTATE OF NORMA JEAN WITHROW BAILEY, GRANTOR

KRISTI SMITH BAILEY, GRANTOR

KIMBERLY JEAN DAVIS, (a/k/a KIMBERLY BAILEY DAVIS, INDIVIDUALLY, AND AS CO-ADMINISTRATOR OF THE ESTATE OF NORMA JEAN WITHROW BAILEY, GRANTOR

JOE DAVIS, GRANTOR

JOE DAVIS, CO-TRUSTEE OF THE KEAN FAMILY TRUST, U/A/D May 29th, 2025, GRANTEE

NATHAN DAVIS, CO-TRUSTEE OF THE KEAN FAMILY TRUST, U/A/D May 27th, 2025, GRANTEE

STATE OF KENTUCKY

COUNTY OF ROWAN, SCT.

The foregoing Deed, Consideration Certificate, Certification and Disclaimer was signed, acknowledged and sworn to before me this 27th day of May, 2025, by DAROLD RAYBURN BAILEY, JR., and KIMBERLY JEAN DAVIS (a/k/a KIMBERLY BAILEY DAVIS), as Co-Administrators of the Norma Jean Withrow Bailey Estate; and DAROLD RAYBURN BAILEY, JR., in his individual capacity, and KRISTI SMITH BAILEY, husband and wife; and



Filed 26-CI-90240 07/15/2026 Kim Barker-Tabor, Rowan Circuit Clerk

Printed on: 7/13/2026 3:20 PM

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000035 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000035 of 000065

ROWAN COUNTY
**D295 PG612**

KIMBERLY JEAN DAVIS, in her individual capacity, and JOE DAVIS, wife and husband, the Grantors, each to be his and her voluntary act and deed.

NOTARY PUBLIC
NOTARY ID # KYNP30782
MY COMMISSION EXPIRES 7/7/25

STATE OF KENTUCKY

COUNTY OF ROWAN, SCT.

The foregoing Consideration Certificate, Certification and Disclaimer was signed, acknowledged and sworn to before me this 27th day of May, 2025, by JOE DAVIS, CO-TRUSTEE OF THE KEAN FAMILY TRUST, U/A/D May 27, 2025, Grantee, to be his voluntary act and deed.

NOTARY PUBLIC
NOTARY ID # KYNP30782
MY COMMISSION EXPIRES 7/7/25

STATE OF KENTUCKY

COUNTY OF ROWAN, SCT.

The foregoing Consideration Certificate, Certification and Disclaimer was signed, acknowledged and sworn to before me this 27th day of May, 2025, by NATHAN DAVIS, CO-TRUSTEE OF THE KEAN FAMILY TRUST, U/A/D May 27, 2025, Grantee, to be his voluntary act and deed.

NOTARY PUBLIC
NOTARY ID # KYNP30782
MY COMMISSION EXPIRES 7/7/25

THIS INSTRUMENT PREPARED BY:

DEHNER & ELLIS, PLLC
ATTORNEYS AT LAW
206 EAST MAIN STREET
MOREHEAD, KY 40351

TRUMAN L. DEHNER
ATTORNEY AT LAW





Printed on: 7/13/2026 3:20 PM

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000036 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
COM : 000036 of 000065

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000037 of 000079

# EXHIBIT F

Defendant Davis's First Supplemental Responses and Objections
to Plaintiffs' Post-Judgment Discovery Requests,
served December 3, 2025 (redacted)

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000037 of 000065

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**

| | | |
|---|---|---|
| **DAVID ERMOLD, ET AL.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs,** | : | **0:15-CV-00046-DLB** |
| | : | |
| **v.** | : | **DISTRICT JUDGE** |
| | : | **DAVID L. BUNNING** |
| **KIM DAVIS, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS**
**TO PLAINTIFFS' POST-JUDGMENT DISCOVERY REQUESTS**

Defendant, by and through the undersigned counsel, hereby provides the following First Supplemental Responses and Objections to Plaintiffs' Post-Judgment Interrogatories and Requests for Production.

## GENERAL OBJECTIONS

1. Defendant objects to these Requests and Interrogatories to the extent they seek information protected by the attorney-client privilege or attorney work product doctrine, or other relevant privileges.

2. Defendant objects to each discovery Request and Interrogatory to the extent it seeks documents or information not in Defendant's possession, custody, or control.

3. Defendant objects to each Request and Interrogatory to the extent it seeks information relating to or concerning property exempt from execution, enforcement, garnishment, attachment, or other legal process under the laws of the United States or the Commonwealth of Kentucky.

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000038 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000038 of 000065

4. Defendant objects to each Request and Interrogatory to the extent it seeks information that is not calculated to assist in the collection, execution, enforcement, garnishment, attachment or other legal process concerning the judgment entered in the above-captioned cause.

5. Defendant objects to each Request and Interrogatory to the extent it seeks information not reasonably calculated to lead to the discovery of evidence assisting in the collection of the judgment entered in this case and unnecessarily engaging into a fishing expedition of irrelevant and unnecessary information.

6. Defendant objects to each Request and Interrogatory to the extent it seeks information protected from disclosure, absent a protective order, and will maintain such objections until an appropriate protective order is issued in the above-referenced cause.

7. These General Objections are incorporated by reference into each specific response below. The assertion of these General Objections does not waive any specific objections stated below, and the assertion of specific objections does not waive these General Objections.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify all accountants you have retained within the past five (5) years in connection with your personal finances.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant hereby states that she has neither retained nor





9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000039 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000039 of 000065

used any accountants within the past five years in connection with her personal finances.

**INTERROGATORY NO. 2:** If you are currently employed, provide the name and address of your employer, your current salary, the amount you receive each pay period, and state how long you have been employed with said employer.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant hereby states that she is not currently employed, has no employer, and receives no salary.

**INTERROGATORY NO. 3:** If you are currently providing any services as an independent contractor, please identify those services, the name and address of the person who you are providing those services for, the rate at which you are being paid, the amount you have received to date, and how long you have been providing these services.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000040 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000040 of 000065

information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant hereby states that she provides no services as an independent contractor and therefore receives no payment as an independent contractor.

**INTERROGATORY NO. 4:** Identify each property you own or in which you have an interest, and state the acquisition cost, present market value, mortgage balance, and amount of any income derived from the property.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from collection under K.R.S. §427.060.

Notwithstanding these objections, Defendant hereby states that she owns no property and has no interest in any property.

**INTERROGATORY NO. 5:** Identify all accounts you have maintained at any financial institution during the last five (5) years by providing the name and address of the institution, type of account, name on the account, account number, and present balance.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her



9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000041 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000041 of 000065

personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a).

Notwithstanding these objections, Defendant hereby states that she maintains a joint account with her husband, Joe Davis, at Superior Credit Union, which is headquartered at 4230 Elisa Road, Lima, Ohio, 45807. The account number for such account is [redacted] The present balance is $630.00. Defendant further states that she previously maintained an account at First National Bank of Grayson, which was closed in September 2024 and has no present balance.

**__INTERROGATORY NO. 6__:** Identify all motor vehicles that you own. For each motor vehicle, provide the corresponding license plate number, name of the state that issued the license plate, present market value of the vehicle, and amount you owe on the vehicle.

**__OBJECTIONS/RESPONSE:__** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant hereby states that she owns a GMC Sierra pickup truck, financed through General Motors with a current loan balance of $58,000.00. The license plate number is [redacted] and the Vehicle Identification Number is [redacted] Defendant further states that she is the co-owner of a 2009 Toyota Sienna with her husband Joe Davis, which has a current loan balance of $3,000.00. The license plate number is [redacted] and the Vehicle Identification Number is [redacted]

**__INTERROGATORY NO. 7__:** Identify all stocks, bonds, and other securities that you own, and provide the location and value of each.



9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000042 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000042 of 000065

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant hereby states that she owns no stocks, bonds, or other securities.

**INTERROGATORY NO. 8:** Identify each transfer, including gifts, of funds and other assets that you have made in the past five years, including the amount of funds or type of asset, the recipient, and the reason for the transfer. For purposes of this Interrogatory, you need not identify transfers of less than two thousand dollars ($2,000) in the aggregate during any 12-month period or any payments made to credit card companies or mortgage holders.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge.

Notwithstanding these objections, Defendant hereby states that she has made no personal transfers of ether gifts, funds, or other assets that exceed $2,000.00 in the aggregate during any 12-month period relevant to the Interrogatory.





9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000043 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
COM : 000043 of 000065

**INTERROGATORY NO. 9:** Identify all life insurance policies that you own. For each policy, provide the corresponding policy date, value, and beneficiary.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information on property exemption from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110.

Notwithstanding these objections, Defendant presently maintains a single term life insurance policy through Nationwide Insurance with a value of $100,000.00, and her husband Joe Davis is the beneficiary.

**INTERROGATORY NO. 10:** Identify all trusts of which you are a beneficiary. For each trust, provide the name and address of the grantor, the name and address of the trustee, and the amounts of any distributions to you.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge.

Notwithstanding these objections, Defendant hereby states that she is not the beneficiary of any trust.

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000044 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000044 of 000065

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000045 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000045 of 000065

**INTERROGATORY NO. 11:** Identify all benefits and income that you are entitled to receive through any government program or insurance policy.

> **OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information on property exempt from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a).
>
> Notwithstanding these objections, Defendant hereby states that her retirement through the Commonwealth of Kentucky affords her health insurance benefits, but receives no other income or benefits from her present retirement benefits package.

**INTERROGATORY NO. 12:** List and describe all other personal assets and sources of income not identified in your answers to the above interrogatories including, but not limited to, jewelry, cash, equipment, or other inventory, provide the name or description of the asset, the date the asset was acquired, the purchase price, the amount and source of the payment, the amount of debt outstanding on the asset, and the current value of each asset.

> **OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her

personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant hereby states that she is currently the co-owner with her husband, Joseph Davis, of the following property: (a) a 2018 Mahindra Side-by-Side currently encumbered by a lien held by First National Bank of Grayson, which has a current balance of $3,781.00 on such property and that its present value is not known; and (b) a CanAm 650 four wheeler and that its present value is not known.

**INTERROGATORY NO. 13:** Describe in detail the transfer of any interest you made in real property located at 891 Island Fork Road, Morehead, KY to Charles Michael Davis or any other person. Include:

a. the date of transfer;

b. the consideration paid, if any;

c. our relationship to the transferee;

d. whether you retained any interest or right of possession.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge.

Notwithstanding these objections, Defendant hereby states that the real property located at 891 Island Fork Road was originally purchased by Defendant and her husband, Joe Davis, for their daughter. In January 2021, Defendants' brother-in-law began making payments to Defendant and her husband for the purchase of the property and also provided significant in-kind services and repairs to the property for which the deed was transferred into his name in September 2024 in exchange for an assumption of the loan balance on the property and $5,000.00 for which the previous payments had been applied. Defendant maintains no interest or right of possession to the property.

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000046 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000046 of 000065

**<u>INTERROGATORY NO. 14</u>:** Identify each pension, retirement plan, or deferred compensation plan from which you are currently receiving or entitled to receive benefits. State:

a. the plan administrator's name and address;

b. the amount of monthly benefits received or anticipated;

c. whether you have the option to withdraw, roll over, or borrow against such benefits.

d. Account benefits are deposited into.

**<u>OBJECTIONS/RESPONSE:</u>** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information on property exemption from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a). Defendant further objects to this Interrogatory to the extent it seeks information exempt from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1).

Notwithstanding these objections, Defendant hereby states that she presently is entitled to receive benefits through the Kentucky State Employees Retirement System, located at 1260 Louisville Road, Frankfort, Kentucky 40601. Defendant further states that she receives $5,298.00 per month from such account, that she does not have the option to withdraw from such benefits, and that her benefits are deposited into the account described in Response to Interrogatory Number 6.

**<u>INTERROGATORY NO. 15</u>:** Identify the number of copies of Under God's Authority: The Kim Davis Story that were sold or published in the past three (3) years by New Revolution Publishers, or the Liberty Counsel.

**<u>OBJECTIONS/RESPONSE:</u>** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges.

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000047 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000047 of 000065

Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge or documents and information not in her possession, custody, or control.

Notwithstanding these objections, Defendant hereby states that she is unaware of any copies of Under God's Authority: The Kim Davis Story that have been sold or published within the last three years.

**INTERROGATORY NO. 16**: Identify each speaking engagement you were paid to participate in over the past five (5) years.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Interrogatory to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Interrogatory is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Interrogatory to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to this Interrogatory to the extent it requires speculation, guesswork, or information not within her personal knowledge. Defendant further objects to this Interrogatory to the extent it seeks information protected against disclosure by the First Amendment to the United States Constitution and infringing upon her expressive associational rights.

Notwithstanding these objections, Defendant hereby states that she has never been paid for any speaking engagement in the past five years.

**OBJECTIONS AND RESPONSES REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1**: Produce all books and accounting records relating to your finances for the past five years.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious,



9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000048 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000048 of 000065

not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search,.

**REQUEST FOR PRODUCTION NO. 2:** Produce copies of your state and federal income tax returns for the last five (5) years, including all schedules and attachments.

**OBJECTIONS/RESPONSE**: Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:** Produce all deeds, settlement statements, or other documents relating to the transfer of 891 Island Fork Road, Morehead, KY, including deeds to/from Charles Michael Davis.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights.

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000049 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000049 of 000065

Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:** Produce all monthly statements for any bank or credit union account maintained by you within the past three (3) years.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:** Produce documentation showing your current pension or retirement benefits, including award letters, plan statements, or summaries of benefits.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information on property exempt from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this



9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000050 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000050 of 000065

Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a). Defendant further objects to this Interrogatory to the extent it seeks information exempt from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1).

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents relating to any other real property you own, including deeds, mortgage statements, tax assessments, or appraisals.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.060.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:** Produce copies of titles, registrations, or loan documents for all vehicles you own.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.





9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000051 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000051 of 000065

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents reflecting transfers of property or assets made by you in the past five (5) years with a value exceeding $1,000.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:** Produce copies of any life insurance policies under which you are owner or beneficiary.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information on property exemption from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a). Defendant further objects to this Interrogatory to the extent it seeks information exempt

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000052 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000052 of 000065

from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1).

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents reflecting any trusts or estate interests where you are designated as a beneficiary.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:** Produce all records of payments or distributions received by you from pensions, retirement plans, social security, or other government programs within the past three (3) years.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information on property exemption from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant



9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000053 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000053 of 000065

objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a). Defendant further objects to this Interrogatory to the extent it seeks information exempt from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1).

Notwithstanding these objections, Defendant will produce all responsive, non-privileged answers and documents related to this Request that are found after a reasonable search.

**As to Answers/Responses:**

/s/ Kimberley Davis
Kimberley Davis

**As to Objections:**

/s/ Daniel J. Schmid

A.C. Donahue
Donahue Law Group, P.S.C.
P.O. Box 659
Somerset, Kentucky 42502
(606) 677-2741
ACDonahue@DonahueLawGroup.com

Mathew D. Staver
Horatio G. Mihet
Daniel J. Schmid
LIBERTY COUNSEL
P.O. Box 540774
Orlando, Florida 32854
(407) 875-1776
hmihet@LC.org
dschmid@LC.org
court@LC.org

*Attorneys for Defendant, Kim Davis*

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000054 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
COM : 000054 of 000065

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of December, 2025, I served a true and correct copy of the foregoing Responses and Objections to Plaintiffs' Post-Judgment Interrogatories and Requests for Production on Plaintiffs' counsel via electronic mail.

/s/ Daniel J. Schmid
Daniel J. Schmid

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000055 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000055 of 000065

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000056 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

# EXHIBIT G

Defendant Davis's Second Supplemental Responses and Objections
to Plaintiffs' Post-Judgment Discovery Requests,
served January 28, 2026

COM : 000056 of 000065

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000057 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000057 of 000065

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**

| | | |
|---|---|---|
| **DAVID ERMOLD, ET AL.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs,** | : | **0:15-CV-00046-DLB** |
| | : | |
| **v.** | : | **DISTRICT JUDGE** |
| | : | **DAVID L. BUNNING** |
| **KIM DAVIS, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS**
**TO PLAINTIFFS' POST-JUDGMENT DISCOVERY REQUESTS**

Defendant, by and through the undersigned counsel, hereby provides the following Second Supplemental Responses and Objections to Plaintiffs' Post-Judgment Interrogatories and Requests for Production.

**GENERAL OBJECTIONS**

1. Defendant objects to these Requests and Interrogatories to the extent they seek information protected by the attorney-client privilege or attorney work product doctrine, or other relevant privileges.

2. Defendant objects to each discovery Request and Interrogatory to the extent it seeks documents or information not in Defendant's possession, custody, or control.

3. Defendant objects to each Request and Interrogatory to the extent it seeks information relating to or concerning property exempt from execution, enforcement, garnishment, attachment, or other legal process under the laws of the United States or the Commonwealth of Kentucky.

4. Defendant objects to each Request and Interrogatory to the extent it seeks information that is not calculated to assist in the collection, execution, enforcement, garnishment, attachment or other legal process concerning the judgment entered in the above-captioned cause.

5. Defendant objects to each Request and Interrogatory to the extent it seeks information not reasonably calculated to lead to the discovery of evidence assisting in the collection of the judgment entered in this case and unnecessarily engaging into a fishing expedition of irrelevant and unnecessary information.

6. Defendant objects to each Request and Interrogatory to the extent it seeks information protected from disclosure, absent a protective order, and will maintain such objections until an appropriate protective order is issued in the above-referenced cause.

7. These General Objections are incorporated by reference into each specific response below. The assertion of these General Objections does not waive any specific objections stated below, and the assertion of specific objections does not waive these General Objections.

* * *

**OBJECTIONS AND RESPONSES REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** Produce all books and accounting records relating to your finances for the past five years.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.





9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000058 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
COM : 000058 of 000065

Notwithstanding these objections, Defendant states that she does not keep independent books or accounting records except for those produced with these responses, such as banking statements, tax returns, etc. which are otherwise included in other requests for production and are being produced herewith.

**REQUEST FOR PRODUCTION NO. 2:** Produce copies of your state and federal income tax returns for the last five (5) years, including all schedules and attachments.

**OBJECTIONS/RESPONSE**: Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge.

Notwithstanding these objections, Defendant is producing copies of the tax returns to which she currently has access herewith and is attempting to secure the remaining returns. Defendant will supplement this production upon receipt of the further returns.

**REQUEST FOR PRODUCTION NO. 3:** Produce all deeds, settlement statements, or other documents relating to the transfer of 891 Island Fork Road, Morehead, KY, including deeds to/from Charles Michael Davis.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge.

Notwithstanding these objections, Defendant states that settlement statements or other documents pertaining to the transaction that was described in response to Interrogatory No.





9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000059 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
COM : 000059 of 000065

13, as it was a private sale. Defendant further states that she does not have in her possession a copy of the deed but states that it is publicly filed in the relevant clerk's office.

**REQUEST FOR PRODUCTION NO. 4:** Produce all monthly statements for any bank or credit union account maintained by you within the past three (3) years.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant hereby states that she currently only has access to the last two years of statements and they are produced herewith. Defendant is attempting to secure the remaining statements and will supplement her production if she is able to obtain them.

**REQUEST FOR PRODUCTION NO. 5:** Produce documentation showing your current pension or retirement benefits, including award letters, plan statements, or summaries of benefits.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information on property exempt from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a). Defendant further objects



9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000060 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000060 of 000065

to this Interrogatory to the extent it seeks information exempt from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1).

Notwithstanding these objections, Defendant is producing herewith a copy of the distributions chart responsive to this request, which is the only documentation she has in her possession.

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents relating to any other real property you own, including deeds, mortgage statements, tax assessments, or appraisals.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.060.

Notwithstanding these objections, Defendant states that she owns no real property and has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:** Produce copies of titles, registrations, or loan documents for all vehicles you own.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.



9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000061 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000061 of 000065

Notwithstanding these objections, Defendant is producing a copy of the titles to vehicles she owns and described in response to Interrogatory No. 6.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents reflecting transfers of property or assets made by you in the past five (5) years with a value exceeding $1,000.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant hereby states that the only transfer valued in excess of $1,000.00 was the assumption of debt by Charles M. Davis discussed in response to Plaintiffs' Interrogatory No. 13, but has no documents otherwise responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:** Produce copies of any life insurance policies under which you are owner or beneficiary.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information on property exemption from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a). Defendant further objects to this Interrogatory to the extent it seeks information exempt





9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000062 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000062 of 000065

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000063 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000063 of 000065

from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1).

Notwithstanding these objections, Defendant is attempting to secure a copy of the life insurance policy described in response to Interrogatory No. 9 and will supplement her production as soon as she is able to obtain it.

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents reflecting any trusts or estate interests where you are designated as a beneficiary.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant states that she is not designated as a beneficiary in any trust or estate and therefore has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:** Produce all records of payments or distributions received by you from pensions, retirement plans, social security, or other government programs within the past three (3) years.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information on property exemption from execution, attachment,

Filed 26-CI-90240 07/15/2026 Kim Barker-Tabor, Rowan Circuit Clerk

garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a). Defendant further objects to this Interrogatory to the extent it seeks information exempt from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1).

Notwithstanding these objections, Defendant is producing herewith a copy of the distributions chart responsive to this request, which is the only documentation she has in her possession.

**As to Answers/Responses:**

/s/ Kimberley Davis
Kimberley Davis

**As to Objections:**

A.C. Donahue
Donahue Law Group, P.S.C.
P.O. Box 659
Somerset, Kentucky 42502
(606) 677-2741
ACDonahue@DonahueLawGroup.com

/s/ Daniel J. Schmid
Mathew D. Staver
Horatio G. Mihet
Daniel J. Schmid
LIBERTY COUNSEL
P.O. Box 540774
Orlando, Florida 32854
(407) 875-1776
hmihet@LC.org
dschmid@LC.org
court@LC.org

*Attorneys for Defendant, Kim Davis*

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000064 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000064 of 000065



Filed 26-CI-90240 07/15/2026 Kim Barker-Tabor, Rowan Circuit Clerk

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January, 2026, I served a true and correct copy of the foregoing Responses and Objections to Plaintiffs' Post-Judgment Interrogatories and Requests for Production on Plaintiffs' counsel via electronic mail.

/s/ Daniel J. Schmid
Daniel J. Schmid

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000065 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

COM : 000065 of 000065

COMMONWEALTH OF KENTUCKY
ROWAN CIRCUIT COURT
*Electronically Filed*

DAVID ERMOLD and DAVID MOORE, PLAINTIFFS

v.

KIMBERLY JEAN DAVIS, et al., DEFENDANTS

---

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS KIMBERLY JEAN DAVIS AND DAROLD RAYBURN BAILEY, JR., AS CO-ADMINISTRATORS OF THE ESTATE OF NORMA JEAN WITHROW BAILEY**

---

Plaintiffs David Ermold and David Moore, pursuant to CR 33 and CR 34, propound the following Interrogatories and Requests for Production of Documents to Defendants Kimberly Jean Davis and Darold Rayburn Bailey, Jr., in their capacities as Co-Administrators of the Estate of Norma Jean Withrow Bailey, Rowan District Court Probate No. 25-P-00013, to be answered separately and fully, in writing and under oath. Because these requests are served upon you with the Summons and Complaint, your answers and responses shall be served within forty-five (45) days after service of the Summons and Complaint upon you, as provided by CR 33.01(2) and CR 34.02. These requests are intentionally limited in scope.

**DEFINITIONS AND INSTRUCTIONS**

1. "Decedent" means Norma Jean Withrow Bailey, who died on January 11, 2025. "Estate" means the Estate of Norma Jean Withrow Bailey, Rowan District Court Probate No. 25-P-00013.
2. "Trust" means the Kean Family Trust, U/A/D May 27, 2025.

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000066 of 000079
Presiding Judge: HON. ELIZABETH DAVIS (621472)
IRPD : 000001 of 000004

3. "Account" means any checking, savings, money market, certificate of deposit, brokerage, investment, retirement, or other account at any bank or other financial institution.

4. "Transaction" means any deposit, withdrawal, check, wire, transfer, distribution, disbursement, or payment of any kind.

5. "Relevant Period" means July 15, 2024 through the present.

6. "Identify," with respect to an Account, means to state the name and branch address of the bank or financial institution where the Account is or was held, the account number, the account type, the name(s) in which the Account is or was titled, all authorized signatories, the date opened and, if applicable, closed, the balance as of the Decedent's death, and the current balance. These requests are continuing in nature to the extent provided by CR 26.05.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify each Account maintained by, for, or in the name of the Decedent or the Estate at any time during the Relevant Period, including each Account listed on the inventory filed in Probate No. 25-P-00013.

**RESPONSE:**

**INTERROGATORY NO. 2:** Describe each Transaction occurring during the Relevant Period in each Account identified in response to Interrogatory No. 1, stating for each the date, amount, payee or recipient, the person who authorized it, and its purpose. In lieu of a narrative answer, you may produce complete statements for each such Account for the Relevant Period pursuant to CR 33.03.

**RESPONSE:**

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000067 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

IRPD : 000002 of 000004

**INTERROGATORY NO. 3:** Identify and describe each distribution, transfer, or other disposition of any asset of the Decedent or the Estate (including funds, tangible personal property, and real property) made during the Relevant Period, stating for each the date, the asset and its value, the recipient, and whether the distribution or transfer was authorized by order of the Rowan District Court.

**RESPONSE:**

**INTERROGATORY NO. 4:** State whether the Decedent, the Estate, or either Co-Administrator has transferred, paid, or conveyed any funds or other property of the Decedent or the Estate to the Trust or to any trustee or beneficiary of the Trust, and describe each such transfer, payment, or conveyance.

**RESPONSE:**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** All statements for each Account identified in response to Interrogatory No. 1, for the Relevant Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents evidencing each Transaction, distribution, or transfer identified in response to Interrogatory Nos. 2 through 4, including canceled checks, wire records, deposit slips, and receipts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** A complete copy of the instrument creating the Kean Family Trust, U/A/D May 27, 2025, together with every amendment, restatement, schedule, and any certificate or memorandum of trust, to the extent in your possession, custody, or control.

**RESPONSE:**

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000068 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

IRPD : 000003 of 000004

Respectfully submitted,

/s/ Joseph D. Buckles
Joseph D. Buckles, Esq.
BUCKLES LAW OFFICE, PLLC
149 North Limestone
Lexington, KY 40507
(859) 225-9540
(859) 251-6020 (fax)
Joe@JoeBuckles.com
COUNSEL FOR PLAINTIFFS

-and-

Michael J. Gartland, Esq.
GARTLAND THACKER DELCOTTO PLLC
200 North Upper Street
Lexington, KY 40507
(859) 420-8733
mgartland@gtdfirm.com
CO-COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was served with the Summons and Complaint upon Defendants Kimberly Jean Davis and Darold Rayburn Bailey, Jr., in their capacities as Co-Administrators of the Estate of Norma Jean Withrow Bailey, at 7935 U.S. Highway 60 East, Morehead, Kentucky 40351, and 1677 Holly Fork Road, Morehead, Kentucky 40351, on the date and time shown on the proof of service.

/s/ Joseph D. Buckles
Joseph D. Buckles, Esq.
COUNSEL FOR PLAINTIFFS

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000069 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

IRPD : 000004 of 000004

COMMONWEALTH OF KENTUCKY
ROWAN CIRCUIT COURT
*Electronically Filed*

DAVID ERMOLD and DAVID MOORE, PLAINTIFFS

v.

KIMBERLY JEAN DAVIS, et al., DEFENDANTS

---

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JOE DAVIS AND NATHAN DAVIS, CO-TRUSTEES OF THE KEAN FAMILY TRUST**

---

Plaintiffs David Ermold and David Moore, pursuant to CR 33 and CR 34, propound the following Interrogatories and Requests for Production of Documents to Defendants Joe Davis and Nathan Davis, as Co-Trustees of the Kean Family Trust, U/A/D May 27, 2025, to be answered separately and fully, in writing and under oath. Because these requests are served upon you with the Summons and Complaint, your answers and responses shall be served within forty-five (45) days after service of the Summons and Complaint upon you, as provided by CR 33.01(2) and CR 34.02. These requests are intentionally limited in scope.

**DEFINITIONS AND INSTRUCTIONS**

1. "Trust" means the Kean Family Trust, U/A/D May 27, 2025, together with any amendment or restatement thereof.
2. "Account" means any checking, savings, money market, certificate of deposit, brokerage, investment, retirement, or other account at any bank or other financial institution.
3. "Transaction" means any deposit, withdrawal, check, wire, transfer, distribution, disbursement, or payment of any kind.
4. "Relevant Period" means July 15, 2024 through the present.

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000070 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

IRPD : 000001 of 000004

5. "Identify," with respect to an Account, means to state the name and branch address of the bank or financial institution where the Account is or was held, the account number, the account type, the name(s) in which the Account is or was titled, all authorized signatories, the date opened and, if applicable, closed, and the current balance. These requests are continuing in nature to the extent provided by CR 26.05.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each Account maintained by, for, or in the name of the Trust, or into or from which any funds of the Trust have been deposited or paid, at any time during the Relevant Period.

**RESPONSE:**

**INTERROGATORY NO. 2:** Describe each Transaction occurring during the Relevant Period in each Account identified in response to Interrogatory No. 1, stating for each the date, amount, payor or payee (or transferor or transferee), and purpose. In lieu of a narrative answer, you may produce complete statements for each such Account for the Relevant Period pursuant to CR 33.03.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify and describe each item of property of any kind (real, personal, tangible, or intangible) transferred to or from the Trust during the Relevant Period, stating for each the date of transfer, the transferor and transferee, the consideration paid, and the current disposition of the property.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify each settlor, trustee, and beneficiary of the Trust.

**RESPONSE:**

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000071 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

IRPD : 000002 of 000004

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** The Trust instrument, together with every amendment, restatement, schedule, exhibit, and any certificate or memorandum of trust.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All statements for each Account identified in response to Interrogatory No. 1, for the Relevant Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents evidencing each Transaction or transfer identified in response to Interrogatory Nos. 2 and 3, including canceled checks, wire records, deposit slips, closing statements, and receipts.

**RESPONSE:**

Respectfully submitted,

/s/ Joseph D. Buckles
Joseph D. Buckles, Esq.
BUCKLES LAW OFFICE, PLLC
149 North Limestone
Lexington, KY 40507
(859) 225-9540
(859) 251-6020 (fax)
Joe@JoeBuckles.com
COUNSEL FOR PLAINTIFFS

-and-

Michael J. Gartland, Esq.
GARTLAND THACKER DELCOTTO PLLC
200 North Upper Street
Lexington, KY 40507
(859) 420-8733
mgartland@gtdfirm.com
CO-COUNSEL FOR PLAINTIFFS

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000072 of 000079

Presiding Judge: HON. ELIZABETH DAVIS (621472)

IRPD : 000003 of 000004

9B7A51C4-D4DB-44E8-80E6-723A9CCC8608 : 000073 of 000079

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was served with the Summons and Complaint upon Defendants Joe Davis and Nathan Davis, individually and as Co-Trustees of the Kean Family Trust, U/A/D May 27, 2025, 8120 U.S. 60 East, Morehead, Kentucky 40351, on the date and time shown on the proof of service.

/s/ Joseph D. Buckles
Joseph D. Buckles, Esq.
COUNSEL FOR PLAINTIFFS

Presiding Judge: HON. ELIZABETH DAVIS (621472)

IRPD : 000004 of 000004