# EXHIBIT 3

Defendant's Second Supplemental Responses and Objections to
Plaintiffs' Post-Judgment Discovery Requests
(served January 28, 2026)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**

| | | |
|---|---|---|
| **DAVID ERMOLD, ET AL.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs,** | : | **0:15-CV-00046-DLB** |
| | : | |
| **v.** | : | **DISTRICT JUDGE** |
| | : | **DAVID L. BUNNING** |
| **KIM DAVIS, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' POST-JUDGMENT DISCOVERY REQUESTS**

Defendant, by and through the undersigned counsel, hereby provides the following Second Supplemental Responses and Objections to Plaintiffs' Post-Judgment Interrogatories and Requests for Production.

## GENERAL OBJECTIONS

1. Defendant objects to these Requests and Interrogatories to the extent they seek information protected by the attorney-client privilege or attorney work product doctrine, or other relevant privileges.

2. Defendant objects to each discovery Request and Interrogatory to the extent it seeks documents or information not in Defendant's possession, custody, or control.

3. Defendant objects to each Request and Interrogatory to the extent it seeks information relating to or concerning property exempt from execution, enforcement, garnishment, attachment, or other legal process under the laws of the United States or the Commonwealth of Kentucky.

4. Defendant objects to each Request and Interrogatory to the extent it seeks information that is not calculated to assist in the collection, execution, enforcement, garnishment, attachment or other legal process concerning the judgment entered in the above-captioned cause.

5. Defendant objects to each Request and Interrogatory to the extent it seeks information not reasonably calculated to lead to the discovery of evidence assisting in the collection of the judgment entered in this case and unnecessarily engaging into a fishing expedition of irrelevant and unnecessary information.

6. Defendant objects to each Request and Interrogatory to the extent it seeks information protected from disclosure, absent a protective order, and will maintain such objections until an appropriate protective order is issued in the above-referenced cause.

7. These General Objections are incorporated by reference into each specific response below. The assertion of these General Objections does not waive any specific objections stated below, and the assertion of specific objections does not waive these General Objections.

* * *

**OBJECTIONS AND RESPONSES REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** Produce all books and accounting records relating to your finances for the past five years.

> **OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant states that she does not keep independent books or accounting records except for those produced with these responses, such as banking statements, tax returns, etc. which are otherwise included in other requests for production and are being produced herewith.

**REQUEST FOR PRODUCTION NO. 2:** Produce copies of your state and federal income tax returns for the last five (5) years, including all schedules and attachments.

**OBJECTIONS/RESPONSE**: Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge.

Notwithstanding these objections, Defendant is producing copies of the tax returns to which she currently has access herewith and is attempting to secure the remaining returns. Defendant will supplement this production upon receipt of the further returns.

**REQUEST FOR PRODUCTION NO. 3:** Produce all deeds, settlement statements, or other documents relating to the transfer of 891 Island Fork Road, Morehead, KY, including deeds to/from Charles Michael Davis.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge.

Notwithstanding these objections, Defendant states that settlement statements or other documents pertaining to the transaction that was described in response to Interrogatory No.

13, as it was a private sale. Defendant further states that she does not have in her possession a copy of the deed but states that it is publicly filed in the relevant clerk's office.

**REQUEST FOR PRODUCTION NO. 4:** Produce all monthly statements for any bank or credit union account maintained by you within the past three (3) years.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant hereby states that she currently only has access to the last two years of statements and they are produced herewith. Defendant is attempting to secure the remaining statements and will supplement her production if she is able to obtain them.

**REQUEST FOR PRODUCTION NO. 5:** Produce documentation showing your current pension or retirement benefits, including award letters, plan statements, or summaries of benefits.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information on property exempt from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a). Defendant further objects

to this Interrogatory to the extent it seeks information exempt from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1).

Notwithstanding these objections, Defendant is producing herewith a copy of the distributions chart responsive to this request, which is the only documentation she has in her possession.

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents relating to any other real property you own, including deeds, mortgage statements, tax assessments, or appraisals.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.060.

Notwithstanding these objections, Defendant states that she owns no real property and has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:** Produce copies of titles, registrations, or loan documents for all vehicles you own.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant is producing a copy of the titles to vehicles she owns and described in response to Interrogatory No. 6.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents reflecting transfers of property or assets made by you in the past five (5) years with a value exceeding $1,000.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant hereby states that the only transfer valued in excess of $1,000.00 was the assumption of debt by Charles M. Davis discussed in response to Plaintiffs' Interrogatory No. 13, but has no documents otherwise responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:** Produce copies of any life insurance policies under which you are owner or beneficiary.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information on property exemption from execution, attachment, garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a). Defendant further objects to this Interrogatory to the extent it seeks information exempt

from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1).

Notwithstanding these objections, Defendant is attempting to secure a copy of the life insurance policy described in response to Interrogatory No. 9 and will supplement her production as soon as she is able to obtain it.

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents reflecting any trusts or estate interests where you are designated as a beneficiary.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under K.R.S. §427.010.

Notwithstanding these objections, Defendant states that she is not designated as a beneficiary in any trust or estate and therefore has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:** Produce all records of payments or distributions received by you from pensions, retirement plans, social security, or other government programs within the past three (3) years.

**OBJECTIONS/RESPONSE:** Defendant hereby objects to this Request to the extent it seeks information protected by the attorney-client and work-product privileges. Defendant objects to the extent this Request is vague, overly broad, unduly burdensome, vexatious, not proportional to the needs of post-judgment discovery, or not limited in time or scope as required by Fed. R. Civ. P. 26(b)(1) and 69(a)(2). Defendant objects this Request to the extent it seeks personal, confidential, or private financial information unrelated to the satisfaction of the judgment or that infringes upon constitutional or statutory privacy rights. Defendant objects to producing documents or information equally available from public records or third parties, such as property or vehicle titles, recorded deeds, or publicly filed tax liens. Defendant objects to any request that requires speculation, guesswork, or information not within her personal knowledge. Defendant objects to this Request to the extent it seeks information on property exemption from execution, attachment,

garnishment, or any other process under K.R.S. §61.690 and K.R.S. §427.110. Defendant objects to this Interrogatory to the extent it seeks information relating to property exempt from execution, attachment, garnishment, or collection under 42 U.S.C. §407(a). Defendant further objects to this Interrogatory to the extent it seeks information exempt from execution, attachment, garnishment, or other legal process under 29 U.S.C. §1056(d)(1).

Notwithstanding these objections, Defendant is producing herewith a copy of the distributions chart responsive to this request, which is the only documentation she has in her possession.

**As to Answers/Responses:**

/s/ Kimberley Davis
Kimberley Davis

**As to Objections:**

A.C. Donahue
Donahue Law Group, P.S.C.
P.O. Box 659
Somerset, Kentucky 42502
(606) 677-2741
ACDonahue@DonahueLawGroup.com

/s/ Daniel J. Schmid
Mathew D. Staver
Horatio G. Mihet
Daniel J. Schmid
LIBERTY COUNSEL
P.O. Box 540774
Orlando, Florida 32854
(407) 875-1776
hmihet@LC.org
dschmid@LC.org
court@LC.org

*Attorneys for Defendant, Kim Davis*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January, 2026, I served a true and correct copy of the foregoing Responses and Objections to Plaintiffs' Post-Judgment Interrogatories and Requests for Production on Plaintiffs' counsel via electronic mail.

/s/ Daniel J. Schmid
Daniel J. Schmid