**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**

| | | |
|---|---|---|
| **DAVID ERMOLD, ET AL.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs,** | : | **0:15-CV-00046-DLB** |
| | : | |
| **v.** | : | **DISTRICT JUDGE** |
| | : | **DAVID L. BUNNING** |
| **KIM DAVIS, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANT KIM DAVIS'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO HOLD KIM DAVIS IN CONTEMPT AND FOR SANCTIONS**

Defendant Kim Davis, pursuant to L.R. 7.1, hereby files this Response in Opposition to Plaintiffs' "Motion to Hold Kim Davis in Contempt and for Sanctions based on False Statements in her Sworn Post-Judgment Discovery Responses." (Doc. 201) (hereinafter "Motion"). The Motion is without merit and should be denied as premature, or alternatively, held in abeyance pending the outcome of the state court suit (Doc. 201–1)[1] filed by Plaintiffs concerning the identical subject matter to their Motion.

Plaintiffs' Motion is premised on the merits of a pending state court suit against which Davis has a due process right to defend and is therefore premature. Plaintiffs' Motion is admittedly based on the same allegations in the pending state court suit, and those allegations are premised entirely on the operation of Kentucky law. Davis has a fundamental due process right to notice and

[1] The undersigned counsel in this Court are, with the exception of local counsel, not licensed to practice law in the Commonwealth of Kentucky and were retained and admitted *pro hac vice* to provide a defense to federal constitutional questions at issue in the underlying merits of this federal action. The undersigned are not counsel for any defendant in the state court suit discussed herein and make no statements, contentions, or representations concerning the alleged claims in Plaintiffs' state court suit or any potential defenses that may be available and/or asserted by any of the defendants in the state court suit.

an opportunity to be heard on Plaintiffs' allegations in the state court suit and to assert state law defenses in such action that will ultimately be entitled to deference in this Court. Because Plaintiffs' Motion is contingent on the merits of the state court suit, the Motion is premature and should be denied or held in abeyance pending the outcome of the state court suit.

Moreover, Plaintiffs' contention that Davis's answers and responses to discovery requests were false or perjurious are likewise bound up with the merits of the pending state court suit against which Davis has a due process right to defend. Materially false or perjurious answers require a finding of specific intent and cannot be the result of confusion, mistake, or misunderstanding. Because the merits of Plaintiffs' Motion here are inextricably bound up with the merits of their state court claims, the Motion must be denied or held in abeyance pending resolution of the state court suit.

## ARGUMENT

### I. Plaintiffs' Motion is premised on the merits of a pending state court suit against which Davis has a due process right to defend and is therefore premature.

#### A. Plaintiffs' Motion is admittedly based on the same allegations as the pending state court suit, and those allegations are premised entirely on the operation of Kentucky law.

Plaintiffs' Motion admits, as it must, that Plaintiffs' state court suit (Doc. 201–1) filed in Rowan County Circuit Court is based upon identical claims and contentions made in Plaintiffs' Motion. *Compare* (Doc. 201, at 3 (noting that the state court suit was "based upon the certified records" concerning the alleged transfers and parcels)), *with* (Doc. 201, at 4–6 (basing Plaintiffs' allegations of false representations on the certified public record)).

Plaintiffs allege in the Motion that the "Certified Public Record" demonstrates that Davis's discovery responses were false and sanctionable. (Doc. 201, at 4–6.) Plaintiffs allege that Davis's Mother died intestate, that Davis immediately became heir to certain proceeds, that her alleged

transfers of certain property were personal to her because of the alleged operation of Kentucky law, and that Plaintiffs are entitled to Davis's alleged share of the alleged transfers. (Doc. 201, at 4–5.) But the claims made in Plaintiffs' Motion are all identical to the allegations they make in the state court suit, the merits of which are wholly contingent on the state law at issue. For example, Plaintiffs claim in their Motion that Davis allegedly inherited certain property, that it allegedly became her personal property, and that she allegedly falsely omitted such alleged personal transfers from her discovery responses. (Doc. 201, at 5–6.) In the state court complaint, Plaintiffs allege that the alleged transfers were (in fact) transfers *by Davis*, and that the alleged assets were (in fact) assets *of Davis*. (*See, e.g.*, Doc. 201–1, at 9, ¶33.) And, as demonstrated by the state court complaint, the interpretation, proof, and validity of such allegations depend entirely upon the proper understanding, application, and interpretation of Kentucky state law. (*See id.* (noting that such claims are contingent upon KRS §§378A.010(2), 378A.010(6), and 378A.010(16)).)

Plaintiffs' Motion here is likewise premised on the fact that each alleged transfer, allegedly by Davis, of an asset allegedly belonging to Davis was made with the intent to hinder, delay, or defraud her creditors. (Doc. 201–1, at 9, ¶34.) Each of those allegations likewise hinge entirely upon the proper interpretation and application of Kentucky law and proof concerning such allegations. (*See id.* (noting that such claims are contingent on KRS §378A.010(1)(a)).)

Moreover, Plaintiffs' Motion here claims that Davis's discovery responses were false on the basis of the allegations of the state court complaint concerning purported "badges of fraud." (Doc. 201–1, at 9–10, ¶35.) Each of those allegations is, again, premised upon application of and proof concerning KRS §§378A.040(2)(a)-(i), as admitted by Plaintiffs in the state court complaint (*See id.*)

In other words, and as acknowledged by Plaintiffs' own Motion and state court suit, the grounds for the instant Motion and its allegations that Davis's discovery responses were purportedly "demonstrably false on the face of the certified public records" are "[t]he same public records [that] are the subject of the voidable transfer complaint that Plaintiffs filed against Davis." (Doc. 201, at 1.) The answers to those questions are currently pending adjudication in state court where Defendant and the other state court defendants have a right to be heard in defense on the proper scope, application, interpretation, and understanding of state law.

**B. Davis has a fundamental due process right to notice and an opportunity to be heard on Plaintiffs' allegations in the state court suit, and to assert state law defenses in that action, which will ultimately be entitled to deference in this Court.**

It is axiomatic that in any pending action in a court of competent jurisdiction, "[t]he essential elements of due process are notice and an opportunity to be heard." *Silvernail v. Cnty. of Kent*, 385 F.3d 601, 604 (6th Cir. 2004). *See also Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (cleaned up). Plaintiffs note, as they must, that the allegations upon which their current Motion are based are the same as the allegations pending before the Rowan County Circuit Court. (Doc. 201, at 3.) *See also supra* Section I.A. Davis is plainly entitled to be heard on those allegations in a meaningful manner and assert any defenses or claims relevant to such action.

As demonstrated *supra* Section I.A, Plaintiffs' state court claims against Davis and six other state court defendants (*see* Doc. 201–1, at 1) are entirely premised on the interpretation, understanding, scope, and application of Kentucky state law. Whether the alleged transfers were made *by Davis* is contingent on the proper interpretation and application of Kentucky law. Whether the alleged assets were those *of Davis* is contingent on the proper interpretation and application of

Kentucky law. Whether the alleged recipients of those alleged transfers of alleged assets were not otherwise entitled to such alleged property is contingent on the proper interpretation and application of Kentucky law. Whether Kentucky law provides Davis or any of the other six defendants in the state court action with merited and substantial defenses to Plaintiffs' claims is contingent on the proper interpretation and application of Kentucky law. And whether Davis had any claim to or priority over such alleged assets is contingent on the proper interpretation and application of Kentucky law.[2]

Principles of comity and federalism require this Court to (at minimum) stay its hand pending the Kentucky court's resolution of Kentucky-law-contingent claims. Indeed, "[p]rinciples of comity require federal courts to defer to a state's judgment on issues of state law." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001). *See also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986) ("A federal court must accept a state court's interpretation of that state's statutes."). The reason for that is simple: "[i]t is axiomatic that state courts are the final authority on state law." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984).

Whether Plaintiffs can prove the allegations of their state court complaint will depend entirely upon the Kentucky state court's resolution of the state law claims. It is also axiomatic that "allegations in [a] complaint . . . *are not evidence*." *Alzid v. Porter*, 2024 WL 4579427, *5 (6th Cir. Oct. 25, 2024) (emphasis added). Unless and until Plaintiffs prove their claims in the state

[2] For instance, Kentucky law states that "[n]o tenant in common shall have any privilege over another in any election, division, or matter to be done or made, concerning lands which have descended to them." KRS §391.120. The interpretation and application of such state statutes on Plaintiffs' claims in the state suit and Davis's or the other state court defendants' defense to them are open questions that this Court must leave to the state court suit, and consistent with *supra* Note 1, the undersigned make no representations concerning the merits or lack thereof of any claims or defenses asserted in the state court suit.

court suit, any assertions that Davis's discovery responses warrant sanctions on the basis of those allegations is premature. The Motion should be denied on that basis alone.

**D. Because Plaintiffs' Motion is contingent on the merits of the state court suit, the Motion is premature and should be denied or held in abeyance pending the outcome of the state court suit.**

Where, as here, a motion for sanctions is largely or entirely contingent on the merits of an ancillary or other proceeding in a different court, particularly a state court claim entirely contingent on state law, courts have not hesitated to deny or held the motion is abeyance pending the outcome of the proceeding upon which the underlying merits of the motion are contingent. The Sixth Circuit has held there is no abuse of discretion in denying a motion for sanctions that is premised on an ancillary state court proceeding. *E.g.*, *Barnaby v. Witkowski*, 758 F. App'x 431, 436 (6th Cir. 2018) (holding that a denial of sanctions was permissible where the "request for sanctions was based on his belief that the defendants flouted the discovery order with fraudulent misrepresentations, but that was merely his unsupported belief, and the issues were central to the merits of the case."). Specifically, where—as here—a motion for sanctions is premised on the underlying merits of a state court action, the movant "cannot try to prove in federal court what he failed to prove in state court." *Id.* A motion for sanctions in this Court is not the appropriate mechanism to test and probe Plaintiffs' allegations that the operation of Kentucky law works as their state court suit alleges.

Courts within the Sixth Circuit have similarly found that a sanctions motion premised on the merits of an underlying state court suit is premature and should be denied. *See, e.g.*, *Swagelok Co. v. Patterson*, 2019 WL 1903588, *2 (N.D. Ohio Apr. 29, 2019) ("Patterson and Amourgis & Associates also seek sanctions based upon the filing of the complaint. However, the argument for sanctions is dependent upon a finding that the state court judgment is correct. As the state court proceedings have not come to a full and final conclusion, the motion for sanctions is premature.

Accordingly, the motion for sanctions (Doc. 40) is DENIED WITHOUT PREJUDICE."); *180 Industrial, LLC v. Brunner Firm Co., LPA*, 2018 WL 11432484 (S.D. Ohio Dec. 17, 2018) (holding that the resolution of a sanction motion warrants staying the case pending the outcome of the parallel state court proceedings); *Wolgast v. Richards*, 463 B.R. 445, 451 (E.D. Mich. 2012) (noting that "the judge need not impose [sanctions] posthaste," particularly when the underlying merits of the motion are inextricably intertwined with the merits of a separate, collateral, or ancillary proceeding).

Other courts, too, have held that a sanctions motion premised on ancillary state court proceedings should—at minimum—be stayed or held in abeyance pending the resolution of the collateral or ancillary proceeding. *E.g.*, *Fiala v. B & B Enters.*, 738 F.3d 847, 852 (7th Cir. 2013) (holding that appropriate course is to stay pending motion for sanctions when it is contingent on the outcome of state court proceedings); *Brice v. Hoffert*, 2019 WL 3712013, *1 (E.D. Penn. Aug. 7, 2019) (noting that even after the appellate court decided that a decision on the sanctions motion was required, the district court "stayed pending resolution of the state court proceedings" because the claims pending in state court were ongoing).

The Seventh Circuit's discussion in *Fiala* is particularly instructive. There, the district judge denied a motion for sanctions based upon identical allegations that were pending in a state court action. 738 F.3d at 852. Specifically, the district judge stated that it would be improper for him to "jump the gun" and prematurely decide a sanctions motion that was based upon the allegations being adjudicated in state court. *Id.* ("When the judge dismissed that claim, he relinquished supplemental jurisdiction over the state-law claims and remanded them to state court, where they are pending. Having done so he denied the Rule 11 motion on the ground that if he imposed sanctions for 'objectively groundless factual allegations of fraud and lying and conspiracy

and theft and it turns out that Mr. Fiala prevails in state court[,] I'd look kind of foolish for jumping the gun, and I'd be stepping on the toes of the state court judge, and I don't think it's appropriate to do that.'"). While the Seventh Circuit concluded that a denial of the motion was unwarranted, it nevertheless held that the appropriate course of action in such a scenario was to stay decision on the motion pending the outcome of the state court proceeding. *Id.* ("What the district judge should have done, given his uncertainty about the merits of the motion and his belief that the state court litigation might cast light on those merits, was to stay action on the motion pending findings in the state case that might undermine or bolster it."); *id.* ("So the judge wasn't wrong to think that state court findings could affect the merits of the Rule 11 motion, and therefore he could have waited to rule on the motion, though he should not have denied it outright."). The same is true here. Resolution of Plaintiffs' state court suit will directly impact and be potentially dispositive of Plaintiffs' claim in the Motion here. For that reason, the Court should deny Plaintiffs' Motion or otherwise stay action on it pending resolution of the state court suit.

## II. Plaintiffs' contention that Davis's responses to discovery requests were false or perjurious are likewise bound up with the merits of the pending state court suit against which Davis has a due process right to defend.

Plaintiffs contend in their Motion that Davis's discovery responses were knowingly false. (Doc. 201, at 5–7.) This contention, too, is contingent entirely upon the state court action, and should not be decided by this Court.

### A. Materially false or perjurious answers require a finding of specific intent and cannot be the result of confusion, mistake, or misunderstanding.

A party seeking sanctions for conduct it claims was materially false or abusive of the discovery process, as Plaintiffs contend here (Doc. 201, at 7), must demonstrate that the party against whom sanctions are sought acted in bad faith, willfully, or with fault. *See Ricci v. Scott*, 2026 WL 1147611, *10 (W.D. Ky. Apr. 28, 2026). That, in turn, requires a showing that the

allegedly offending party "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his or her conduct on the proceedings." *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013). A discovery response that is the result of confusion, mistake, faulty memory, or misunderstanding is not a materially false or perjurious answer. *See, e.g.*, *United States v. Boring*, 557 F.3d 707, 712 (6th Cir. 2009) ("The elements of perjury are 'false testimony concerning a material matter with the willful intent to provide false testimony, rather than the result of confusion, mistake, or faulty memory.'" (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)). *See also United States v. Chance*, 306 F.3d 356, 390 (6th Cir. 2002) (same).

Plaintiffs' allegations of bad faith and fault depend entirely upon the merits of Plaintiffs' claims in the state court suit. If Kentucky law provides an answer different than what Plaintiffs claim in the state court suit and here, the merits of Plaintiffs' allegations in the Motion will necessarily be incorrect. The entirety of the claims here depend on operation of Kentucky law currently being adjudicated in Kentucky state court.

**B. Because the merits of Plaintiffs' Motion here are inextricably bound up with the merits of their state court claims, the Motion must be denied or held in abeyance pending resolution of the state court suit.**

As demonstrated *supra* Section I.A, Plaintiffs' state court claims against Davis and six other state court defendants (*see* Doc. 201–1, at 1) are entirely premised on the application of Kentucky state law. Whether the alleged transfers were from Davis is contingent on the proper interpretation and application of Kentucky law. Whether the alleged assets were those of Davis is contingent on the proper interpretation and application of Kentucky law. Whether the alleged recipients of those alleged transfers of alleged assets were not otherwise entitled to such alleged property is contingent on the proper interpretation and application of Kentucky law. Whether Kentucky law provides Davis or any of the other six defendants in the state court action with

merited and substantial defenses to Plaintiffs' claims is contingent on the proper interpretation and application of Kentucky law. And whether Davis had any claim to or priority over such alleged assets is contingent on the proper interpretation and application of Kentucky law.

Moreover, whether Davis knew, understood, and recognized the alleged requirements, application, or construction of Kentucky law as it relates to each of these allegations materially bears on whether Plaintiffs' contentions concerning materially false answers can be proved. Of course, it goes without saying that if Plaintiffs' allegations in the state suit prove unsupported by fact or Kentucky law, or if there is some other defense to the claims asserted in that state suit that requires a finding in Davis's or the other defendants' favor, then Plaintiffs' claims and contentions about Davis's answers here would necessarily fail. But the crux of the matter is that Plaintiffs' contentions here are inextricably bound up with the merits of their underlying state court claims. Until that matter is resolved, the Court should deny Plaintiffs' Motion or otherwise hold it in abeyance pending resolution of Plaintiffs' state court suit.

## CONCLUSION

For the foregoing reasons, and because Plaintiffs' Motion is entirely premised and contingent upon the state law claims made in the sate court suit, the Court should deny the Motion, or hold it in abeyance pending the outcome of the state court suit.

Respectfully submitted,

/s/ Daniel J. Schmid

A.C. Donahue
Donahue Law Group, P.S.C.
P.O. Box 659
Somerset, Kentucky 42502
(606) 677-2741
ACDonahue@DonahueLawGroup.com

Mathew D. Staver
Horatio G. Mihet
Daniel J. Schmid
Liberty Counsel
P.O. Box 540774
Orlando, Florida 32854
(407) 875-1776
hmihet@LC.org
dschmid@LC.org
court@LC.org

*Attorneys for Defendant, Kim Davis*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of August, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Court. Service will be effectuated on all counsel of record via the Court's NEF/electronic notification system.

/s/ Daniel J. Schmid
Daniel J. Schmid