UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:15-CV-00046-DLB-EBA

DAVID ERMOLD, *et al.*, PLAINTIFF,

V. **ORDER**

KIM DAVIS, *et al.,* DEFENDANTS

*** *** *** ***

This matter is before the Court on Plaintiffs David Ermold and David Moores' (together "Plaintiffs") motion for an order compelling Defendant Kim Davis's ("Defendant") responses to post-judgment discovery requests, for sanctions against Defendant for serving false responses, and for an Order for Defendant to show cause as to why she should not be held in contempt for her false responses. [R. 201]. When this Court's judgment against the Defendant remained unsatisfied, Plaintiffs made post-judgment discovery requests upon Defendant seeking information concerning her assets, [R. 182], to which she responded and later supplemented, [R. 188, 195]. Now, Plaintiffs allege that after obtaining public records, they discovered that Defendant's previous responses to their requests regarding her assets were "materially false" as she did not disclose assets she acquired through intestate succession after her mother's death. [*See generally* R. 201]. In response, Defendant does not explain her lack of disclosure but instead argues that Plaintiff's motion is "premised on the merits of a pending state court suit," and should therefore "be denied or held in abeyance pending the outcome of the state court suit." [R. 202 at pg. 2, 6]. For the reasons that follow, the Court will grant in part and deny in part Plaintiffs' motion.

## I. Factual Background and Procedural History

On December 28, 2023, this Court entered a judgment against the Defendant in the amount

of $360,084.70. [R. 166]. Later, additional fees and costs totaling $205,201.21 were awarded. [R. 200]. The judgment remains unsatisfied. [R. 201 at pg. 2]. Due to this unsatisfaction, on August 26, 2025, Plaintiffs served the Defendant post-judgment interrogatories and document requests seeking information regarding Defendant's assets. [R. 182]. On November 13, 2025, Plaintiffs filed a motion to compel discovery responses and for sanctions against the Defendant. [R. 188]. But after filing, Defendant filed a notice of supplemental discovery and production of documents asserting that she provided complete answers, responses, objections, and documents responsive to Plaintiffs' post-judgment discovery. [R. 195 at pg. 1].

On February 13, 2026, the undersigned held a telephonic conference to discuss the sufficiency of Defendant's discovery responses and whether a dispute remained. [R. 196]. In that call, Defendant's counsel represented to this Court that, apart from a few documents she had been working on obtaining, Defendant had turned over every responsive document in her possession, custody, and control. Then, this Court denied Plaintiffs' motion to compel Defendant's responses to discovery, [R. 188], as moot. [R. 198]. Plaintiff's motion for sanctions was also denied. [*Id.*].

Following this ruling, Plaintiffs' counsel Joseph D. Buckles traveled to Morehead, Kentucky on July 13, 2026, to retrieve certified records from the Rowan County Clerk's Office, PVA, and District Court's probate file regarding Defendant's alleged assets. [R. 201 at pg. 2-3]. Some of the records Plaintiffs obtained included an Affidavit of Descent confirming Defendant's 50% inheritance of her mother's estate, the appointment of Defendant as a Co-Administrator of her mother's estate, an inventory of Defendant's mother's estate, and three deeds of conveyances listing Defendant as a grantor. [*See* R. 201-1 at pgs. 1-14, 23-37]. After review of these documents, Plaintiffs filed a voidable transfer action in state court relating to Defendant's three conveyances and then filed the instant motion in this matter. [R. 201 at pg. 3].

## II. Legal Standard

Under Rule 37, a party may move for an order compelling discovery after the movant in good faith conferred or attempted to confer with the other party trying to resolve the issue. FED. R. CIV. P. 37(a)(1). A motion to compel addresses situations in which "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents… as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). "An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The Court may impose "discovery sanctions against a party for providing incomplete discovery responses, including responses to Rule 34 document requests." *Caltrider v. Teva Sales & Mktg., Inc.*, No. 1:23-CV-536, 2025 U.S. Dist. LEXIS 250923, at *17 (W.D. Mich. Oct. 24, 2025) (quoting *Allstate Ins. Co. v. Papanek*, No. 3:15-CV-240, 2019 U.S. Dist. LEXIS 211330, at *10 (S.D. Ohio Dec. 9, 2019)). Ultimately, "Courts have great discretion in determining when to impose sanctions." *Dubuc v. Green Oak Twp.*, 482 Fed.Appx. 128, 133 (6th Cir. 2012).

## III. Analysis

### 1. Defendant's Jurisdictional Argument

As a preliminary matter, the Court will address the Defendant's claim that the Plaintiffs' motion is contingent on the merits of the Plaintiffs' state court action for voidable transfer and should therefore be denied or held in abeyance. [R. 202 at pgs. 2, 6]. Pursuant to KRS §§ 378A.040(1)(a) and 378A.040(1)(b), Plaintiffs allege in their state court action that Defendant conveyed real property while Plaintiffs' claim was outstanding either with actual intent to hinder, delay, or defraud Plaintiffs, or without reasonably equivalent value in exchange making each transfer voidable to the extent necessary to satisfy Plaintiffs' claim. [R. 201-1 at pgs. 9, 10]. Here, the Court finds that Plaintiffs' motion to compel is wholly independent from any resolution that

the State Court Action may have. This Court is not asked whether Defendant's conveyances were voidable. In the present action, the only thing this Court must do is to determine whether Defendant's discovery responses were incomplete given the mere existence of these records. Finding no jurisdictional issue, the Court will now consider Plaintiff's motion.

**2. The Plaintiffs' Motion**

Plaintiffs allege that Defendant failed to completely respond to six discovery requests. [R. 201 at pgs. 3-4]. The relevant interrogatories asked Defendant to "identify each property you own or in which you have an interest," "identify each transfer, including gifts, of funds and other assets that you have made… in the past five years… [more] than two thousand dollars," and "identify all trusts of which you are a beneficiary." [R. 201-2 at pgs. 5, 7-8]. The relevant document requests asked Defendant to produce documents "relating to any other real property you own, including deeds," "reflecting transfers of property or assets made by you… in the past five (5) years… exceeding $1,000," and "reflecting any trusts or estate interests where you were designated as a beneficiary." [R. 201-3 at pgs. 6-8]. In short, Defendant's responses to those requests were that she "owns no real property" or any interest in real property, "made no transfers" that exceeded $2,000, and "is not designated as a beneficiary in any trust or estate," and therefore produced no correlating responsive documents. [R. 201-2 at pgs. 5, 7; R. 201-3 at pgs. 6-8]. The Defendant's responses were made on December 3, 2025, and supplemented on January 28, 2026. [*See* R. 201 at pg. 3].

The certified public records that Plaintiffs provided include three deeds showing that Defendant conveyed her interests in three parcels of her mother's estate to family members in April and May of 2025—before Defendant was served with post-judgement discovery. [R. 201-1 at pgs. 23-37]. The Records also provide evidence showing Defendant's 50% inheritance of her

mother's estate. [R. 201 at pg. 4]. These records fall squarely within the scope of the Plaintiffs' discovery requests seeking Defendant's trust or estate interests, real property interests, and any transfers over $2,000 made within the past five years. Defendant had an obligation under Rule 37(d) to provide complete responses and an obligation under Rule 26(e) to "supplement or correct its disclosure or response" in "a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." FED. R. CIV. P. 26(e), (e)(1)(A). Instead, Defendant violated the Rules by not disclosing her assets and providing no responsive documents.

Defendant does not deny the existence of these certified public records, does not address if or why these documents are outside of the scope of Plaintiffs' requests, and gives no reason for not producing complete responses and documents. [*See* R. 202]. In utilizing its discretion, the Court will grant the Plaintiffs' request for an order to show cause as to why Defendant should not be sanctioned, but to the extent that Plaintiffs request contempt of Court, Plaintiffs' request is denied. Accordingly,

**IT IS ORDERED** that Plaintiffs' motion, [R. 201], is **GRANTED IN PART** and **DENIED IN PART.** The Court **ORDERS** as follows:

1. The Plaintiffs' motion to compel, [R. 201], is **GRANTED** to the extent that Defendant Kim Davis **SHALL** serve full and complete responses to Plaintiffs' Interrogatories Nos. 4 and 8 and Document Requests Nos. 6, 8, and 10, along with any other deficiencies needing to be cured by no later than **November 16, 2026.**
2. The Plaintiff's motion for an order to show cause as to why Defendant should not be sanctioned, [R. 201], is **GRANTED**, and **DENIED** to the extent that Plaintiffs request contempt of Court. Defendant Kim Davis shall **SHOW CAUSE** by no later than **November 16, 2026**, as to why she should not be sanctioned.

Signed November 6, 2026.

**Signed By:**

***Edward B. Atkins*** EBA

**United States Magistrate Judge**