**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**

| | | |
|---|---|---|
| **DAVID ERMOLD, ET AL.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs,** | : | **0:15-CV-00046-DLB** |
| | : | |
| **v.** | : | **DISTRICT JUDGE** |
| | : | **DAVID L. BUNNING** |
| **KIM DAVIS, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

---

**DECLARATION OF KIM DAVIS**
**IN SUPPORT OF DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER**

I, Kim Davis, hereby declare as follows:

1. I am over the age of 18 years and of sound mind and memory. The information provided in this Declaration is true and correct to the best of my knowledge, and if called to testify to it, I would and could do so competently.

2. I am the Defendant in this action and signed the interrogatory responses and responses to the requests for production.

3. My attorneys in this case provided me with the Plaintiffs' Post-Judgment Discovery Requests and asked for me to provide the answers to the interrogatories and the documents responsive to the requests to the best of my knowledge and understanding, and that I provide truthful answers to each one. The answers I provided to my attorneys and that they provided to the Plaintiffs were true and correct to the best of my knowledge.

4. I am not now, nor have I ever been the beneficiary of any trust.

5. My response to Interrogatory No. 10, which was provided in full in my First Supplemental Responses and Objections to Plaintiff's Post-Judgment Discovery, stated that I am

"not the beneficiary of any trust," and my response to Request for Production No. 10, which was provided in full in the Second Supplemental Responses and Objections to Plaintiff's Post-Judgment Discovery, stated that I have no responsive documents to the request because I was not the beneficiary of any trust. My responses were true then and are true now to the best of my knowledge. I cannot identify any trust in which I am named beneficiary because there is no such trust.

6. In Interrogatory No. 4, I was asked to identify any property that I own. In my First Supplemental Responses and Objections to Plaintiff's Post-Judgment Discovery, I stated that I own no property and have no interest in any property. My response was and is true and correct to the best of my knowledge.

7. In my response to Request for Production No. 6, which was provided in full in my Second Supplemental Responses and Objections to Plaintiff's Post-Judgment Discovery, I stated that I own no real property and thus did not have any documents responsive to this Request. My response was and is true and correct to the best of my knowledge.

8. In my Second Supplemental Responses and Objections to Plaintiff's Post-Judgment Discovery, in response to Request for Production No. 8, I stated that the only transfer valued over $1,000.00 was the assumption of debt by Charles M. Davis, which I more fully discussed in response to Interrogatory No. 13. My response was and is true and correct to the best of my knowledge.

9. In my First Supplemental Responses and Objection to Plaintiff's Post-Judgment Discovery, in response to Interrogatory No. 8, I stated that I have "made no personal transfers of either gifts, funds, or other assets that exceed $2,000.00." My response was and is true and correct to the best of my knowledge.

10. I understand that the Plaintiffs in this action have challenged these answers on the basis that transfers of property that were owned solely and exclusively by my late mother were actually transfers that I made. I did not understand such an assertion to be true then, and I do not believe it is true now. If my understanding was incorrect or mistaken, my answers were not given out of any intent to deceive or to be untruthful, but rather were the product of my understanding at the time I provided my answers and my understanding even now.

11. My answers to the discovery requests that asked for answers and documents concerning transfers of property that I made personally reflected my honest and, what I believe is correct, knowledge of the information. I made no personal transfers of property that I owned because I was merely the conduit and administrator transferring property in the manner that my late mother explicitly stated was her desire. She articulated that desire to me and her family, and she was clear in her desires and intentions.

12. My late mother provided specific instructions to me and her family as to how she wanted her property distributed upon her passing. I did not receive anything from my mother's estate. She fully articulated her desire to her children that the properties be placed in trust with some of her grandchildren being the caretakers of properties that my family has had in its possession for many years with long familial ties. My mother's clearly stated intent was for the properties to be passed in a manner that recognized the generations as merely caretakers.

13. As such, I understood then and believe now that I was merely acting as an administrator of my mother's estate to execute her wishes to the best of my ability.

14. In accordance with the strict instructions provided to us by my late mother, a trust was created by an attorney in the Commonwealth of Kentucky to facilitate the distribution of my mother's estate in accordance with her wishes.

15. I was not then, am not now, and have never been intended as a beneficiary of that trust. I, along with my brother, were merely the ones that my mother tasked with ensuring that her estate passed in accordance with her wishes.

16. My mother specifically requested that the property be distributed in the manner in which it was distributed so that the caretaking of long familial property would continue to the subsequent generations of the family.

17. I had no intent then, and have no intent now, to avoid anything. I had no intent then, and have no intent now, to conceal anything or to otherwise answer in any way other than the truth. I understood my answers to be accurate reflections of the manner in which property was distributed in accordance with my mother's wishes.

18. When I answered that I owned no property, that was true because I do not and have not owned any property. The properties that were listed in the state-court suit belonged to my mother, and my brother and I ensured that they were given to the individuals that my mother requested receive them upon her passing. I loved my mother dearly and promised her that my brother and I would act in accordance with her wishes upon her passing. We did that by requesting the attorneys in the Commonwealth of Kentucky draft a trust document to distribute the properties in the manner that my mother desired.

19. I was not informed by those creating the trust that my understanding of the creation of a trust to administer my mother's estate had any meaning other than the one I understood to be true or that the effect was not the one I understood it to be, and I had no reason then and do not believe now that my understanding was not accurate or that my answers to these interrogatories and requests were not truthful and accurate. I believe them to be so.

20. If my understanding is determined to have been inaccurate or incomplete, it was neither incomplete nor inaccurate in my mind at the time that I gave each of my responses. I would never knowingly provide false answers, and I did not do so here. If my understanding was inaccurate, then it was completely and honestly the result of misunderstanding or mistake, but not intent.

21. To comply with the Court's Show Cause Order that my counsel has provided me, I offer this Declaration to explain my answers, the reasons for them, and the reasons why I believed then and believe now that my answers were true and accurate to the best of my knowledge. They were, indeed, answered to the best of my knowledge as I subscribed at the end of each response.

I declare under penalty of perjury under the laws of the United States and the Commonwealth of Kentucky that the foregoing statements are true and correct to the best of my knowledge.

/s/ Kim Davis
Kim Davis